FILED

MAY 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY<br>P.O. Box 51070<br>Akiachak, Alaska 99551<br>(907) 825-4626 | ) <br> ) <br> ) <br> ) <br> ) |
| CHALKYITSIK VILLAGE<br>P.O. Box 57<br>Chalkyitsik, Alaska 99788<br>(907) 848-8117 | ) <br> ) <br> ) <br> ) <br> ) |
| CHILKOOT INDIAN ASSOCIATION<br>P.O. Box 490<br>Haines, Alaska 99827<br>(907) 766-2323 | ) <br> ) <br> ) <br> ) <br> ) |
| TULUKSAK NATIVE COMMUNITY (IRA)<br>P.O. Box 95<br>Tuluksak, Alaska 99679<br>(907) 695-6420 | ) <br> ) <br> ) <br> ) <br> ) <br> ﹨ |
|        Plaintiffs,<br>   v. | CASE NUMBER  1:06CV00969 |
| UNITED STATES DEPARTMENT OF<br>   THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C. 20240 | JUDGE: Richard W. Roberts<br><br>DECK TYPE: Administrative Agency Review<br><br>DATE STAMP: 05/24/2006 |
| P. LYNN SCARLETT<br>Deputy-Secretary designee for the<br>Secretary of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240 | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|        Defendants. | ) <br> ) <br> ) <br> ) |

**COMPLAINT**

## INTRODUCTION

1.    This action seeks judicial review of 25 C.F.R. Part 151 as it pertains to federally recognized Tribes in Alaska.  This regulation governs the procedures used by Indian tribes and individuals when requesting the Secretary of the Interior to acquire title to land in trust on their behalf.  The regulation bars the acquisition of land in trust in Alaska other than for the Metlakatla Indian Community or its members.  The exclusion of all other Alaska Tribes from the scope of the regulation, including Plaintiffs the Akiachak Native Community, the Chalkyitsik Village, the Chilkoot Indian Association, and the Tuluksak Native Community, and the bar to the acquisition of trust title to land in Alaska is arbitrary, capricious, an abuse of discretion, unconstitutional and otherwise contrary to law.

2.    Plaintiff Tribes seek declaratory and injunctive relief preventing the Department of the Interior from excluding federally recognized Alaska Tribes from the regulation's land into trust petition process.  Plaintiff Tribes further seek from this court a declaration that the Secretary of the Interior has the authority to acquire lands in trust in Alaska on behalf of Alaska Tribes and their members; that Plaintiff Tribes are entitled to petition the Secretary under 25 C.F.R. Part 151 to have land in Alaska taken into trust; and, that the Secretary must give the same consideration to land in trust petitions in Alaska as would be given to other federally recognized tribes.

## JURISDICTION AND VENUE

3.    The United States District Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), 1361 and 1362.  As a source of authority for the remedies requested, Plaintiffs rely in addition on 5 U.S.C. § 702, 704 and 706, 28 U.S.C. §§ 2201-2203 and Rule 65 of the Federal Rules of Civil Procedure, as this is an action for injunctive relief to compel federal

officials to remove the bar to federally recognized Alaska Tribes from 25 C.F.R. Part 151's land into trust petition process.

4.    Venue is proper in the District of Columbia under 28 U.S.C. § 1391(a), (2) and (4). Defendant deputy-secretary designee Scarlett resides in the district and the cause of action arose in the district.

## PARTIES

5.    Plaintiff Akiachak Native Community is a federally recognized tribe recognized by the United States as a sovereign government with legal rights and responsibilities. Plaintiff Akiachak Native Community has a governing body duly recognized by the Secretary of the Interior. 70 Fed. Reg. 71194-71198 (Nov. 25, 2005). Plaintiff Akiachak Native Community is also recognized by the United States as a Tribe which is eligible for the special programs and services provided by the United States to Indians because of their status as Indians. *Id.* The Akiachak Tribe resides in the rural community of Akiachak on the Kuskokwim River in Southwest Alaska.

