**Westlaw.**

Not Reported in F.Supp.2d                                                                                          Page 1

Not Reported in F.Supp.2d, 1999 WL 1567731 (D.D.C.), 48 ERC 1639
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents

United States District Court, District of Columbia.
NATIONAL WILDLIFE FEDERATION Plaintiff
v.
Dr. Joseph WESTPHAL, et al., Defendants.
**No. Civ.A. 98-2700(EGS.**

March 3, 1999

*MEMORANDUM OPINION AND ORDER*

SULLIVAN, J

I. Background

*1 Plaintiff the National Wildlife Federation, pursuant to the Administrative Procedure Act 5 U.S.C. § 702 ("APA"), challenges the decision of the Army Corps of Engineers ("Corps") approving the Big Sunflower River Maintenance Project ('the project") in northwestern Mississippi. Plaintiff alleges that the Corps' decision violates the Water Resources Development Acts of 1986 and 1996, 33 U.S.C. § 2201 *et seq.;* and the National Environmental Policy Act, 42 U.S.C § 4231 *et seq*

Defendants have moved to transfer this case to the United States District Court for the Southern District of Mississippi on the grounds that the project lands are located in Mississippi; the decision was made in Mississippi by Mississippeans; and the documents regarding the decision are located in Mississippi. Plaintiffs oppose defendants' motion on the grounds that the parties' headquarters are located in the District; an APA challenge to an agency decision is limited to the administrative record; local considerations improperly influenced the Corps' decision; and because the anticipated effects of the project will transcend state boundaries.

Upon consideration of defendants' motion, plaintiff's response, and defendants' reply, it is hereby

ORDERED that defendants' motion is DENIED.

II. Discussion

The parties agree that venue is proper both in this Court and in the United States District Court for the Southern District of Mississippi. Under 28 U.S.C. § 1404(a), the Court in its discretion may transfer a case
[f]or the convenience of the parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought.

Defendant "bears the burden of establishing that the transfer of this case is proper" because the factors balance in the defendant's favor, *Kafack v. Primerica Life Ins Co.,* 934 F.Supp. 3, 5 (D.D.C.1996), and against the deference generally accorded the plaintiff's choice of forum. See *Armco Steel Corp. v CSX Corp,* 790 F.Supp. 311, 323 (D.D.C.1991)

Defendants have failed to persuade the Court that it would be more convenient for this case to be brought in Mississippi nor that the interests of justice weigh in favor of the transfer. Rather, the convenience of the parties dictates that this case should remain here since defendants concede that the Corps' statutory headquarters are located in the District, and the plaintiff maintains its national office here. Furthermore, the convenience of witnesses is not an issue in an APA challenge to an administrative decision because the Court is limited to the administrative record in reaching its decision. Although the complete administrative record may be located in Mississippi, plaintiff has already attached the portions of the record it believes are relevant to its claims to its motion for summary judgment.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2

Not Reported in F.Supp.2d, 1999 WL 1567731 (D.D.C.), 48 ERC 1639
**(Cite as: Not Reported in F.Supp.2d)**

The interests of justice further dictate that this case should not be transferred. Central to plaintiff's claims is the allegation that in making the decision at issue here, the Corps improperly allowed local considerations to override the national interest expressed in the statutes plaintiff alleges have been violated. Furthermore, although plaintiff concedes that the physical impacts of the project will primarily be felt in Mississippi, plaintiff contends that the effects of the project will transcend state boundaries. This court routinely reviews agency decisions sought under the APA. Furthermore, mindful of the allegations in the complaint here, this court appears to be the appropriate neutral forum in which to decide this case.

III. Conclusion

*2 Neither the convenience of the parties nor the interests of justice dictate that this case should be transferred to the United States District Court for the Southern District of Mississippi. Accordingly, it is hereby

ORDERED that defendants' motion to transfer is DENIED; and it is

FURTHER ORDERED that defendants' opposition to plaintiff's motion for summary judgment, filed December 1, 1998, shall be filed by no later than April 1, 1999; and that plaintiff's reply shall be filed by no later than April 15, 1999; and it is

FURTHER ORDERED that as this case is an administrative appeal, counsel are relieved of the requirement of filing a Rule 206 report.

Further proceedings will be scheduled as appropriate. IT IS SO ORDERED.

D.D.C.,1999
National Wildlife Federation v. Westphal
Not Reported in F.Supp.2d, 1999 WL 1567731 (D.D.C.), 48 ERC 1639

Briefs and Other Related Documents (Back to top)

• 1:98cv02700 (Docket) (Nov. 05, 1998)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.