UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Apache Tribe of the Mescalero Reservation,<br>  Plaintiff, | Civil Action No.: 96-115 |
| v. | |
| Janet Reno, Attorney General, Bruce Babbitt, Secretary of the Interior,<br>  Defendants. | Document No.: |

Order

Denying Plaintiff's Motion for a Temporary Restraining Order and Granting Defendants' Motion to Transfer

This matter comes before the court upon plaintiff's motion for a temporary restraining order and defendants' opposition thereto; defendants' motion to transfer this action to the United States District Court for the District of New Mexico; and plaintiff's opposition thereto. After careful consideration of the pleadings and the entire record herein, the court concludes that a temporary restraining order shall not be imposed because the movant has failed to establish that it will suffer irreparable injury; or that the public interest will be furthered by the granting of injunctive relief. Accordingly, plaintiff's motion for a temporary restraining order is denied.

In addition, the court concludes that defendants' motion to transfer shall be granted because the present action could have been brought in New Mexico and the interests of the parties and of potential witnesses; as well as the interest of justice dictate that the action be heard in that forum.

**EXHIBIT C**

## I. Background

Plaintiff, the Apache Tribe of the Mescalero Reservation ("Tribe"), resides in the state of New Mexico. The tribe operates the Casino Apache, a gambling enterprise located within the reservation. The Tribe owns and operates various types of gambling equipment. The casino and the gambling equipment are the subject of the present action. According to the tribe it is legally conducting gambling activities pursuant to a compact, it and other tribes reached with the Governor of New Mexico, Gary Johnson and subsequently approved by the Secretary of the Interior. This compact, however, was found to have no legal effect as a matter of state law by the New Mexico Supreme Court. State ex rel. Clark v. Johnson, 904 P.2d 11 (1995). That Court also found that all electronic gaming devices, slot machines and casino-style gaming are unlawful in the state of New Mexico. Citation Bingo, Ltd. v. Otten, No. 22,736 (N.M. Nov. 29, 1005). As a result, in December 1995, the United States Attorney for the District of New Mexico, advised ten New Mexico Tribes, that the gambling activities they were conducting were illegal in the state of New Mexico and were not the proper subject of a compact and thus in violation of federal criminal law.

The United States Attorney then advised the tribes, including plaintiff, that if they did not cease their gambling operations withing thirty days, complaints in civil forfeiture would be filed against them. As a result, nine of the tribes filed suit in New Mexico against the present defendants as well as the United States Attorney for the District of New Mexico and the United States. The parties in that suit reached a stipulation in which the Tribes agreed to close their casinos if the court in New Mexico found their enterprises to be illegal. The United States Attorney agreed not to initiate any criminal proceedings or forfeiture actions against the Tribes. Plaintiff, however, is not a party to the suit pending in New Mexico; it decided to proceed in this jurisdiction.

Plaintiff requests that the court issue a temporary restraining order that would prevent the defendants from taking any action which might interfere with plaintiff's gambling operation, including, but not limited to, the institution of any civil action to enjoin or to declare unlawful the Tribe's operation or to cause a forfeiture of any gambling device utilized in said operation.

Furthermore, the Tribe seeks to prevent the initiation of any criminal prosecution of any person associated with the Casino Apache.

## II. Discussion

### A. Temporary Restraining Order

A party seeking a temporary restraining order must establish that: (1) it has a substantial likelihood of succeeding on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) other interested parties will not suffer substantial harm if the injunction is granted; and (4) the public interest will be furthered by the injunction. Sea Containers Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C.Cir. 1989); see also Foundation on Economic Trends v. Heckler, 756 F.2d 143, 151 (D.C.Cir. 1985); Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C.Cir. 1977). After balancing the four factors, the court concludes that plaintiff has failed to establish that it will suffer irreparable harm if injunctive relief is not granted; or that the public interest will be furthered by the issuance of the temporary restraining order. The court finds it unnecessary to make explicit findings with respect to the other two elements since irreparable harm and the furtherance of a public interest have not been sufficiently established. The court notes, however, the substantial difficulty the plaintiff must overcome in order to succeed on the underlying merits of this case.

