**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**AKIACHAK NATIVE COMMUNITY, et al.,**

**Plaintiffs,**

**v.**

**Civil Action No. 06-969 (RWR)**

**DEPARTMENT OF THE INTERIOR, et al.,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Akiachak Native Community, Chalkyitsik Village, Chilkoot Indian Association, and Tuluksak Native Community, brought this suit against defendants the United States Department of Interior and P. Lynn Scarlett, Deputy-Secretary designee for the Secretary of the Interior[1] (collectively "DOI"), challenging 25 C.F.R. Part 151, a DOI regulation governing the procedures for federally recognized Indian tribes to acquire land in trust pursuant to section 5 of the Indian Reorganization Act ("IRA"), 25 U.S.C. § 465. DOI has moved under 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the District of Alaska and to suspend its obligation to answer here.

[1] Dirk Kempthorne has been confirmed as Secretary of the Interior and is substituted for P. Lynn Scarlett under Fed. R. Civ. P. 25(d)(1).

Because transfer of venue is not in the interest of justice, DOI's motion will be denied.

BACKGROUND

Plaintiffs are federally recognized Indian tribes with sovereign governments located in Alaska. As federally recognized tribes, they are eligible for special programs and services provided by the United States government. The DOI is the primary federal government agency responsible for supervising Indian affairs.

Plaintiffs challenge the validity of 25 C.F.R. Part 151, a DOI regulation that controls the application process for federally recognized Indian tribes to acquire land in trust under section 5 of the IRA, 25 U.S.C. § 465. The IRA authorizes the Secretary of the Interior to take real property into trust on behalf of the tribes. The challenged regulation does not provide for the acquisition of land in trust for most federally recognized tribes in Alaska.[2]

Akiachak alleges that Part 151 violates the IRA's provisions which prohibit agencies from promulgating regulations that diminish the privileges and immunities available to the tribe relative to the privileges and immunities available to other

[2] 25 C.F.R. Part 151.1 states that "[t]hese regulations do not cover the acquisition of land in trust status in the State of Alaska, except acquisitions for the Metlakatla Indian Community of the Annette Island Reserve or its members." 25 C.F.R. Part 151.1.

federally recognized tribes by virtue of their status as Indian tribes. See 25 U.S.C. § 476(f) and (g). Akiachak also contends that the regulation violates the Administrative Procedures Act ("APA") and the Due Process and Equal Protection Clauses of the Fifth Amendment to the United States Constitution.

DOI has moved under 28 U.S.C. § 1404(a) to transfer venue to the United States District Court for the District of Alaska and to suspend its obligation to answer in the District of Columbia. DOI contends that there is no connection between this case and the District of Columbia. DOI further argues that the policy at issue applies to, and its impacts are felt in, only Alaska and therefore it is in the interest of justice to transfer the case there. Akiachak contests this argument and asserts that because DOI's regulation governs the application process for establishing land trusts for all federally recognized tribes, it is a matter of national significance.

## DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "[T]he moving party bears the burden of establishing that transfer is proper." Schmidt v. Am. Inst. of Physics, 322 F. Supp. 2d 28, 31 (D.D.C. 2004). When venue is proper in more than one locale, the district court has

discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). A plaintiff's choice of forum is usually accorded great deference, unless the plaintiff chooses a forum that is not his home and that has no substantial connection to the subject matter of the action. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (stating that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

The threshold requirement for transfer of venue under § 1404(a) is that the transferee court is a district court where the action "might have been brought."[3] See 28 U.S.C. § 1404(a). Once this threshold is met, a court then "must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" Stewart Org., 376 U.S. at 30. "The private-interest considerations include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3)

[3] The parties do not dispute that venue would be appropriate in either this district or Alaska.

whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof." Schmidt, 322 F. Supp. 2d at 31-32. "The public-interest considerations include: (1) the [transferee court's] familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and the transferor courts; and (3) the local interest in deciding local controversies at home." Id. at 32.

I. PRIVATE INTEREST CONSIDERATIONS

DOI contends that Alaska is a more appropriate forum because the land that is the subject of this dispute is located there and the impact of any decision will be felt there. However, the national rule-making process DOI engaged in when formulating the regulation took place in this district, and public discussions of the proposed regulation took place here. This case presents a sufficiently substantial nexus to this district to warrant deference to Akiachak's choice of forum.

Additionally, Akiachak has chosen a forum that is advantageous for both of its party opponents since both are located in the District. The DOI does not challenge that the relevant sources of proof will likely include any documentation from the DOI's decision-making process and the public discussions

on the proposed regulation that took place in this district. (See Pls.' Opp'n at 14.) Further, the DOI does not dispute Akiachak's contention that given that the relief sought in this case is a declaratory judgment that DOI's regulation violates the IRA, the APA and the Constitution, the court will be limited to review of the administrative record and thus it will be unnecessary to call witnesses, particularly Alaskan residents, in this case. (See id. at 13.) Thus, the private interest considerations favor this district as the more appropriate venue for this action.

II. PUBLIC INTEREST CONSIDERATIONS

The relevant public interest concerns on balance have lesser bearing in this case. Judges in both districts are presumed to possess equal familiarity with the federal laws governing this dispute and certainly possess equal competence in adjudicating those laws. No issue has been raised regarding the relative congestion of the respective courts.

Next, though plaintiffs claim that this case will have an impact on more than just the residents of Alaska, the DOI has made the more compelling showing that the ramifications of any decision here will affect principally Alaska. If the case touches the affairs of many in Alaska, there is reason for the case to be held within their view and reach rather than in remote parts of the country. See Gulf Oil Corp., 330 U.S. at 509.

While Akiachak argues that local entities will have the opportunity at a later date to express their views pertaining to any land trust applications submitted by Alaskan tribes after any decision made here in Akiachak's favor, this argument ignores that this fact by itself is a local consequence that will be felt in Alaska. Further, though Akiachak claims that the relief sought here is invalidation of Part 151 as violative of the IRA, a statute that has national application to all federally recognized tribes, this case will have an immediate effect only felt in Alaska. Specifically, a decision rendering Part 151 invalid would require the DOI to immediately consider applications for land trusts in Alaska. However, though the local interest in this case may support transfer, on balance the public and private interest considerations slightly favor keeping this case here.

CONCLUSION AND ORDER

Because the balance of considerations tilts in favor of venue in this district, DOI's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) will be denied. Accordingly, it is hereby

ORDERED that defendant's motion [6] to transfer venue be, and hereby is, DENIED.

SIGNED this 21st day of August, 2007.

/s/

RICHARD W. ROBERTS
United States District Judge