IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY <br> P.O. Box 51070 <br> Akiachak, Alaska 99551 <br> (907) 825-4626 <br><br> CHALKYITSIK VILLAGE <br> P.O. Box 57 <br> Chalkyitsik, Alaska 99788 <br> (907) 848-8117 <br><br> CHILKOOT INDIAN ASSOCIATION <br> P.O. Box 490 <br> Haines, Alaska 99827 <br> (907) 766-2323 <br><br> TULUKSAK NATIVE COMMUNITY (IRA) <br> P.O. Box 95 <br> Tuluksak, Alaska 99679 <br> (907) 695-6420 <br><br> ALICE KAVAIRLOOK <br> P.O. Box 652 <br> Barrow AK 99723 <br> (907)-852-3218, <br><br>        Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, <br> Secretary of the Interior, <br> 1849 C Street, N.W. <br> Washington D.C. 20240 <br><br> UNITED STATES DEPARTMENT OF <br>     THE INTERIOR <br> 1849 C Street, N.W. <br> Washington, D.C. 20240 <br><br>        Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CASE NO. 1:06 CV 00969-RWR |

CONSOLIDATED COMPLAINT

Consolidated Complaint: *Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969
Page 1 of 18

# INTRODUCTION

1. This action seeks judicial review of 25 C.F.R. Part 151, governing the procedures for Indian tribes and individuals requesting the Secretary of the Interior to acquire title to land in trust on their behalf, insofar as it purports to bar the acquisition of land in trust in Alaska, other than for the Metlakatla Indian Community or its members. The exclusion of all other Alaska Tribes from the scope of the regulation (encompassing Plaintiffs the Akiachak Native Community, the Chalkyitsik Village, the Chilkoot Indian Association, and the Tuluksak Native Community) and the exclusion of their Tribal Members (encompassing Alice Kavairlook, a member of the Native Village of Barrow), are arbitrary, capricious, an abuse of discretion, unconstitutional, and otherwise contrary to law.

2. Plaintiffs seek declaratory and injunctive relief preventing the Department of the Interior from excluding federally recognized Alaska Tribes and their members from the regulation's land into trust petition process. Plaintiffs seek a declaration that they are entitled to petition to have land in Alaska taken into trust and to have the Secretary of the Interior give the same consideration to such requests as would be given to petitions from members of other federally recognized tribes.

# JURISDICTION AND VENUE

3. The United States District Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), and 1361, and (as to Plaintiffs Tribes) 28 U.S.C. § 1362 and (as to Plaintiff Kavairlook) 28 U.S.C. § 1353. As a source of authority for the remedies

requested, plaintiffs rely in addition on the Administrative Procedure Act (5 U.S.C. §§ 702, 704 and 706), 28 U.S.C. §§ 2201-2202 and Rule 65 of the Federal Rules of Civil Procedure, as this action seeks injunctive relief to compel federal officials to remove the bar to federally recognized Alaska Tribes and their members from petitioning under 25 C.F.R. Part 151.

4. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e). Defendant Kempthorne resides in the district and the cause of action arose in the district.

## PARTIES

5. Plaintiff Akiachak Native Community is a federally recognized tribe, acknowledged to have the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States, as well as the responsibilities, powers, limitations and obligations of such tribes. 72 Fed. Reg. 13648, 13651 (March 22, 2007). The Akiachak Tribe resides in the rural community of Akiachak on the Kuskokwim River in Southwest Alaska.

6. Plaintiff Chalkyitsik Village is a federally recognized tribe, acknowledged to have the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States, as well as the responsibilities, powers, limitations and obligations of such tribes. 72 Fed. Reg. 13648, 13651 (March 22, 2007). The Chalkyitsik Tribe resides in Chalkyitsik, a rural community located on the Black River in Northwestern, Alaska.

7. Plaintiff Chilkoot Indian Association is a federally recognized tribe, acknowledged to have the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States, as well as the responsibilities, powers, limitations and obligations of such tribes. 72 Fed. Reg. 13648, 13651 (March 22, 2007). The Chilkoot Tribe resides in the rural community of Haines, in Southeast Alaska.

8. Plaintiff Tuluksak Native Community (IRA) is a federally recognized tribe, acknowledged to have the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States, as well as the responsibilities, powers, limitations and obligations of such tribes. 72 Fed. Reg. 13648, 13651 (March 22, 2007). The Tuluksak Tribe resides in the rural community of Tuluksak on the Kuskokwim River in Southwest Alaska.

