UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AKIACHAK NATIVE COMMUNITY<br>  et al., | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | No. 1:06-cv-00969 (RWR) |
| DEPARTMENT OF THE INTERIOR,<br>  et al. | ) ) ) ) |  |
| Defendants. | ) ) |  |

## ANSWER OF THE UNITED STATES TO PLAINTIFFS' COMPLAINT

### INTRODUCTION

Defendants, Dirk Kempthorne, in his official capacity as Secretary ("Secretary") of the United States Department of the Interior, and the United States Department of the Interior ("Interior"), (collectively referred to herein as "Defendants") hereby specifically answer the numbered paragraphs of Plaintiffs' Complaint ("Complaint") as follows:

1. The allegations contained in Paragraph 1 characterize the Plaintiffs' suit and constitute legal conclusions, to which a response is not required. To the extent a response is required, Defendants deny each and every allegation.

2. The allegations contained in Paragraph 2 characterize the Plaintiffs' claims and constitute legal conclusions, to which a response is not required. To the extent a response is required, Defendants deny that the Secretary must give the same consideration to land in trust petitions in Alaska as would be given to other federally recognized tribes.

**JURISDICTION AND VENUE**

3. The allegations contained in Paragraph 3 characterize Plaintiffs' suit and constitute conclusions of law to which a response is not required. To the extent a response is required, Defendants deny each and every allegation.

4. The allegations contained in Paragraph 4 constitute conclusions of law to which a response is not required. To the extent a response is required, denied, except to admit that the Secretary resides in the District.

**PARTIES**

5. Defendants deny the allegations of Paragraph 5, except to admit that the Akiachak Native Community is a federally recognized Tribe and that it resides in the rural community of Akiachak, Alaska.

6. Defendants deny the allegations of Paragraph 6, except to admit that the Chalkyitsik Village is a federally recognized Tribe and that it resides in a rural community located in northeastern Alaska.

7. Defendants deny the allegations of Paragraph 7, except to admit that the Chilkoot Indian Association is federally recognized and that it resides in the rural community of Haines, in southeast Alaska.

8. Defendants deny the allegations of Paragraph 8, except to admit that the Tuluksak Native Community is federally recognized and that it resides in the rural community of Tuluksak, in southwest Alaska.

9. Defendants lack information and knowledge sufficient to admit or deny the allegations of Paragraph 9, except to admit that the Native Village of Barrow is a federally

recognized Tribe located in northern Alaska.

10. Defendants admit the allegation contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegation contained in Paragraph 11 of the Complaint.

## FACTUAL BACKGROUND

12. Paragraph 12 of the Complaint characterize Acts of Congress and states conclusions of law to which a response is not required. To the extent a response is required, the Statutes which Plaintiffs cite speak for themselves and are the best evidence of their content.

13. Paragraph 13 of the Complaint characterizes an Act of Congress and states conclusions of law to which a response is not required. To the extent a response is required, the Statute which Plaintiffs cite speaks for itself and is the best evidence of its content.

14. Paragraph 14 of the Complaint characterizes an Act of Congress and states conclusions of law to which a response is not required. To the extent a response is required, the case which Plaintiffs cite speaks for itself and is the best evidence of its content.

15. Paragraph 15 of the Complaint characterizes an Act of Congress and states conclusions of law to which a response is not required. To the extent a response is required, the Statute which Plaintiffs cite speaks for itself and is the best evidence of its content.

16. Defendants admit the allegation contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint characterizes a federal regulation and Plaintiffs' allegations, and states conclusions of law to which a response is not required. To the extent a response is required, the Regulation which Plaintiffs cite speaks for itself and is the best evidence of its content.

18. Defendants lack information and knowledge sufficient to admit or deny the

allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint characterizes a Federal Register notice and states conclusions of law to which a response is not required. To the extent a response is required, the notice which Plaintiffs cites speaks for itself and is the best evidence of its content.

20. Paragraph 20 of the Complaint characterizes a Federal Register notice to which a response is not required. To the extent a response is required, the notice cited by Plaintiffs speaks for itself and is the best evidence of its content.

21. Defendants deny the allegations contained in Paragraph 21, except to admit that Interior published a final rule on January 16, 2001 at 66 Fed. Reg. 3454 which speaks for itself.

22. Defendants admit the allegation contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint characterizes a Federal Regulation and the Plaintiffs' suit and states conclusions of law to which a response is not required.

## AKIACHAK NATIVE COMMUNITY FACTS

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint is general, vague, and lacks specificity. Defendants affirmatively aver that the work Plaintiffs cite speaks for itself and is the best evidence of its content. A response is not required.

27. Defendants lack sufficient information and knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint characterizes Plaintiffs' suit and states conclusions of law to which a response is not required. To the extent a response is required, denied.

## CHALKYITSIK VILLAGE FACTS

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint characterizes the cited Federal Register notice which speaks for itself and is the best evidence of its content. An answer is not required. To the extent an answer is required, denied.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint. Plaintiffs affirmatively aver that Section 10.15 of the Code of Village Regulations defines the townsite lands as comprising the land within the Village boundaries within which Village regulations apply.

