UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY et al., <br>     Plaintiffs <br>     v. <br> DEPARTMENT OF THE INTERIOR, et al.., <br>     Defendants | No. 1:06-cv-00969 (RWR) |

**ANSWER**

Intervenor-defendant, the State of Alaska ("the state"), through the office of the Attorney General, answers plaintiffs' consolidated complaint as follows:

1. To the extent the allegations in paragraph one of plaintiffs' consolidated complaint recount the provisions of federal regulations and statutes, the state answers that the regulations speak for themselves and require no response. To the extent the allegations in paragraph one state plaintiffs' objectives in this case, no response is required. The state denies that the exclusion of Alaska tribes, including tribal members, from the scope of 25 CFR Part 151, including plaintiffs, is arbitrary, capricious, an abuse of discretion, unconstitutional and otherwise contrary to law.

2. The allegations in paragraph 2 of plaintiffs' consolidated complaint state plaintiff's objectives in this case and require no response.

3. The state admits that the United States District Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), 1361, and, as

Page 1 of 13

to plaintiff tribes, 1362. The state denies that the United State District Court has subject matter jurisdiction of this action as to plaintiff Kavairlook pursuant to 28 U.S.C. § 1353. The remaining allegations in paragraph 3 of plaintiffs' consolidated complaint state plaintiffs' objectives in this case and the law on which plaintiffs rely and therefore require no response.

      4.      The state avers that the Court has determined venue to be appropriate in the District of Columbia.

## PARTIES

      5.      The state admits that plaintiff Akiachak Native Community is a federally-recognized tribe. To the extent additional allegations in paragraph 5 rely on the federal register notice cited, the state avers that the notice speaks for itself and no response is required. The state admits that the rural community of Akiachak is located on the Kuskokwim River in southwest Alaska. The state is without information sufficient to form an opinion as to the truth or falsity of any remaining allegations in paragraph 5 and therefore denies them.

      6.      The state admits that plaintiff Chalkyitsik Village is a federally-recognized tribe. To the extent additional allegations in paragraph 6 rely on the federal register notice cited, the state avers that the notice speaks for itself and no response is required. The state admits that the rural community of Chalkyitsik is located on the Black River in northwestern Alaska. The state is without information sufficient to form

an opinion as to the truth or falsity of any remaining allegations in paragraph 6 and therefore denies them.

7. The state admits that plaintiff Chilkoot Indian Association is a federally recognized tribe. To the extent additional allegations in paragraph 7 rely on the federal register notice cited, the state avers that the notice speaks for itself and no response is required. The state admits that the Chilkoot Indian Association is based in the community of Haines in southeast Alaska. The state is without information sufficient to form an opinion as to the truth or falsity of any remaining allegations in paragraph 7 and therefore denies them.

8. The state admits that plaintiff Tuluksak Native Community is a federally recognized tribe. To the extent additional allegations in paragraph 8 rely on the federal register notice cited, the state avers that the notice speaks for itself and no response is required. The state admits that the Tuluksak Tribe is based in Tuluksak on the Kuskokwim River in southwest Alaska. The state is without information sufficient to form an opinion as to the truth or falsity of any remaining allegations in paragraph 8 and therefore denies them.

9. The state is without information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 9 relating to plaintiff Alice Kavairlook's status with respect to the Native Village of Barrow and therefore denies them. The state admits that the Native Village of Barrow is a federally recognized tribe. To the extent additional allegations in paragraph 9 rely on the federal register notice

cited, the state avers that the notice speaks for itself and no response is required. The state admits that the Native Village of Barrow is located on the Chuckchi Sea coast. The state is without information sufficient to form an opinion as to the truth or falsity of any remaining allegations in paragraph 9 and therefore denies them.

10. The state admits that Dirk Kempthorne is the Secretary of the Interior.

11. The state admits that the United States Department of Interior supervises Indian affairs for the federal government.

## FACTUAL BACKGROUND

12. Plaintiffs' allegations in paragraph 12 recount provisions of law and legislative history which speak for themselves and require no response.

13. To the extent Plaintiffs' allegations in paragraph 13 recount provisions of law and legislative history, no response is required. The state admits that several reservations were created in Alaska pursuant to the 1936 Act.

14. Plaintiffs' allegations in paragraph 14 recount provisions of law and legislative history which speak for themselves and require no response.

15. Plaintiffs' allegations in paragraph 15 recount provisions of law and legislative history which speak for themselves and require no response.

16. Plaintiffs' allegations in paragraph 16 recount provisions of an Associate Solicitor's opinion which speaks for itself and requires no response.

17. Plaintiffs' allegations in paragraph 17 recount and interpret provisions of law and regulation which speak for themselves and require no response.

