IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

AKIACHAK NATIVE COMMUNITY, et al. )
)
Plaintiffs, )
v. )
)
UNITED STATES DEPARTMENT OF )
THE INTERIOR, et al. ) CASE NO. 1:06-cv-969 (RWR)
)
Defendants. )
)

PLAINTIFF KAVAIRLOOK'S OPPOSITION TO MOTION TO INTERVENE

For all the reasons expressed in the opposition being filed by the Tribal Plaintiffs, Plaintiff Alice Kavairlook opposes the State's motion to intervene. She files this opposition to expand on the point mentioned in the penultimate paragraph of the Tribal Plaintiffs' opposition, i.e., that the motion must be denied because the State of Alaska has not fulfilled the prerequisites necessary to waive its Eleventh Amendment immunity, a necessary concomitant of intervention.

Successful intervention as a defendant by the State of Alaska waives the State's Eleventh Amendment immunity. See *Clark v. Barnard*, 108 U.S. 436, 447 (1883); see also *Lapides v. Board of Regents*, 535 U.S. 613, 619 (2002).[1]

---

[1] In *Lapides*, the Court overruled a 1945 precedent that had allowed a state to "regain" its Eleventh Amendment immunity by showing that the litigation decisions made by its Attorney General subjecting the State to federal court jurisdiction had in fact lain outside the authority of that Attorney General:

> Georgia argues that state law, while authorizing its attorney general "[t]o represent the state in all civil actions tried in any court," … does not authorize the attorney general to waive the State's Eleventh Amendment immunity … . Georgia

The question presented here is, if the State's Attorney General lacks the authority to bind the State to the jurisdiction of the federal court unless and until the State Legislature confers that authority, should the federal court nonetheless allow the intervention with full knowledge that

---

> adds that in [*Ford Motor Co. v. Dept of Treasury of Indiana*, 323 U.S. 459 (1945)], this Court unanimously interpreted roughly similar state laws similarly, that the Court held that "no properly authorized executive or administrative officer of the state has waived the state's immunity," 323 U.S. at 469, and that it sustained an Eleventh Amendment defense raised for the first time after a State had litigated a claim brought against it in federal court. That is to say, in *Ford* a State regained immunity by showing the attorney general's lack of statutory authority to waive--even after the State litigated a case brought against it in federal court. Why, then, asks Georgia, can it not regain immunity in the same way, even after it removed its case to federal court?
>
> The short answer to this question is that this case involves a State that voluntarily invoked the jurisdiction of the federal court, while *Ford* involved a State that a private plaintiff had involuntarily made a defendant in federal court. …
>
> But there is a more important answer. In large part the rule governing voluntary invocations of federal jurisdiction has rested upon the problems of inconsistency and unfairness that a contrary rule of law would create. … And that determination reflects a belief that neither those who wrote the Eleventh Amendment nor the States themselves (insofar as they authorize litigation in federal courts) would intend to create that unfairness. As in analogous contexts, in which such matters are questions of federal law, … whether a particular set of state laws, rules, or activities amounts to a waiver of the State's Eleventh Amendment immunity is a question of federal law. A rule of federal law that finds waiver through a state attorney general's invocation of federal-court jurisdiction avoids inconsistency and unfairness. A rule of federal law that, as in *Ford*, denies waiver despite the state attorney general's state-authorized litigating decision, does the opposite. For these reasons one Member of this Court has called for *Ford*'s reexamination. … And for these same reasons, we conclude that *Clark* [*v. Barnard*, 108 U.S. 436 (1883)], *Gunter* [*v. Atlantic Coast Line R. Co.*, 200 U.S. 273 (1906)], and *Gardner* [*v. New Jersey*, 329 U.S. 565 (1947)] represent the sounder line of authority. Finding *Ford* inconsistent with the basic rationale of that line of cases, we consequently overrule *Ford* insofar as it would otherwise apply.

*Lapides v. Board of Regents*, 535 U.S. 613, 622-23 (2002).

the State's accompanying waiver of sovereign immunity is *ultra vires*, or should it require that the State abide by its own requirements to obtain the necessary authorization?

That the Alaska Attorney General cannot waive the State's Eleventh Amendment immunity without legislative authorization is clear under federal case law. "The Constitution of the State of Alaska grants to the Legislature the sole and exclusive power to enact laws establishing the terms and conditions upon which the State may be sued. … The State of Alaska cannot be sued without its consent being expressly granted by legislative authority. The Legislature has not expressly or otherwise consented to suits against the State in federal court. Under the laws of the State, the Attorney General is without authority to waive the State's Eleventh Amendment immunity." *Alaska v. O/S Lynn Kendall*, 310 F.Supp. 433, 434, 435 (D. Alaska 1970).[2]

The State legislature has in fact authorized Alaska's Attorney General to waive Alaska's Eleventh Amendment immunity, but in two narrowly defined circumstances, neither of which is present here. Alaska Statute 44.23.020 provides in relevant part:

> (c) Before January 1, 1999, the attorney general may, in a case that involves the state's title to submerged lands, or in any case in which the state seeks to allocate fault to the federal government or a federal employee under AS 09.17.080, waive the state's immunity from suit in federal court provided under the Eleventh Amendment to the Constitution of the United States. The expiration on January 1, 1999, of the attorney general's authority to waive the state's Eleventh Amendment immunity does not affect existing waivers in ongoing cases.
> …
> (g) The attorney general may, in cases that involve compliance, discharge, or enforcement of responsibilities assumed by the Department of Transportation and Public Facilities under AS 44.42.300, waive the state's immunity from suit in

[2] Citing to Alaska Constitution Art. 2, sec. 21.

federal court provided under the Eleventh Amendment to the Constitution of the United States.

