**Committee Minutes**

**Feb 26, 1997**

<u>HB 120 STATE IMMUNITY FROM SUIT IN FED COURT</u>

SUSAN COX, Chief of the Civil Division, Department of Law, noted her presence and offered to answer any questions the committee may have on the tort aspect of HB 120.

REPRESENTATIVE BILL HUDSON, sponsor of HB 120, gave the following overview. He introduced HB 120 in concert with the Department of Law and other legal counsel because the State of Alaska is presented with a rare opportunity to improve its situation in two pending court cases. The Eleventh Amendment to the U.S. Constitution prohibits suits against states in federal court from damages brought by citizens of that state but on occasion it is procedurally advantageous for a state to waive its Eleventh Amendment immunity to have a case heard in federal court. The Attorney General may waive the State's immunity only by express authority of the Legislature; HB 120 provides that consent. There are two such cases before the State at this time. The first case is <u>Peratovich v. United States</u> where the State is asserting tideland ownership in the Tongass National Forest. This case creates a prime opportunity for the State to assert that ownership, but absent its ability to get into the federal court case, the State has no standing. The second case is the <u>Smith v. State</u> and <u>Melba Joseph et.al. v. State</u> in which the State has been sued by approximately 150 residents of Hooper Bay because of excess floride in Hooper Bay's public water system. In this case, a fair allocation for apportionment of tort claims against both the federal and state governments can only occur if the case is heard in federal court, because the federal government can only be sued in federal court. The purpose of HB 120 is to allow the Attorney General flexibility to favorably position the State in these two lawsuits.

CHAIRMAN TAYLOR commented he has discussed this case thoroughly with Joanne Grace and appreciates the opportunity available to the State. He has been assured by Ms. Grace the Administration, for some political reason, will not bail out on this case after getting it started.

Number 100

JOANNE GRACE, Assistant Attorney General, testified she believes the State will prevail in the tidelands case because it has a very strong case for ownership of submerged lands. If the Department of Law was able to bring suit directly against the United States, it would do so immediately but in light of jurisdictional problems, it would like to use this case as a vehicle for litigation.

CHAIRMAN TAYLOR asked, if the State were to take corporate lands conveyed to one of the regional corporations under ANILCA that abut the waters of Southeast Alaska, whether a conflict with sovereignty claims extended to those lands would exist, as opposed to the claims the State may make on lands adjacent to those properties.

MS. GRACE did not believe that would be a problem as to tidelands in territorial sea, because when the United States conveys the uplands abutting those areas, it doesn't generally purport to convey the tidelands or the territorial sea. That is not true, however, of the inland waters in the Tongass. If the United States takes the position that it has defeated the State's title to the inland waters in the Tongass, then those waters, navigable, or non-navigable, would be owned by Native Corporations and could be subject to Indian Country sovereignty claims. This case will only address tidelands in territorial sea. If the State prevails on tidelands in territorial sea, it will help the State's position on inland waters as well.

Number 141

SENATOR PARNELL said he was considering amending the title of HB 120 to maintain the narrow focus and prevent any mischief by the Legislature. CHAIRMAN TAYLOR reminded Senator Parnell it is a house bill.

SENATOR MILLER moved CSHB 120(JUD) out of committee with individual recommendations. There being no objection, the motion carried.