UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY, <u>et al</u>., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) )   Civil Action No. 1:06-cv-0969 (RWR) ) |
| DEPARTMENT OF THE INTERIOR, <u>et al</u>. | ) ) ) |
| Defendants. | ) ) ) |

PLAINTIFFS' OPPOSITION TO MOTION OF STATE OF ALASKA FOR STAY

No stay should be ordered. This motion is not being filed by one of the parties, but by a proposed intervenor. The parties have already expressed "the need for them to act quickly to ready this case for court resolution," Joint Status Report filed Nov. 21, 2007, Doc. 16.

This case was filed May 24, 2006, roughly 20 months ago. The State's motion to intervene was filed November 27, 2007, after the case had been pending 18 months.[1] The State offered no explanation of why it waited so long to intervene,[2] and now it offers no

---

[1] A motion to intervene filed 14 months after the complaint may be denied as untimely depending on the circumstances, see *United States Football League v. National Football League*, 110 F.R.D. 521 (S.D.N.Y. 1986).

[2] Where a would-be intervenor offers no explanation for a delay in seeking intervention, and does not claim that it did not have actual knowledge of the proceeding, the court may conclude that the movant's failure to seek intervention earlier may have been an informed and tactical one. See *Moten v. Bricklayers, Masons & Plasterers International*, 543 F.2d 224, 228 (D.C.Cir. 1976).

explanation of why it did not seek this stay at the time it sought intervention.[3] Had a stay been sought simultaneously with intervention, Plaintiffs might well have added untimeliness to its bases for urging the court to deny intervention; as it is, the State itself asserted in support of its intervention motion that "no party would be prejudiced by the State's participation as an intervenor,"[4] and Plaintiffs have not opposed the State's intervention motion as untimely (although it is opposed on other grounds). But by filing for this stay separately, the State now presents the parties and the court with the first glimpse of the prejudice it asserted was absent when it moved to intervene.

Assuming the motion to intervene is denied, then any stay pending that denial will have been baseless. Assuming on the other hand that the motion to intervene is granted, "one of the most usual procedural rules is that an intervenor is admitted to the proceeding as it stands …".[5] As it stands, the parties have agreed, and this Court has ordered, that a proposed briefing schedule be filed by January 15. A late-filing prospective intervenor should not be allowed to disrupt that timetable.

The State argues it "would like the opportunity to participate as a party in the process of developing the administrative record and the briefing schedule, as well as the other [unspecified] substantive matters that may occur in this case pending determination of Alaska's intervention motion."

---

[3] The State was certainly aware that intervention would be opposed, Motion to Intervene, filed Nov. 27, 2007, Doc. 18.

[4] Alaska's Memorandum of Points and Authorities in Support of its Motion to Intervene, Doc. 18-2 at 10.

[5] *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1044).

Upon information and belief, the Defendants have already supplied the State with same tentative compilation of the administrative record that it supplied to Plaintiffs, a relatively slim one, approximately November 30, 2007. The State has had this tentative compilation record for about a month, but its motion for stay sheds no light on any changes it might suggest to that record; nor is there any indication that the federal Defendants would refuse to propose to Plaintiffs any legitimate suggestions the State might proffer with respect to that record, regardless of the State's non-party status.

The responsibility for developing the administrative record is that of the agency.[6] Supplementation of that record is appropriate if documents have been excluded by the agency that were (1) known to the agency at the time it made its decision, (2) directly related to that decision, and (3) adverse to that decision.[7] Here, since the State is aligned with the Secretary's decision, any documents that meet these criteria are hardly documents that the State will want to include in the record through supplementation.

The fact that review is going to be primarily on the record[8] means that opportunities for creative development of the underlying facts by a party are extremely limited: "the focal point for judicial review should be the administrative record already in

---

[6] "[C]ourts in this [D.C.] Circuit have directed agencies to collect those materials 'that were compiled by the agency that were before the agency at the time the decision was made'." *Fund for Animals v. Williams,* 391 F.Supp. 2d 191, 196 (D.D.C. 2005). See also *Rodway v. U.S. Dept. of Agriculture*, 514 F.2d 809, 817 (D.C.Cir. 1975).

[7] *Fund for Animals v. Williams,* 391 F.Supp. 2d 191, 198 (D.D.C. 2005).

[8] "[T]he DOI does not dispute Akiachak's contention that given that the relief sought in this case is a declaratory judgment that DOI's regulation violates the IRA, the APA and the Constitution, the court will be limited to review of the administrative record," Memorandum Opinion and Order, August 21, 2007, Doc. 11, at 6.

existence, not some new record made initially in the reviewing court."[9]  Status as a "party" in an APA review is thus less empowering than it would be in other species of civil litigation.  The State as an amicus curiae can file a brief telling the Court what it should do – which is essentially what the Plaintiffs and Defendants will be doing.

In short, the State points to no manner in which the Secretary's compilation of the record is inadequate or is likely to prejudice its interests.[10]  There is no need to stay that stage of preparation of the case.

Turning to the State's asserted interest in helping to develop the briefing schedule: assuming the Court allows the State to participate as an amicus curiae, such that its brief opposing Plaintiffs' anticipated motion for summary judgment would presumably be due simultaneously with the opposition to be filed by the federal defendants, and further assuming that the Federal Defendants ignore whatever time frames the State prefers, and that the State finds it difficult or impossible to abide by the briefing schedule, an amicus curiae can move for an extension as readily as can a party.  There is no need to stay that stage of preparation of the case either.

The Court should also note that, although the motion and the memorandum only refer to a stay until a decision is issued on Alaska's Motion to Intervene, the proposed order calls for a stay "until such time as the Court has ruled on the State of Alaska's

---

[9] *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

[10] By contrast, the Plaintiffs are anxious to get access to approximately 20 documents the Secretary has listed on his privilege log, and it is anticipated that the issue over whether the Secretary's asserted privilege should keep those documents out of the record may well be presented to the court.

Motion to Intervene *and any appeal of that decision has been determined*" (emphasis added). Neither the motion nor the memo supports, or even seeks, a stay of that duration or on those terms.[11]

The State has made no showing that a stay is necessary or advisable. The motion should be denied.

DATED this 9th day of November, 2007.

/s
Richard Guest
D.C. Bar No. 477572
NATIVE AMERICAN RIGHTS FUND
1712 N Street, NW
Washington DC, 20036
(202) 785-4166

/s
Heather Kendall Miller, pro hac vice
Alaska Bar 9211084
Native American Rights Fund
420 L Street Suite 505
Anchorage AK 99501
907-276-0680
Attorney for Plaintiffs Akiachak Native Community, Chalkyitsik Village, Chilkoot Indian Association, and Tuluksak Native Community (IRA)

/s
Andrew Harrington, pro hac vice, Alaska Bar 8106026
Denise Bakewell, pro hac vice, California Bar 208660
Alaska Legal Services Corporation
1648 South Cushman Suite 300
Fairbanks AK 99701
907-452-5181
Attorneys for Plaintiff Alice Kavairlook

---

[11] And since a denial of intervention is appealable, whereas a grant of intervention is not, it is clear that this provision of the proposed order is unilateral in its application.