UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY <u>et al.</u>,<br><br>Plaintiffs<br>v.<br>DEPARTMENT OF THE INTERIOR, <u>et al.</u>.,<br><br>Defendants | No. 1:06-cv-00969 (RWR) |

**ALASKA'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS**

The State's motion to stay essentially amounts to a motion for the Court to rule on Alaska's intervention before determining any other administrative issues or ruling on any other substantive motions in the case. "A district court has a broad discretion in granting or denying stays so as to 'coordinate the business of the court efficiently and sensibly.'" *McSurely v. McClellan*, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting *Landis v. North American Co.,* 299 U.S. 248, 255 (1936)). A timely ruling on Alaska's intervention motion, prior to entry of any scheduling orders or ruling on any other substantive matters, could obviate its motion to stay. Should efficient and sensible coordination of the business of the Court require that the Court defer ruling on Alaska's intervention motion, however, Alaska simply requests that the Court also defer ruling on other scheduling and substantive matters before addressing the State's request to intervene.

Plaintiffs' opposition to the State's motion to stay rests largely on the assertion that staying proceedings until the Court rules on the State's intervention motion would prejudice the parties. The plaintiffs, however, do not demonstrate that they would suffer any prejudice from having the Court rule first on Alaska's intervention motion before addressing any other administrative or substantive issues in the case. Plaintiffs allege only that the grounds for the stay would be baseless if the State's intervention motion is denied. Plaintiffs have alleged no specific harm that would result to them (or the defendants) if the Court deferred entry of any orders concerning case management or substantive issues until it has ruled on Alaska's intervention motion and any appeal of that decision has been decided.[1] On the other hand, the potential exists for prejudice to all parties in the form of motion practice and scheduling adjustments that could result from permitting the case to continue during deferred action on the State's intervention motion. Alaska would be particularly prejudiced by not being a participant in the case as it would be unable to defend itself or advance its interests on substantive matters if the case continued and resolution of its intervention motion were unduly delayed.

---

[1] Plaintiffs' present claims of urgency ring hollow given time that has elapsed since the agency actions that Plaintiffs' allege give rise to their complaints. Rescission of the Fredericks Opinion occurred on January 16, 2001. Withdrawal of the final rule announcing that the ban on taking land into trust in Alaska would be maintained for three years during which the ban would be reevaluated was issued on November 9, 2001. Plaintiff Tribes did not file their complaint until May, 24, 2006, and Plaintiff Kavairlook did not file hers until July 6, 2006.

Alaska's Reply Memorandum in Support of Its Motion to Stay: *Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969
Page 2 of 5

Plaintiffs argue that Alaska would not be prejudiced if it were excluded from participating in the case pending resolution, even favorable resolution, of its intervention motion. Pls.' Stay Opp. Mem. at 3-4. Plaintiffs' arguments largely repeat those made in their opposition to Alaska's intervention motion, and rely heavily on the assertion that Alaska's interests are adequately represented by the federal defendants. Plaintiffs, however, are wrong. The State has a unique interest as a party to the settlement codified in ANCSA, 43 U.S.C. §§ 1601 *et seq*. State of Alaska's Intervention Mem. at 13-14. The State asserts that Plaintiffs waived and released all claims based on aboriginal title, including claims of entitlement to the kind of regulatory jurisdiction that would result if their fee lands were taken into trust by the Secretary. *Id.*; State of Alaska's Intervention Reply Mem. at 3-6. The interests of the federal defendants in upholding the ANCSA settlement are not the same as those of Alaska. Nor do they share Alaska's sovereign interests in preserving regulatory jurisdiction over land within its borders. Alaska would be prejudiced if substantive issues in the case were litigated without the State's participation.

Plaintiffs assume that Alaska will not challenge the completeness of the agency record or the appropriateness of the agency's privilege log because, Plaintiffs wrongly assert, the State's interests are the same as the federal defendants. Pls.' Stay Opp. Mem. at 3, 4. It would be inappropriate for Alaska to take a position with respect

to the agency record and the privilege log unless and until Alaska is in the case.[2] Furthermore, Alaska's interest in the contents of the agency record and the federal defendants' privilege log may not necessarily be aligned with those of the federal defendants. Additionally, Alaska has pled affirmative defenses, including jurisdictional issues, the proof of which is not limited to the agency record.

Plaintiffs assert that "status as a 'party' in an APA review is [] less empowering than it would be in other species of civil litigation." *Id.* at 4. APA litigation is no less empowering than other types of litigation in determining the legal rights of the parties. The substantive issues in this case affect the State of Alaska's sovereign interests as well as its rights as a party to a landmark land claims settlement. This lawsuit will determine the legal rights of the parties, and of Alaska, just as definitively as any other non-APA case.

Finally, Plaintiffs assert that Alaska's motion to stay indicates that the State's intervention motion is untimely, resulting in prejudice to the Plaintiffs. Pls.' Stay Opp. at 1-2. Again, Plaintiffs allege no particular harm that they would suffer because of the timing of the State's motions. It is true that Alaska filed its motion to intervene 18 months after the Plaintiff Tribes filed their complaint and 16 months after Plaintiff Kavairlook filed hers. However, the only substantive issue determined during that time

---

[2] In fact, Plaintiff's implied assertion that Alaska should advance substantive positions with respect to the agency record and privilege log at this stage of the case directly conflicts with Plaintiffs' earlier assertion that the requested stay should not be granted because Alaska is not currently a party to the case. *Id.* at 1, 3.

Alaska's Reply Memorandum in Support of Its Motion to Stay: *Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969
Page 4 of 5

was the Defendants' motion to transfer venue. The State's intervention motion, with its proposed answer, was filed on November 27, 2007, the same day as the federal defendants' answer. Plaintiffs have suffered no prejudice.

For the reasons stated in its Motion to Stay Proceedings and this Reply, the State of Alaska respectfully requests that the Court defer entry of any orders pertaining to case management or substantive issues until it has ruled on Alaska's Motion to Intervene and any appeal of that ruling has been determined.

DATED this 14th day of January, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

By:
/s/ J. Anne Nelson
J. Anne Nelson
Assistant Attorney General
Alaska Bar No. 0705023
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994

/s/ Elizabeth J. Barry
Elizabeth J. Barry
Chief Assistant Attorney General
Alaska Bar No. 8106006
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994