6.    Plaintiff Chalkyitsik Village is a federally recognized tribe recognized by the United States as a sovereign government with legal rights and responsibilities. Plaintiff Chalkyitsik has a governing body duly recognized by the Secretary of the Interior. 70 Fed. Reg. 71194-71198 (Nov. 25, 2005). Plaintiff Chalkyitsik is also recognized by the United States as a Tribe which is eligible for the special programs and services provided by the United States to Indians because of their status as Indians. *Id.* The Chalkyitsik Tribe resides in Chalkyitsik, a rural community located on the Black River in Northwestern, Alaska.

7.    Plaintiff Chilkoot Indian Association is a federally recognized tribe recognized by the United States as a sovereign government with legal rights and responsibilities. Plaintiff Chilkoot

Indian Association has a governing body duly recognized by the Secretary of the Interior. 70 Fed. Reg. 71194-71198 (Nov. 25, 2005). Plaintiff Chilkoot Indian Association is also recognized by the United States as a Tribe which is eligible for the special programs and services provided by the United States to Indians because of their status as Indians. *Id.* The Chilkoot Tribe resides in the rural community of Haines, in Southeast Alaska.

8.    Plaintiff Tuluksak Native Community (IRA) is a federally recognized tribe recognized by the United States as a sovereign government with legal rights and responsibilities. Plaintiff Tuluksak Native Community (IRA) has a governing body duly recognized by the Secretary of the Interior. 70 Fed. Reg. 71194-71198 (Nov. 25, 2005). Plaintiff Tuluksak Native Community (IRA) is also recognized by the United States as a Tribe which is eligible for the special programs and services provided by the United States to Indians because of their status as Indians. *Id.* The Tuluksak Tribe resides in the rural community of Tuluksak on the Kuskokwim River in Southwest Alaska.

9.    Defendant United States Department of the Interior is the federal agency charged with primary supervision of Indian Affairs for the federal government.

10.    Defendant P. Lynn Scarlett is the deputy-secretary designee for the Secretary of the Interior of the United States, until nominee Dirk Kempthorne is confirmed as Secretary of the Interior by Congress.

## FACTUAL BACKGROUND

11.    In 1934, as part of the Indian Reorganization Act of 1934 ("IRA," ch. 576, 48 Stat. 984), Congress in section 5 authorized the Secretary of the Interior to take real property into trust on behalf of Tribes and individual Indians (IRA § 5, 25 U.S.C. 465); and in section 7 empowered the

Secretary to declare newly acquired lands Indian reservations or to add them to existing reservations. IRA § 7, 25 U.S.C. 467.

12.    In 1936, the IRA was amended to facilitate its application to the Territory of Alaska. Act of May 1, 1936 c. 254, 49 Stat. 1250. Section 1 of the 1936 amendments extended sections 1, 5, 7, 8, 15, and 19 of the IRA to Alaska.   Section 2 of the 1936 amendments gave the Secretary authority to designate certain lands in Alaska as reservations but placed special conditions on Secretarial creation of any new reservations in Alaska. A total of six reservations were created in Alaska pursuant to the Act. *See* Alaska Native Management Report, Vol. 2, No. 9 (May 15, 1973) at 5.

13.    In 1971, Congress enacted the Alaska Native Claims Settlement Act (ANCSA), 43 U.S.C. § 1601 *et seq.*, which, *inter alia*, revoked all existing reservations in Alaska (except for the Metlakatla Reserve). 43 U.S.C. § 1618(a).  ANCSA did not repeal any portion of the IRA, nor any portion of the 1936 amendments.

14.    In 1976, Congress enacted the Federal Land Policy Management Act (FLPMA) (Act of October 21, 1976, P.L. 94-579, 90 Stat. 2743 (1976). Section 704(a) of FLPMA repealed section 2 of the 1936 amendments (the amendments which had placed conditions on the Secretary's creation of new reservations in Alaska , 90 Stat. 2792, repealing 25 U.S.C. § 496). Section 704(a) of FLPMA did not repeal any other part of the IRA or the 1936 IRA Amendment, nor otherwise amend or repeal the amended IRA's application to Alaska.