In order to establish irreparable harm justifying injunctive relief, a plaintiff must establish injury that is certain, great, and actual, not theoretical. Wisconsin Gas Co. v. Federal Energy Regulatory Commissions, 758 F.2d 669, 674 (D.C.Cir. 1985). The injury must be imminent, creating a "clear and present" need for equitable relief to prevent irreparable harm. Id. (internal citations omitted). Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time." Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931). Plaintiff must establish that the irreparable injury is likely to occur. The movant must therefore provide proof that the harm has occurred in the past and is likely to occur again, or proof indicating that the harm is certain to occur in the near future. Wisconsin Gas. Co., 758

3

F.2d at 674. Finally, the plaintiff must show that the alleged harm will directly result from the action which he or she seeks to enjoin. Id. Plaintiff has not made the requisite showing.

It is clear from the pleadings submitted by the parties for the court's consideration that the only threatened action is the filing of a civil forfeiture complaint by the government. Thus, plaintiff's reference to the United States Attorney's intention to close the casino and to seek forfeiture of the Tribe's gambling devices is not dispositive since it must be evaluated in light of the fact that in order to carry out the threatened action, the government would have to avail itself of civil forfeiture procedures. There are adequate remedies in civil forfeiture of which the plaintiff can avail itself. "The basis for injunctive relief in the federal courts has always been irreparable harm *and* inadequacy of legal remedies." Sampson v. Murray, 415 U.S. 61, 88 (1974) (emphasis supplied). Moreover, the United States Attorney in New Mexico does not intend the immediate seizure of any gambling equipment machines.[1] Further, the defendants have represented in the pleadings that they do not intend to interfere in any way with the casino's operations prior to the entry of a judgment of forfeiture in the District of New Mexico. Consequently, the court fails to see any imminent and irreparable harm to the interests of the Tribe. Finally, since the court is granting defendant's motion to transfer this action to the United States District Court for the District of New Mexico, plaintiff is free to seek injunctive relief in that forum.[2]

---

[1] Plaintiff requests that the court enjoin the defendants from instituting any criminal proceedings against any individual associated with Casino Apache. This is not an appropriate subject for the court to entertain. Newman v. United States, 382 F.2d 479, 480 (D.C.Cir. 1967); see also Shoshone-Bannok Tirbes v. Reno, 56 F.3d 1476, 1480 (D.C.Cir. 1995). Moreover, it is unlikely that any such proceedings will go forward prior to the court in New Mexico resolving the issue of the legality of the gambling operations.

[2] Plaintiff's argument regarding the public interest is premised on its position vis-a-vis the alleged irreparable harm that is to occur if injunctive relief is not granted. Consequently, the court does not credit it for the same reasons that plaintiff's position on the irreparable harm prong of the standard for the granting of a temporary restraining order fails.

4

## B. Transfer

The defendants seek to transfer this case to the state of New Mexico pursuant to 28 U.S.C. § 1404 (a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The defendants bear the burden of establishing that the transfer of this action is proper. Airline Pilots Ass'n v. Eastern Air Lines, 672 F.Supp. 525, 526 (D.D.C. 1987); Int'l Brotherhood of Painters & Allied Trades Union v. Best Painting & Sandblasting Co., 621 F.Supp. 906, 907 (D.D.C. 1985). Section 1404 (a) vests "discretion in the district court to adjudicate motions to transfer according to 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organizations, Inc. v. Ricoh Corp., 487 U.S. 22, 27 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The threshold determination under § 1404 (a) is whether the action might have been brought in New Mexico.