9. Plaintiff Alice Kavairlook is a member of the Native Village of Barrow, a federally recognized tribe acknowledged to have the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States, as well as the responsibilities, powers, limitations and obligations of such tribes. 72 Fed. Reg. 13648, 13651 (March 22, 2007). Plaintiff Alice Kavairlook and the Native Village of Barrow are on the Chukchi Sea coast in the far north of Alaska.

10. Defendant Dirk Kempthorne is the Secretary of the United States Department

of the Interior.

11.  Defendant United States Department of the Interior is the federal agency charged with primary supervision of Indian Affairs for the federal government.

## FACTUAL BACKGROUND

12.  In 1934, as part of the Indian Reorganization Act (IRA, ch. 576, 48 Stat. 984), Congress in section 5 authorized the Secretary of the Interior to take real property into trust on behalf of Tribes and individual Indians (IRA § 5, 25 U.S.C. 465); and in section 7 empowered the Secretary to declare newly acquired lands Indian reservations or to add them to existing reservations. (IRA § 7, 25 U.S.C. 467). As of its enactment in 1934, section 13 of the IRA made only sections 9, 10, 11, 12, and 16 of the IRA applicable to Alaska.

13.  In 1936, most of the remaining sections of the IRA, including section 5, were made applicable to Alaska, Act of May 1, 1936, ch. 254, 49 Stat. 1250. The 1936 Act had two sections. Section 1 of the 1936 Act extended sections 1, 5, 7, 8, 15, and 19 of the IRA to Alaska. Section 2 of the 1936 Act placed special conditions on Secretarial creation of any new reservations in Alaska. Several reservations were created in Alaska pursuant to the Act.

14.  In 1971, Congress enacted the Alaska Native Claims Settlement Act (ANCSA), which, *inter alia*, revoked all reservations in Alaska (except for the Metlakatla Reserve). ANCSA did not repeal any portion of the 1934 IRA nor did it repeal any portion of the 1936 IRA Amendments.

15. In 1976, Congress repealed section 2 of the 1936 IRA amendments, which had placed conditions on Secretarial creation of new reservations in Alaska, as part of the Federal Land Policy Management Act (FLPMA) (Act of October 21, 1976, P.L. 94-579, Title VII, Section 704(a), 90 Stat.2743, 2792, repealing 49 Stat. 1250, 25 U.S.C. § 496).  FLPMA did not repeal section 1 of the 1936 amendments, which make section 5 of the IRA applicable in Alaska, nor did it repeal section 5 or any other portion of the IRA.

16. In 1978, an Opinion by then Associate Solicitor for Indian Affairs Thomas Fredericks ("Fredericks Opinion") opined that ANCSA precluded the Secretary from taking land into trust for Natives in Alaska.  *See* "Trust Land for the Natives of Venetie and Arctic Village," Memorandum to Assistant Secretary, Indian Affairs from Associate Solicitor, Indian Affairs, Thomas W. Fredericks (September 15, 1978)

17. In 1980, the Department of the Interior issued regulations governing the Secretary's resolution of tribal requests under IRA Section 5 to place Indian-owned land in trust status.  *See generally,* 25 C.F.R. Part 151 (as reorganized).  Those regulations expressly excluded the acquisition of land in trust or restricted status in the State of Alaska on behalf of Alaska Native Villages or their members, except acquisitions for the Metlakatla Indian Community of the Annette Island Reserve or its members.  25 C.F.R. § 151.1.  The Department's preclusion of Alaska Tribes (other than Metlakatla) from the § 151.1 Trust Lands Regulations was based upon the 1978 Fredericks Opinion.  *See* 64 Fed. Reg. 17578.

18. On October 11, 1994, Plaintiff Chilkoot Indian Association, along with other Tribes, filed a petition for rulemaking with the Secretary of the Interior requesting that the Secretary revise the Part 151 Trust Lands Regulations to include lands in Alaska and that the Secretary rescind the Fredericks Opinion as erroneous and contrary to existing law.

19. On January 5, 1995, the agency published notice of the Tribes' petition and requested comment on the petition for rulemaking concerning Alaska Native land acquisitions. 60 Fed. Reg. 1956 (1995).

20. On April 12, 1999, the Department of the Interior published a proposed revision to the rules for the acquisition of trust land. 64 Fed. Reg. 17574-17588. The Department invited comments on the continued validity of the Alaska prohibition, noting that "although [the Fredericks Opinion] has not been withdrawn, we recognize that there is a credible legal argument that ANCSA did not supersede the Secretary's authority to take land into trust in Alaska under the IRA." 64 Fed. Reg. at 17578.