34. The allegations contained in Paragraph 34 of the Complaint constitute conclusions of law to which a response is not required. Further, the case cited by Plaintiffs speaks for itself and is the best evidence of its content.

35. The allegations contained in Paragraph 35 of the Complaint characterize

Plaintiffs' suit and the application of 18 U.S.C. § 1161 to which a response is not required.

36. The allegations contained in Paragraph 36 of the Complaint characterize Plaintiffs' suit and constitute conclusions of law to which a response is not required.

### CHILKOOT INDIAN ASSOCIATION FACTS

37. Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint and, therefore, deny each and every allegation contained therein.

38. Defendants admit the allegations contained in the first sentence of Paragraph 38 of Plaintiffs' Complaint, but are without sufficient information or belief as to the truth or falsity of all other allegations contained in Paragraph 38 and, therefore, deny the same.

39. Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint and, therefore, deny each and every allegation contained therein.

40. The allegations contained in Paragraph 40 of the Complaint characterize Plaintiffs' suit and constitute conclusions of law to which a response is not required.

### TULUKSAK NATIVE COMMUNITY FACTS

41. Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42. Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in the first three sentences of Paragraph 42 of the Complaint and, therefore, deny each and every allegation contained therein. The remainder of Paragraph 42 of the Complaint characterize Plaintiffs' suit and constitute conclusions of law to which a response is not required.

**ALICE KAVAIRLOOK FACTS**

43. Defendants lack information and knowledge sufficient to admit or deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants lack information and knowledge sufficient to admit or deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants lack information and knowledge sufficient to admit or deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit the allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48. Defendants admit the allegations contained in Paragraph 48 of the Complaint.

49. Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50. Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51. Defendants lack information and knowledge sufficient to admit or deny the allegations contained in Paragraph 51 of the Complaint.

52. The allegations contained in Paragraph 52 of the Complaint characterize Plaintiffs' suit to which a response is not required.

## FIRST CAUSE OF ACTION

53. Defendants hereby incorporate by reference its answers to the allegations contained in Paragraphs 1 through 52.

54. The allegations contained in Paragraph 54 of the Complaint characterize Plaintiffs suit and constitute conclusions of law to which a response is not required.

## SECOND CAUSE OF ACTION

55. Defendants hereby incorporate by reference its answers to the allegations contained in Paragraphs 1 through 54.

56. The allegations contained in Paragraph 56 of the Complaint characterize Plaintiffs suit and constitute conclusions of law to which a response is not required.

## THIRD CAUSE OF ACTION

57. Defendants hereby incorporate by reference its answers to the allegations contained in Paragraphs 1 through 56.

58. The allegations contained in Paragraph 58 of the Complaint characterize Plaintiffs suit and constitute conclusions of law to which a response is not required.

59. The remainder of the Complaint constitutes Plaintiffs' Prayer for Relief to which a response is not required. To the extent a response is required, Defendants deny each and every such allegation contained therein.

60. Defendants deny each and every allegation of the Complaint that has not herein been specifically admitted or denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The federal district court lacks subject matter jurisdiction to entertain plaintiffs' claims because the United States has not waived sovereign immunity from suit.

### SECOND AFFIRMATIVE DEFENSE

The federal district court lacks subject matter jurisdiction to entertain plaintiffs' claims because the plaintiffs' claims are time-barred by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to present a "case or controversy" arising under the Constitution, laws or treaties of the United States.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to satisfy prudential requirements in that they are not ripe for judicial review.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs do not have standing to bring this action.

Dated this 27th day of November, 2007.

                                                Respectfully submitted,

                                                /s/*Daniel G. Steele*

| | |
|---|---|
| Of Counsel: | Daniel G. Steele |
| David Moran | D.C. Bar No. 962894 |
| Attorney-Advisor | U.S. Department of Justice |
| Division of Indian Affairs | Environment and Natural Resources |
| Office of the Solicitor | Division |
| U.S. Department of the Interior | General Litigation Section |
| 1849 C Street, N.W.   MS 6513 | P.O. Box 663 |
| Telephone: (202) 208-3358 | Washington, D.C.   20044-0482 |
| Fax:         (202) 219-1791 | Tel: (202) 305-0484 |
| | Fax: (202) 305-0506 |
| | For the Defendants |

**CERTIFICATE OF SERVICE**

I, Daniel G. Steele, hereby certify on this 27TH day of November 2007, I have caused the foregoing <u>Answer of the United States to Plaintiffs' Complaint</u> to be served by electronic filing on the following counsel:

 Richard A. Guest, Esquire
1712 N Street, N.W.
Washington, D.C.  20036-2976

Andrew Harrington, Esquire
Alaska Legal Services Corporation
1648 South Cushman, Suite 300
Fairbanks, AK 99701

Heather Kendall Miller, Esquire
Native American Rights Fund
420 L Street, Suite 505
Anchorage, Alaska  99501

                                        /s/Daniel G. Steele
                                        Daniel G. Steele