18. The state admits that plaintiff Chilkoot Indian Association, along with other Tribes not party to this action, filed a petition for rulemaking concerning Alaska Native land acquisitions. The state is without information sufficient to form an opinion as to the truth or falsity of the remaining allegations in paragraph 18 and therefore denies them.

19. Plaintiffs' allegations in paragraph 19 recount Federal Register provisions which speak for themselves and require no response.

20. Plaintiffs' allegations in paragraph 20 recount Federal Register provisions which speak for themselves and require no response.

21. Plaintiffs' allegations in paragraph 21 recount Federal Register provisions which speak for themselves and require no response.

22. The state admits that George W. Bush was sworn in as President of the United States on January 20, 2001. The allegations in paragraph 22 recounting Federal Register provisions speak for themselves and require no response.

23. The allegations in paragraph 23 consist of plaintiffs' characterization of their position and recount a regulatory provision which speaks for itself and require no response.

**AKIACHAK NATIVE COMMUNITY FACTS**

24. The state is without information sufficient to form an opinion as to the number of tribal members comprising Akiachak Native Community, and therefore denies that the Akiachak Native Community is comprised of some 700 tribal members. The remaining allegations in paragraph 24 are admitted.

25. The state admits that Akiachak incorporated as a second class city in 1974. Upon information and belief, the state denies that the city government was dissolved in 1987 and avers that the city government dissolved in 1990. The state denies any remaining allegations in paragraph 25.

26. The state is without information sufficient to form an opinion as to the truth or falsity of the allegations in paragraph 26 and therefore denies them.

27. The state admits that the Akiachak Native Community has banned the possession of alcohol in Akiachak. The state is without information sufficient to form an opinion as to the truth or falsity of the remaining allegations in paragraph 27 and therefore denies them.

28. The state admits that, in 1990, a number of Akiachak townsite properties were conveyed to the Akiachak Native Community. The state is without information sufficient to form an opinion as to the truth or falsity of the remaining allegations in paragraph 28 and therefore denies them.

29. The allegations in paragraph 29 consist of legal conclusions and plaintiffs' objective in the case and require no response.

**CHALKYITSIK VILLAGE FACTS**

30. The state is without information sufficient to form an opinion as to the number of tribal members comprising Chalkyitsik Village, and therefore denies that the Chalkyitsik Village is comprised of some 200 tribal members. The remaining allegations in paragraph 30 are admitted.

31. The state admits that in 1982 the village of Chalkyitsik banned possession of alcohol and petitioned the Department of Interior under the Federal Indian Liquor Laws. The remaining allegations in paragraph 31 are legal conclusions that require no response.

32. Plaintiffs' allegations in paragraph 32 recount Federal Register provisions which speak for themselves and require no response.

33. Plaintiffs' allegations in paragraph 33 recount Federal Register provisions which speak for themselves and require no response.

34. Plaintiffs' allegations in paragraph 34 consist of legal conclusions that require no response.

35. The allegations in paragraph 35 consist of legal conclusions that require no response.

36. The allegations in paragraph 36 state plaintiffs' objectives in this case and consist of legal conclusions and require no response.

**CHILKOOT INDIAN ASSOCIATION FACTS**

37. The state admits that the Chilkoot Indians are among the aboriginal people who inhabited the area now known as Haines prior to the arrival of the Russians,

and that the Chilkoot Indians are among the aboriginal people who used the trading routes between the coast and the interior. The state admits that Haines was originally called "Dtehshuh" which meant "end of the trail" in the Native language. The state is without information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 37 and therefore denies them.

38. The state admits that Haines is located on the shore of Lynn Canal on the Chilkat Peninsula. The state also admits that S. Young Hall, a Presbyterian minister, built the Willard Mission and school in 1881. The mission was renamed Haines in 1884 in honor of Mrs. F.E. Haines, Secretary of the Presbyterian Women's Executive Society of Home Missions, who had raised funds for the mission's construction. The state is without information sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 38 and therefore denies them.

39. The state admits that the Presbyterian Church (USA) conveyed by quitclaim deed certain property in or near the city of Haines, Alaska to the Chilkoot Indian Association in 1994. The state is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 39 and therefore denies them.

40. The allegations in paragraph 40 state plaintiffs' objectives in this case and consist of legal conclusions and require no response.

**TULUKSAK NATIVE COMMUNITY FACTS**

41. The state is without information sufficient to form an opinion as to the number of tribal members comprising Tuluksak Native Community, and therefore denies that Tuluksak Native Community is comprised of some 353 tribal members. The remaining allegations in paragraph 41 are admitted.