More detailed explanations of these enactments are given in the footnote;[3] but for purposes of this case, the point is that the State can rely on neither of these two provisions here. The first

---

[3] Subsection (c) was enacted in 1997 (Session Laws of Alaska 1997 chapter 3). The legislative history indicates that then-recent decisions of the United States District Court for the District of Alaska had prohibited the attorney general from waiving the state's Eleventh Amendment immunity from suit without express authority from the legislature, and that, although the attorney general had statutory authority to represent the state in all civil actions in which the state was a party, there was no specific legislative authority to waive the Eleventh Amendment immunity where it was in the state's best interest to do so. The representative from the Attorney General's office testified that the legislature would be granting the attorney general the authority to consider entering on a case by case basis, but only in a couple of narrow circumstances. The purpose was to allow the Attorney General flexibility to favorably position the State in two specific lawsuits, one (*Peratovich v. United States*) where the State was seeking to intervene in a federal case to assert tideland ownership in the Tongass National Forest, and another (*Smith v. State*, *Joseph v. State*) where the State, being sued in state court, wanted to apportion damages between itself and the federal government, only attainable by impleading the federal government and anticipating the inevitable removal to federal court. See Minutes of Alaska House Judiciary Committee Hearing on HB 120, February 10, 1997, Attachment A, available on-line at http://www.legis.state.ak.us/basis/get_single_minute.asp?session=20&beg_line=0183&end_line=0552&time=1302&date=19970210&comm=JUD&house=H. See also minutes of Senate Judiciary Committee on HB 120, Feb. 26, 1997, Attachment B, available on-line at http://www.legis.state.ak.us/basis/get_single_minute.asp?session=20&beg_line=0129&end_line=0204&time=1340&date=19970226&comm=JUD&house=S.

Subsection (g) was enacted in 2006 (Sessions Laws of Alaska 2006, chapter 50, sec. 1). The legislative history indicates that Alaska was one of five states selected for a pilot program under which the State could apply for delegation of the responsibilities of the Secretary of Transportation under federal environmental laws. The pilot program required the State to waive its Eleventh Amendment immunity, so that the State could be held accountable in federal court for its environmental assessments or environmental impact statements. See Minutes of Senate Transportation Committee on SB 271, Feb. 14, 2006, available on-line at http://www.legis.state.ak.us/basis/get_single_minute.asp?session=24&beg_line=00069&end_line=00442&time=1340&date=20060214&comm=TRA&house=S; Minutes of House Finance Committee on SB 271, May 3, 2006, available on-line at http://www.legis.state.ak.us/basis/get_single_minute.asp?session=24&beg_line=00456&end_line=00579&time=0851&date=20060503&comm=FIN&house=H.

expired by its own terms in 1999, and the second pertains only to lawsuits filed against the Alaska Department of Transportation and Public Facilities over its implementation of duties delegated to it by the United States Secretary of Transportation.

The narrowness with which the Alaska Legislature granted to the Attorney General the authority to waive Alaska's Eleventh Amendment immunity in 1997 and in 2006 reinforces the absence of authority on the part of the Attorney General to waive Alaska's Eleventh Amendment immunity in other contexts, including here.[4]

The Court should deny the State's motion in the absence of the required legislative authorization to accomplish the concomitant waiver of the State's Eleventh Amendment immunity.

Dated this 10th day of December, 2007.

s/ Andy Harrington
Alaska Bar # 910626
Denise Bakewell, California Bar No. 208660
ALASKA LEGAL SERVICES CORPORATION
1648 South Cushman, Suite 300
Fairbanks, Alaska 99701

s/ Richard Guest
D.C. Bar No. 477572
NATIVE AMERICAN RIGHTS FUND

---

[4] This does not absolutely bar the Attorney General from seeking intervention; it only means that the Attorney General must first obtain the proper authorization from the proper branch of government to do so. (Indeed, the 1997 legislation was passed apparently in part to allow the State to file an intervention motion in a case filed by private plaintiffs against the United States, very analogous to the situation here: *Peratrovich v. United States*, Case No. A92-734-CV (HRH), in the United States District Court for the District of Alaska. See Attachment C.)

Thus, assuming the Court agrees with the reasons given in the Tribal Plaintiffs' Memorandum in Opposition and denies intervention for the State's failure to meet the requirements of Rule 24, there is no need to reach this Eleventh Amendment point.

1712 N Street, N.W.
Washington, D.C. 20036
(202) 875-4166

Certificate of Service

The undersigned hereby certifies that on the 10th day of December, 2007, a true and correct copy of Alice Kavairlook's Opposition to Motion to Intervene in the above-captioned case was served by electronic means upon the following:

Daniel G. Steele
Daniel.steele@usdoj.gov
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0482
For the Defendants

Heather Kendall Miller
kendall@narf.org
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501

On the same date a true and correct copy of Alice Kavairlook's Opposition to Motion to Intervene in the above-captioned case was served by other means upon the following:

Elizabeth Jeanne Barry
STATE OF ALASKA DEPARTMENT OF LAW
1031 West 4th Avenue
Suite 200
Anchorage, AK 99501

J. Anne Nelson
OFFICE OF THE ATTORNEY GENERAL
1031 West Fourth Avenue
Suite 200
Anchorage, AL 99501-1994

s/ Andrew Harrington