15.    In 1978, an Opinion by then Associate Solicitor for Indian Affairs Thomas Fredericks ("Fredericks Opinion"), opined that ANCSA precluded the Secretary from taking land into trust for Natives in Alaska. *See* Trust Land for the Natives of Venetie and Arctic Village, Memorandum to

Complaint
Case: 1:01_____ CV                                                      Page 5 of 16

Assistant Secretary, Indian Affairs from Associate Solicitor, Indian Affairs, Thomas W. Fredericks (September 15, 1978).

16. In 1980, the Department of the Interior issued detailed regulations under the IRA governing the Secretary's process for considering tribal requests under section 5 of the IRA to place Indian-owned land in trust status. *See generally,* 25 C.F.R. § 151 (as reorganized). Those regulations expressly excluded acquisition of land by the Secretary in trust status for Tribes or Tribal members situated in the State of Alaska, except for land acquisitions for the Metlakatla Indian Community of the Annette Island Reserve or its members. 25 C.F.R. § 151.1. The general exclusion of Alaska Tribes and Tribal members from the Part 151 Trust Lands Regulations further prohibits the Secretary from taking land into trust for any Alaska Tribe other than the Metlakatla Indian Community. The Department's preclusion of Alaska Tribes (other than Metlakatla) from the Part 151 Trust Lands Regulations was based upon the 1978 Fredericks Opinion. *See,* 64 Fed. Reg. 17578.

17. On October 11, 1994, Plaintiff Chilkoot Indian Association, along with other Tribes, filed a petition for rulemaking with the Secretary of the Interior requesting that the Secretary revise the Part 151 Trust Lands Regulations to include lands in Alaska. The petitioning Tribes further urged the Secretary to revoke the Fredericks Opinion as erroneous and contrary to existing law.

18. On January 5, 1995, the agency published notice of the Tribes' petition and requested comment on the petition for rulemaking concerning Alaska Native land acquisitions. 60 Fed. Reg. 1956 (1995).

19.    On April 12, 1999, the Secretary proposed a revision to Part 151 Trust Lands Regulations in the Federal Register. 64 Fed. Reg. 17574-17588. The notice of proposed rule making (NPRM) specifically addressed discretionary land acquisitions in Alaska as follows:

> Both the current and the proposed regulations bar the acquisition of trust title in land in Alaska, unless an application for such acquisition is presented by the Metlakatla Indian Community or one of its members. (The lands of the Metlakatla Indian Community comprise the only Native land in Alaska currently designated as a "reservation" by the federal government.) The regulatory bar to acquisition of title in trust in Alaska in the original version of these regulations was predicated on an opinion of the Associate Solicitor, Indian Affairs ("Trust Land for the Natives of Venetie and Arctic Village," September 15, 1978), which concluded that the Alaska Native Claims Settlement Act (ANCSA) precluded the Secretary from taking land into trust for Natives in Alaska (again, except for Metlakatla).

> Although that opinion has not been withdrawn or overruled, we recognize that there is a credible legal argument that ANCSA did not supersede the Secretary's authority to take land into trust in Alaska under the IRA (see relevant IRA provision at 25 U.S.C. 473a). See also the Petition of Chilkoot Indian Association, Native Village of Larsen Bay, Kenaitze Indian Tribe, requesting the Department to undertake a rulemaking to remove the prohibition of taking land in trust in Alaska (60 FR 1956 (1995).

64 Fed. Reg. at 17578.

20.    The NPRM explicitly invited comment on the continuing validity of the prohibition, the Associate Solicitor's opinion, and issues raised by the Tribes' petition noticed at 60 Fed. Reg. 1956 (1995). 64 Fed. Reg. at 17578.

21.    Plaintiffs submitted timely comments in response to the proposed rule on November 10, 1999, once again urging the Secretary to revoke the general regulatory bar to the acquisition of trust land in Alaska.