Plaintiff bases its claims on federal question jurisdiction, and venue is proper in New Mexico because the case involves governmental action that will impact the Tribe's gambling operation which is located there. See Martin-Trigona v. Meister, 668 F.Supp. 1, 4 (D.D.C. 1987). The venue statute, 28 U.S.C. § 1391 (e), holds that venue is proper in the "judicial district in which...a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." It is clear that the events giving rise to the claim have occurred in New Mexico and that the property being affected is similarly located there.

Accordingly, the court's inquiry proceeds to the issue of whether the case should be transferred based on the convenience of the parties, the convenience of the witnesses, and the interest of justice. The court is aware of the deference that should be given to plaintiff's choice of forum. Air Line Pilots Ass'n, 672 F.Supp. at 526 (internal citations omitted). However, the court is to give this factor significantly less deference when plaintiff files a law suit in a foreign forum, as plaintiff itself concedes. Martin-Trigona, 668 F.Supp. at 3. Plaintiff and its gambling

operation are located in New Mexico. All the individuals associated with the casino and the records pertaining thereto are located in New Mexico; the United States Attorney who is investigating the casino is also located there and any civil forfeiture actions will be brought in that jurisdiction. Plaintiff's reference to the fact that its lead counsel is located in the District of Columbia is immaterial. Under § 1404 (a), the court accords insignificant, if any, weight to the location of counsel. Armco Steel Co., L.P. v. CSX Corp., 790 F.Supp. 311, 324 (D.D.C. 1991). Consequently, for the convenience of the parties and the potential witnesses, this action should be transferred to New Mexico.

The court further concludes that the interest of justice favors the transfer of this case to New Mexico. As previously referenced above, an action is currently pending in New Mexico which involves the same issues of law as this action; the fundamental issue being the legality of casino gambling in New Mexico and the concomitant ability of ten Indian tribes to conduct gambling operations in that state.[3] The action in New Mexico involves the same defendants as those in this case. In addition, the two actions present similar factual backgrounds, claims and requests for relief. "A prime factor to be considered is whether the issues in both actions are substantially the same and whether their determination rests upon the same factual matters." National Union Fire Ins. v. R.H. Weber Exploration, 605 F.Supp. 1299, 1303 (S.D.N.Y. 1985). Further, any forfeiture proceeding, which plaintiff presently seeks to enjoin, would be undertaken by the prosecutorial authorities in New Mexico. Finally, the resolution of this dispute will involve, to a large extent, the interpretation of the law of New Mexico. Accordingly, if this case was transferred to New Mexico, it could be consolidated with the one currently pending there, thereby saving judicial resources and costs. See Continental Grain Co. v. FBI-585, 364 U.S. 19,

---

[3] The plaintiff points out that in the case pending in New Mexico the plaintiff Tribes and the government entered into a stipulation that would prevent the latter from engaging in any action which would impede the operation of the plaintiffs' operations. Plaintiff refused to enter into this stipulation at its own prerogative. Accordingly, plaintiff's strategic decision to not enter into the agreement cannot serve as a basis for preventing the transfer of the case. Had it entered into the agreement, plaintiff would have been accorded exactly the same relief it now seeks in this jurisdiction.

26 (1960). Consolidation would also avoid the possibility of inconsistent results.

Moreover, the resolution of this controversy, which both sides acknowledge involve issues very important to the local community, will have an exclusively local effect. Thus,

> in cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home.

Gulf Oil v. Gilbert, 330 U.S. 501, 509 (1947). The parties have both represented that the issues of gambling in New Mexico has produced intense interest among the people of that state. The citizens of New Mexico will be in a better position to observe the course of litigation which will intimately affect them at a more proximate and convenient forum.

Accordingly, it is this ___ of February 1996,

ORDERED that plaintiff's motion for a temporary restraining order be and is hereby denied; and it is

FURTHER ORDERED that defendants' motion to transfer this action to the United States District Court for the District of New Mexico be and is hereby granted.

SO ORDERED.

Ricardo M. Urbina
United States District Judge

Copies Sent To:

Phyllis A. Dow
AUSA
P.O. Box 607
Albuquerque, New Mexico 87103

7