21. On January 16, 2001, the Department published a final rule and rescinded the Fredericks Opinion. Notwithstanding this rescission, the January 2001 final rule continued the Alaska prohibition, at least as a temporary measure, explaining that "the position of the Department has long been, as a matter of law and policy, that Alaska Native lands ought not to be taken in trust. Therefore, the Department has determined that the prohibition in the existing regulations on taking Alaska lands into trust (other than Metlakatla) ought to remain in place for a period of three years during which time the Department will consider the legal

and policy issues involved in determining whether the Department ought to remove the prohibition on taking Alaska lands into trust." 66 Fed. Reg. 3454.

22. On January 20, 2001, George W. Bush was sworn in as President, and the new Administration ordered a delay in the effective date of the new Part 151, and other regulations, in order to allow for review by the President's new appointees. On November 9, 2001, the Secretary of the Interior withdrew the new Part 151. *See*, 66 Fed. Reg. 56608.

23. Thus, despite the withdrawal of the 1978 Fredericks Opinion, 25 C.F.R. § 151.1 still contains the regulatory bar against taking land into trust for Alaska Native Villages and individual members of Alaska Native Villages (except for Metlakatla and its members).

## AKIACHAK NATIVE COMMUNITY FACTS

24. The Akiachak Native Community is comprised of some 700 tribal members who live approximately 18 miles northeast of Bethel in western Alaska. The community is located on the west bank of the Kuskokwim River, in the Yukon-Kuskokwim Delta. Akiachak can be reached only by air and water.

25. Akiachak incorporated as a second class city in 1974, but the city government was dissolved in 1987 in favor of traditional village council governance.

26. Studies have shown that local prohibition of alcohol combined with the presence of local police is associated with a decreased incidence of serious injury in isolated Alaska Native villages. *See*, Darryl S. Wood & Paul J. Gruenewald (2006), *Local alcohol*

*prohibition, police presence and serious injury in isolated Alaska Native Villages*. Addiction, 101, 393 - 403.

27. The Akiachak Native Community tribal government has banned the possession of alcohol in Akiachak. To enforce the ban on alcohol and to provide a police presence in the community, the tribal government employs four public safety officers with money derived from a local sales tax.

28. In 1990, the Bureau of Land Management, as trustee for the townsite of Akiachak, conveyed title of a number of townsite properties to the Akiachak Native Community for the benefit of the village inhabitants.

29. The Akiachak Native Community wishes to place these townsite lands in trust to enhance the tribal government's enforcement of its alcohol ban. Under 25 C.F.R. § 151.1, Akiachak Native Community is not entitled to petition the Secretary to request that its land be acquired in trust.

## **CHALKYITSIK VILLAGE FACTS**

30. Chalkyitsik Village is comprised of some 200 members who live in an isolated rural community on the Black River about 50 miles east of Fort Yukon in Northwestern, Alaska. Chalkyitsik can only be reached by air and water.

31. In 1982 the Chalkyitsik tribal government banned the possession of alcohol in Chalkyitsik. To enforce its ban on alcohol Chalkyitsik petitioned the Department of the

Interior under the Federal Indian Liquor Laws (Act of August 15, 1953, 67 Stat. 586, 18 U.S.C. § 1161), which governs the application of such laws within Indian country.

32.   On May 12, 1983, the Department of the Interior published Chalkyitsik's ordinance prohibiting the introduction, possession, and sale of intoxicating beverages in Chalkyitsik, and authorized the First Chief of Chalkyitsik to request federal enforcement of 18 U.S.C. § 1161 in the event the ordinance is violated. *See* 48 Fed. Reg. 21378 (May 12, 1983).

33.   The Notice designated the Chalkyitsik Village townsite lands as the boundaries for purposes the liquor ordinance's application. *Id*. Chalkyitsik Village townsite lands were designated as Indian country for purposes of enforcement of 18 U.S.C. § 1161. *Id.*

34.   In 1998, the United States Supreme Court narrowed the scope of Indian county in Alaska by holding that after the enactment of ANCSA, Indian lands are only Indian country if they are "validly set apart for the use of Indians as such," and remain under the superintendence of the federal government. *See, Alaska v. Native Village of Venetie Tribal Government*, 522 U.S. 520 (1998).

35.   Since the *Venetie* decision, Chalkyitsik has been unable to assert undisputed jurisdiction over its lands or request federal enforcement of its alcohol pursuant to 18. U.S.C. § 1161.

36.   Chalkyitsik wishes to place its townsite lands in trust so that it can request federal enforcement under 18 U.S.C. § 1161 of its liquor ordinance. Under 25 C.F.R.

§ 151.1, Chalkyitsik is not entitled to petition the Secretary to request that its land be acquired in trust.