42. The state admits that a quitclaim deed conveying certain property from The Society of the United Brethren for Propagating the Gospel Among the Heathen of Bethlehem, Pennsylvania to the City of Tuluksak was recorded in 1986. The state admits that the city government dissolved in 1997, and that, in 1997, the assets, liabilities and obligations of the inactive City of Tuluksak were conveyed to the Tuluksak IRA Council, representing the Tuluksak Native Community, a federal corporation chartered under the Act of June 18, 1934, as amended by the Act of May 1, 1936. To the extent the allegations in paragraph 42 state plaintiffs' objective in this case and consist of legal conclusions, no response is required. The state is without knowledge sufficient to form a belief as to the truth or falsity of any remaining allegations in paragraph 42 and therefore denies them.

## ALICE KAVAIRLOOK FACTS

43. Admit.

44. Admit.

45. The state admits that ownership of the property transferred from Alice Kavairlook to Bruno Bordonici on or about January 10, 1994. The state is without

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 45 and therefore denies them.

46. Admit.

47. The state admits that the United States District Court for the District of Alaska entered an Amended Preliminary Order of Forfeiture on or about June 24, 2002, forfeiting to the United States all of Mr. Bordonici's right, title and interest in certain real property. The state is without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 47 and therefore denies them.

48. The state admits that plaintiff Kavairlook filed a Petition for Adjudication of Third Party Interest in Property Ordered Forfeited from Defendant Bordonici, but is without information sufficient form a belief as to the truth or falsity of any remaining allegations in paragraph 48 and therefore denies them.

49. Admit.

50. Admit.

51. Admit.

52. The allegations in paragraph 52 state plaintiffs' objective in this case and require no response.

**FIRST CAUSE OF ACTION**

53. Paragraph 53 incorporates allegations in prior paragraphs of the consolidated complaint and the state therefore repeats and incorporates its responses to those allegations.

54. Denied.

## SECOND CAUSE OF ACTION

55. Paragraph 55 incorporates allegations in prior paragraphs of the consolidated complaint and the state therefore repeats and incorporates its responses to those allegations.

56. Denied.

## THIRD CAUSE OF ACTION

57. Paragraph 57 incorporates allegations in prior paragraphs of the consolidated complaint and the state therefore repeats and incorporates its responses to those allegations.

58. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to exhaust administrative remedies available to them as required by law.

2. Some or all plaintiffs lack standing to pursue their claims.

3. Some or all of plaintiffs' claims are barred by the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 et seq.

4. Some or all of plaintiffs' claims are barred by the statute of limitations.

5. Some or all of plaintiffs' claims are not ripe.

6. The Secretary is without authority under 25 U.S.C. § 465 to implement in Alaska the regulations at 25 C.F.R. Part 151.

7. 25 U.S.C. § 465 is unconstitutional because it impermissibly delegates Congressional authority to the Secretary.

8. Some or all of plaintiffs' claims violate valid and enforceable contractual agreements between some or all plaintiffs and the state.

## PRAYER FOR RELIEF

The State of Alaska requests entry of a judgment:

1. declaring 25 C.F.R. Part 151 compliant with 25 U.S.C. § 476(f) and (g);

2. declaring 25 C.F.R. Part 151 constitutional with respect to the due process and equal protection mandates of the Fifth Amendment of the United States Constitution;

3. declaring that 25 C.F.R. Part 151, insofar as it prohibits land in Alaska from being taken into trust status to be within the authority of the Secretary of Interior and in accordance with law;

4. denying plaintiffs' requested injunctive relief pertaining to removing the bar to taking land into trust for Alaska tribes and individual Alaska Natives other than the Metlakatla Indian Community and its members;

5.  denying plaintiffs' requested injunctive relief pertaining to plaintiffs' requests to have lands in Alaska taken into trust or restricted status;

6.  declaring 25 C.F.R. Part 151 consistent with and compelled by the Alaska Native Claims Settlement Act, 43 U.S.C. 1601 et seq;

7.  denying plaintiffs' request for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

8.  denying plaintiff Kavairlook's request to seek, through independent counsel, attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED this 27th day of November 2007.

          TALIS J. COLBERG
          ATTORNEY GENERAL

By:  /s/ J. Anne Nelson
      J. Anne Nelson
      Assistant Attorney General
      Alaska Bar No. 0705023
      1031 West 4th Avenue, Suite 200
      Anchorage, Alaska 99501-1994

      /s/ Elizabeth J. Barry
      Elizabeth J. Barry
      Chief Assistant Attorney General
      Alaska Bar No. 8106006
      1031 West 4th Avenue, Suite 200
      Anchorage, Alaska 99501-1994