22.   On January 16, 2001, the Secretary published a final rule amending Part 151 Trust

Lands Regulations. 66 Fed. Reg. 3452-3466. Specifically addressing the comments submitted by

the petitioning Alaska Tribes, the agency stated:

> There were several comments concerning the authority to take land into trust in
> Alaska. The preamble to the proposed rule addressed in some detail the question of
> whether to continue the bar in the existing regulations to the acquisition of trust title
> in land in Alaska (other than for the Metlakatla Indian Community or its members).
> See 64 FR 17577-78 (1999). As the discussion there indicated, the Department had
> earlier received, and invited public comment on (See 60 FR 1956 1995)), a petition
> by Native groups in Alaska which requested that the Department initiate a
> rulemaking to remove the prohibition on taking Alaska land in
> trust. That discussion also noted that the Associate Solicitor for Indian Affairs has
> concluded, in a brief September 15, 1978 Opinion, that the Alaska Native Claims
> Settlement Act (ANCSA) precluded the Secretary from taking land into trust for
> Natives in Alaska (except for Metlakatla).
>
> The Solicitor has considered the comments and legal arguments submitted by Alaska
> Native governments and groups and by the State of Alaska and two leaders of the
> Alaska State Legislature on whether the 1978 Opinion accurately states the law. The
> Solicitor has concluded that there is substantial doubt about the validity of the
> conclusion reached in the 1978 Opinion . . . . Accordingly, the Solicitor has signed
> a brief memorandum rescinding the 1978 Opinion.

66 Fed. Reg. 3454.

23.   Notwithstanding the rescission of the Fredericks Opinion, the final rule

continued in place the Alaska prohibition against acquisition of trust lands in Alaska.

However, the final rule explained the decision to continue the prohibiton as a temporary

measure:

> the position of the Department has long been, as a matter of law and policy, that
> Alaska Native lands ought not to be taken in trust. Therefore, the Department has
> determined that the prohibition in the existing regulations on taking Alaska lands
> into trust (other than Metlakatla) ought to remain in place for a period of three years
> during which time the Department will consider the legal and policy issues involved
> in determining whether the Department ought to remove the prohibition on taking
> Alaska lands into trust.

Complaint
Case: 1:01_____ CV

66 Fed. Reg. 3454.

24.    On January 20, 2001, George W. Bush was sworn in as President. On the same day President Bush's Administration ordered a delay in the effective date of these and all other pending regulations in order to allow for review by the President's new appointees. On November 9, 2001, the Secretary of the Interior formally withdrew the final rule noticed at 66 Fed. Reg. 3452. *See*, 66 Fed. Reg. 56608.

25.    Part 151 Trust Lands rule maintains the regulatory prohibition against taking lands into trust status in Alaska (except for Metlakatla) notwithstanding the Department's withdrawal of the 1978 Fredericks Opinion which formed the basis for that prohibition bar.

26.    The regulatory prohibition thus prohibits Plaintiffs from petitioning the Secretary to take lands into trust, and prohibits the Secretary from acting favorably on any such petition.

## AKIACHAK NATIVE COMMUNITY FACTS

27.    The Akiachak Native Community is comprised of some 700 tribal members who live approximately 18 miles northeast of Bethel in western Alaska.  The community is located on the west bank of the Kuskokwim River, in the Yukon-Kuskokwim Delta. Akiachak can be reached only by air and water.

28.    Akiachak incorporated as a second class city in 1974, but the city government was dissolved in 1987 in favor of traditional village council governance.

29.    Studies have shown that local prohibition of alcohol combined with the presence of local police is associated with a decreased incidence of serious injury in isolated Alaska Native villages. *See*, Darryl S. Wood & Paul J. Gruenewald (2006), *Local alcohol*

*prohibition, police presence and serious injury in isolated Alaska Native Villages.* Addiction, 101, 393 - 403.

30.    The Akiachak Native Community tribal government has banned the possession of alcohol in Akiachak. To enforce the ban on alcohol and to provide a police presence in the community, the tribal government employs four public safety officers with money derived from a local sales tax.