## CHILKOOT INDIAN ASSOCIATION FACTS

37. The Chilkoot Indians have lived in the area now known as Haines from time immemorial. When the first Russians came to the Chilkoot Valley in the 1800s, it was populated by the Chilkoot who owned and controlled the trails between the coast and the Interior. Originally, Haines was called "Dtehshuh" which meant "end of the trail" in the Native language.

38. Haines is located on the shore of Lynn Canal on the narrow Chilkat Peninsula between Chilkoot and Chilkat Bays. In 1879, S. Hall Young, a Presbyterian missionary, and John Muir, the naturalist, visited the area. They made plans for a Christian town with a mission and school to be operated for the benefit of the local Chilkoot Indians. In 1881, a site was selected, and Young received permission from the Chilkoot Indians to build a mission at the crossroads area known as Da-Shu. In 1884, the Willard Mission was renamed Haines when the post office was established.

39. In 1994, the Presbyterian Church conveyed seventy-three acres of land that had formerly been part of the Mission back to the Chilkoot Indians. The land, although undeveloped, is within close proximity to the City of Haines.

40. The Chilkoot Indian Association wishes to have this land placed in trust in order to ensure its protection for future generations of tribal members. Under 25 C.F.R. § 151.1, Chilkoot is not entitled to petition the Secretary to request that its land be acquired in trust.

## TULUKSAK NATIVE COMMUNITY FACTS

41. The Tuluksak Native Community is comprised of some 353 tribal members who live in an isolated rural community approximately 35 miles northeast of Bethel in Western Alaska. The community is located on the south bank of the Tuluksak River where it meets the Kuskokwim River. Tuluksak can be reached only by air and water.

42. In 1983, the Society of the United Brethren for Propagating Gospel Among the Heathen, quit-claim deeded a tract of land that had once been known as the Moravian Mission Reserve to the City of Tuluksak. In 1997, lands owned by the City of Tuluksak were then transferred to the Tuluksak Native Community when the City dissolved. Part of the tribal fee lands have been used to build badly needed housing. The remaining parcel has special historic significance for the tribe. As such, the Tuluksak Native Community wishes to place the land in trust to assure its continued protection against state and borough taxation. Under 25 C.F.R. § 151.1, Tuluksak Native Community is not entitled to petition the Secretary to request that its land be acquired in trust.

## ALICE KAVAIRLOOK FACTS

43. Alice Kavairlook is the owner of Lot 5, Block 9, Barrow Townsite, U.S. Survey 4615, as shown on the plat of survey dated September 2, 1964, located in the Barrow Recording District, Second Judicial District, State of Alaska.

44. Alice Kavairlook acquired this property under a Native Restricted Trustee Deed conveyance from the Alaska Native Townsite Trustee George E. M. Gustafson, on October 4, 1983.

45. On or about January 10, 1994, plaintiff was induced, in part due to her reduced mental capacity and in part through a combination of fraud and duress, to sign a deed purporting to convey the property to Bexhet Bordonici aka Bruno Bordonici.

46. On or about February 14, 2002, Mr. Bordonici was convicted, after a jury trial, on several counts of drug offenses and money laundering, in *United States v. Bordonici*, case number F-01-014 CR (RRB) in the United States District Court for the District of Alaska.

47. On or about June 24, 2002, the District Court entered an Amended Preliminary Order of Forfeiture, forfeiting to the United States all of Mr. Bordonici's right, title and interest in several parcels of real property, including Lot 5 of Block 9 of the Barrow Townsite.

48. On or about October 4, 2002, Plaintiff Alice Kavairlook filed a Petition for Adjudication of Third Party Interest in Property Ordered Forfeited from Defendant Bordonici.

49. On or about December 3, 2004, the District Court approved the United States' request to approve a settlement under which the United States agreed to dismiss and release Lot 5, Block 9 of the Barrow Townsite from the forfeiture proceedings so that Plaintiff Alice Kavairlook could pursue relief under state law.

50. On or about June 23, 2005, Plaintiff filed a "Complaint for Rescission of Deed" against Mr. Bordonici in the Superior Court for the State of Alaska, Second Judicial District at Barrow, case number 2BA-05-79 CIV, alleging that the deed should be rescinded due to, inter alia, fraud, duress, undue influence, mental incapacity, and inadequacy of consideration.

51. Following default by Mr. Bordonici, a "Clerk's Deed" was entered by the state court to confirm Plaintiff Alice Kavairlook's right, title and interest in Lot 5, Block 9 of the Barrow Townsite.

52. Plaintiff Alice Kavairlook wishes to have the lot's restricted status restored, as it was prior to Mr. Bordonici's wrongful actions.