31.    In 1990, the Bureau of Land Management, as trustee for the townsite of Akiachak, conveyed title of a number of townsite properties to the Akiachak Native Community for the benefit of the village inhabitants.

32.    The Akiachak Native Community wishes to place these townsite lands in trust to enhance the tribal government's enforcement of its alcohol ban. Under 25 C.F.R. Part 151.1, Akiachak Native Community is not entitled to petition the Secretary to request that its land be acquired in trust.

## CHALKYITSIK VILLAGE FACTS

33.    Chalkyitsik Village is comprised of some 200 members who live in an isolated rural community on the Black River about 50 miles east of Fort Yukon in Northwestern, Alaska. Chalkyitsik can only be reached by air and water.

34.    In 1982 the Chalkyitsik tribal government banned the possession of alcohol in Chalkyitsik. To enforce its ban on alcohol Chalkyitsik petitioned the Department of the Interior under the Federal Indian Liquor Laws (Act of August 15, 1953, 67 Stat. 586, 18 U.S.C. § 1161), which governs the application of such laws within Indian country.

35.    On May 12, 1983, the Department of the Interior published Chalkyitsik's ordinance prohibiting the introduction, possession, and sale of intoxicating beverages in Chalkyitsik, and authorized the First Chief of Chalkyitsik to request federal enforcement of 18 U.S.C. § 1161 in the event the ordinance is violated. *See* 48 Fed. Reg. 21378 (May 12, 1983).

36.    The Notice designated the Chalkyitsik Village townsite lands as the boundaries for purposes the liquor ordinance's application. *Id.* Chalkyitsik Village townsite lands were designated as Indian country for purposes of enforcement of 18 U.S.C. § 1161. *Id.*

37.    In 1998, the United States Supreme Court narrowed the scope of Indian county in Alaska by holding that after the enactment of ANCSA, Indian lands are only Indian country if they are "validly set apart for the use of Indians as such," and remain under the superintendence of the federal government. *See, Alaska v. Native Village of Venetie Tribal Government*, 522 U.S. 520 (1998).

38.    Since the *Venetie* decision, Chalkyitsik has been unable to assert undisputed jurisdiction over its lands or request federal enforcement of its alcohol pursuant to 18. U.S.C. § 1161.

39.    Chalkyitsik wishes to place its townsite lands in trust so that it can request federal enforcement under 18 U.S.C. § 1161 of its liquor ordinance. Under 25 C.F.R. Part 151.1, Chalkyitsik is not entitled to petition the Secretary to request that its land be acquired in trust.

## CHILKOOT INDIAN ASSOCIATION FACTS

40.    The Chilkoot Indians have lived in the area now known as Haines from time immemorial. When the first Russians came to the Chilkoot Valley in the 1800s, it was populated by the Chilkoot who owned and controlled the trails between the coast and the Interior. Originally, Haines was called "Dtehshuh" which meant "end of the trail" in the Native language.

41.    Haines is located on the shore of Lynn Canal on the narrow Chilkat Peninsula between Chilkoot and Chilkat Bays. In 1879, S. Hall Young, a Presbyterian missionary, and John Muir, the naturalist, visited the area. They made plans for a Christian town with a mission and school to be operated for the benefit of the local Chilkoot Indians. In 1881, a site was selected, and Young received permission from the Chilkoot Indians to build a mission at the crossroads area known as Da-Shu. In 1884, the Willard Mission was renamed Haines when the post office was established.

42.    In 1994, the Presbyterian Church conveyed seventy-three acres of land that had formerly been part of the Mission back to the Chilkoot Indians. The land, although undeveloped, is within close proximity to the City of Haines.

43.    The Chilkoot Indian Association wishes to have this land placed in trust in order to ensure its protection for future generations of tribal members. Under 25 C.F.R. Part 151.1, Chilkoot is not entitled to petition the Secretary to request that its land be acquired in trust.