## FIRST CAUSE OF ACTION

53. Plaintiffs reallege paragraphs 1 through 52 as if fully set forth herein.

54. The regulatory bar which prohibits plaintiffs from having the defendant take property in trust or restricted status, while other federally recognized tribes and their members are allowed to do so, is a violation of 25 U.S.C. § 476 (f) & (g).

## SECOND CAUSE OF ACTION

55. Plaintiffs reallege paragraphs 1 through 54 as if fully set forth herein.

56. The regulatory bar which prohibits plaintiffs from having the defendant take property in trust or restricted status, while other federally recognized tribes and their members are allowed to do so, is a violation of the Equal Protection and Due Process clauses of the United States Constitution.

### THIRD CAUSE OF ACTION

57. Plaintiffs reallege paragraphs 1 through 56 as if fully set forth herein.

58. The regulatory bar which prohibits plaintiffs from having the defendant take property back in trust or restricted status, while other federally recognized tribes and their members are allowed to do so, is arbitrary, capricious, an abuse of discretion, contrary to constitutional right, in excess of statutory authority, and/or otherwise contrary to law in violation of the Administrative Procedures Act, 5 U.S.C § 706(2)(a).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

I. Plaintiffs request a judgment declaring that 25 C.F.R. Part 151, insofar as it bars plaintiffs as federally recognized tribes in Alaska or as a member of a federally recognized tribe in Alaska from petitioning to have land in Alaska taken into trust status, violates 25 U.S.C. § 476(f) and (g).

II. Plaintiffs request a judgment declaring that 25 C.F.R. Part 151, insofar as it bars plaintiffs as federally recognized tribes in Alaska or as a member of a federally recognized tribe in Alaska from petitioning to have land in Alaska taken into trust status,

violates the Equal Protection and Due Process Clause of the Fifth Amendment of the United States Constitution.

III.   Plaintiffs request a judgment declaring that 25 C.F.R. Part 151, insofar as it bars plaintiffs as federally recognized tribes in Alaska or as a member of a federally recognized tribe in Alaska from petitioning to have land in Alaska taken into trust status, does so arbitrarily, capriciously, in excess of the Secretary's authority, or otherwise contrarily to law, in violation of the Administrative Procedures Act, 5 U.S.C. § 706(a)(2).

IV.   Plaintiffs request an injunction directing Defendants to implement the acquisition of land into trust procedures without regard to the bar against Alaska tribes as currently contained in 25 C.F.R. § 151.1.

V.   Plaintiffs request an injunction directing Defendants to accept and consider Plaintiffs' requests to have lands in Alaska taken into trust or restricted status.

VI.   Plaintiff Tribes request that this Court award them costs and attorney's fees incurred in bringing this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

VII.   Plaintiff Alice Kavairlook requests that this Court award her costs incurred in bringing this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Although this complaint does not seek attorney fees on behalf of Alice Kavairlook, because Plaintiff's counsel Alaska Legal Services Corporation is a recipient of funds from the Legal Services Corporation and thus prohibited from filing a claim for attorney fees (see 45 C.F.R. §

1642.3), plaintiff Alice Kavairlook reserves the right to seek such attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, through independent counsel.

VIII.   Plaintiffs request that this Court award them any and all other relief the Court determines to be appropriate and proper.

DATED this 9th day of November, 2007.

>s/ Richard Guest
Richard Guest
D.C. Bar No. 477572
NATIVE AMERICAN RIGHTS FUND
1712 N Street, NW
Washington DC, 20036
(202) 785-4166

s/ Heather Kendall-Miller
Heather Kendall-Miller, pro hac vice
Alaska Bar No. 9211084
Native American Rights Fund
420 L Street Suite 505
Anchorage AK 99501
907-276-0680
Attorney for Plaintiffs Akiachak Native Community, Chalkyitsik Village, Chilkoot Indian Association, and Tuluksak Native Community (IRA)

s/ Andrew Harrington
Andrew Harrington, pro hac vice
Alaska Bar No. 8106026
s/ Denise Bakewell
Denise Bakewell, pro hac vice
California Bar No. 208660
Alaska Legal Services Corporation
1648 South Cushman Suite 300
Fairbanks AK 99701
907-452-5181
Attorneys for Plaintiff Alice Kavairlook

Certificate of Service

The undersigned hereby certifies that on the 9th day of November, 2007, a true and correct copy of the Consolidated Complaint in the above-captioned case was served by electronic means upon the following:

Daniel G. Steele

Attorney for Defendants

                                                s/ Heather Kendall-Miller