Complaint
Case: 1:01_____ CV                                                    Page 12 of 16

## TULUKSAK NATIVE COMMUNITY FACTS

44.    The Tuluksak Native Community is comprised of some 353 tribal members who live in an isolated rural community approximately 35 miles northeast of Bethel in Western Alaska. The community is located on the south bank of the Tuluksak River where it meets the Kuskokwim River. Tuluksak can be reached only by air and water.

45.    In 1983, the Society of the United Brethren for Propagating Gospel Among the Heathen, quit-claim deeded a tract of land that had once been known as the Moravian Mission Reserve to the City of Tuluksak. In 1997, lands owned by the City of Tuluksak were then transferred to the Tuluksak Native Community when the City dissolved. Part of the tribal fee lands have been used to build badly needed housing. The remaining parcel has special historic significance for the tribe. As such, the Tuluksak Native Community wishes to place the land in trust to assure its continued protection against state and borough taxation. Under 25 C.F.R. Part 151.1, Tuluksak Native Community is not entitled to petition the Secretary to request that its land be acquired in trust.

## FIRST CAUSE OF ACTION

46.    Plaintiffs reallege paragraphs 1 through 45 as if fully set forth herein.

47.    The regulatory bar which prohibits Plaintiffs from having the Defendants take property in trust or restricted status, while other federally recognized tribes are allowed to do so, is a violation of 25 U.S.C. § 476 (f) & (g).

## SECOND CAUSE OF ACTION

48.    Plaintiffs reallege paragraphs 1 through 47 as if fully set forth herein.

49.   The regulatory bar which prohibits Plaintiffs from having the Defendants, take their property into trust or restricted status, while other federally recognized tribes are allowed to do so, is a violation of due process under the 5th Amendment of the United States Constitution.

## THIRD CAUSE OF ACTION

50.   Plaintiffs reallege paragraphs 1 through 49 as if fully set forth herein.

51.   The regulatory bar which prohibits Plaintiffs from having the Defendants take their property into trust or restricted status, while other federally recognized tribes are allowed to do so, is arbitrary and capricious in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

I.   Plaintiff Tribes request a judgment declaring that 25 C.F.R. Parts 151 and 152, insofar as they bar Plaintiffs from petitioning to have land taken into trust status in Alaska on their behalf, violates 25 U.S.C. § 476(f) and (g).

II.   Plaintiff Tribes request a judgment declaring that 25 C.F.R. Parts 151 and 152, insofar as they bar Plaintiffs from petitioning to have land taken into trust status in Alaska on their behalf, violates the due process under the Fifth Amendment of the United States Constitution.

III.   Plaintiff Tribes request a judgment declaring that 25 C.F.R. Parts 151 and 152, insofar as they bar Plaintiffs from petitioning to have land taken into trust status in Alaska

on their behalf, do so arbitrarily, capriciously, in excess of the Secretary's authority, or otherwise contrary to law.

IV.    Plaintiff Tribes request an injunction directing Defendants to implement the acquisition of land into trust procedures without regard to the bar against Alaska tribes as currently contained in 25 C.F.R. Part 151.1.

V.    Plaintiff Tribes request an injunction directing Defendants to accept and consider Plaintiffs' request to have lands in Alaska taken into trust or restricted status.

VI.    Plaintiff Tribes request that this Court award Plaintiffs costs and attorney's fees incurred in bringing this action pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412; and

VII.    Plaintiff Tribes request that this Court award Plaintiffs any and all other relief the Court determines to be appropriate and proper.

DATED this 24th day of May, 2006.

Richard A. Guest
D.C. Bar No. 477572
Native American Rights Fund
1712 N Street, N.W.
Washington, D.C.  20036
(202) 785-4166

Heather Kendall Miller
Alaska Bar No. 9211084
Native American Rights Fund
420 L Street, Suite 505
Anchorage, Alaska  99501
(907) 276-0680

Attorneys for the Plaintiffs

Complaint
Case: 1:01_____ CV                                    Page 15 of 16