UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY <u>et al.</u>,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF THE INTERIOR, <u>et al.</u><br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 1:06-cv-00969 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR DISCOVERY**

**Introduction**

The Court's Memorandum Opinion and Order of August 21, 2007 noted that Akiachak (collectively referred to as "Plaintiffs") and the United States Department of the Interior ("Interior") were in agreement that judicial review will be limited to the administrative record. <u>Akiachak Native Community, et al. v. Dept. of the Interior, et al.</u>, 502 F. Supp. 64, 68 (D.D.C. 2007). Thereafter Interior began the process of assembling an administrative record ("AR") relating to the claims raised in the Complaints.[1]  Pursuant to the parties' goal of reaching agreement on the content of an AR, Defendants forwarded the Plaintiffs a draft of the record as then assembled on December 3, 2007. Following Plaintiffs' review, the parties met and conferred via telephonic conferencing and electronic mail transmissions and continue to do so anticipating that a stipulated and certified AR can be filed shortly without the need for later

---

[1]  Defendant preserves applicable jurisdictional and other defenses concerning the claims raised in the Plaintiffs' Complaints. Compilation of a record is not intended to waive any applicable defenses that Defendants may raise at a later time.

supplementation.

Along with delivery of a draft AR, Plaintiffs received a log of documents which were not forwarded to the Plaintiffs ("Privileged Document Log"). Defendants have determined that these documents are protected from release by governmental privileges and not susceptible to inclusion in the draft or final AR. On December 21, 2007, Plaintiff Kavairlook's attorney served on the Defendants Plaintiffs' First Request for Discovery.

Plaintiffs' First Request for Discovery listed <u>seriatim</u> the documents they seek to have produced. Plaintiffs' request release of the following documents:

| Doc. No. | Date | Document |
|---|---|---|
| 1 | 09/14/1995 | E-mail from Robert Anderson to John Leshy regarding Alaska gaming lawsuit |
| 2 | 09/15/1995 | E-mail from John Leshy to Lauri Adams regarding Venetie appeal |
| 3 | 01/29/1996 | E-mail from Lauri Adams to Roger Hudson regarding trust land acquisitions in Alaska |
| 4 | 04/04/1996 | Note from Wayne Nordwall to Bob Anderson regarding amendment to land acquisition regulations |
| 5 | 05/09/1996 | Letter from Lynn Peterson to Robert Bundy regarding acquisition of trust land on behalf of Indians |
| 6 | 02/18/1997 | Memorandum from Lauri Adams to John Leshy regarding impact and implications of 9th Circuit's decision in Venetie |
| 7 | 03/04/1997 | E-mail from Roger Hudson to Lauri Adams regarding Sandra Ashton's memo regarding taking land into trust |
| 8 | 05/06/1997 | Memorandum from Sandra Ashton to Carol Russel regarding Indian Country in Alaska |
| 9 | 07/18/1997 | E-mail from Scott Keep to Sandra Ashton regarding implications of DOI taking land into trust in Alaska |

| | | |
|---|---|---|
| 10 | 07/26/1997 Thru 8/18/1997 | Working drafts of a proposed memorandum from the Solicitor to the Secretary regarding acquisition of land in trust for Alaska Natives and tribes |
| 11 | 08/13/1997 | E-mail from Roger Hudson to John Leshy regarding proposed edits to 08/12/1997 draft of Alaska trust lands memo |
| 12 | 08/15/1997 | E-mail from Roger Hudson to John Leshy regarding comments on Alaska trust lands memo received 08/15/1997 |
| 13 | 08/18/1997 | E-mail from Roger Hudson to John Leshy regarding Alaska trust lands memo and latest version to same |
| 14 | 08/18/1997 | E-mail from John Leshy to Sandra Ashton regarding edits to Alaska lands draft memo |
| 15 | 08/18/1997 | E-mail from Bob Anderson to Heather Sibbison regarding Alaska trust lands |
| 16 | 04/2/1999 | E-mail from Roger Hudson to Dennis Hopewell regarding proposed regulations governing acquisitions of land in trust |
| 17 | 05/18/1999 | E-mail from Roger Hudson to Marilyn Heiman regarding draft revisions to 25 C.F.R. part 151 |
| 18 | 02/26/1999 | Working draft of proposed amendment to rule, 25 C.F.R. Part 151 |
| 19 | 08/16/2000 | Fax cover sheet in connection with transmission of documents regarding acceptance of land in trust in Alaska |
| 20 | 08/17/200 | E-mail from Roger Hudson to John Leshy regarding a "heads up" in relation to taking land in trust in Alaska |
| 21 | 12/21/2000 | E-mail from Roger Hudson to Laurie Adams regarding taking land in trust in Alaska and final rule revising 25 C.F.R. Part 151 |
| 22 | 01/26/2001 | E-mail from Lauri Adams to Roger Hudson regarding taking lands in trust in Alaska |
| 23 | 01/05/2001 | E-mail from Mary Anne Kenworthy to Roger Hudson regarding 25 C.F.R. Part 151 regulations with relation to taking land in trust in Alaska |

| | | |
|---|---|---|
| 24 | 04/25/2001 | E-mail from Roger Hudson to Mary Anne Kenworthy regarding taking land in trust in Alaska |
| 25 | 04/25/2001 | E-mail from Scott Keep to Mary Anne Kenworthy regarding taking land in trust in Alaska |
| 26 | 02/05/2002 | E-mail from Mary Anne Kenworthy to Phil Hogan regarding lands in trust in Alaska |

**Defendants' Responses to Request for Production of Documents**

Defendants respond to each of the Plaintiff's request for the above-identified document as follows:

Request for Production of Document 1: Defendant objects to production of Document 1 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 2: Defendant objects to production of Document 2 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 3: Defendant objects to production of Document 3 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 4: Defendant objects to production of Document 4 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 5: Defendant objects to production of Document 5 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 6: Defendant objects to production of Document 6 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 7: Defendant objects to production of Document 7

–4–

which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

<u>Request for Production of Document 8</u>:  Defendant objects to production of Document 8 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

<u>Request for Production of Document 9</u>:  Defendant objects to production of Document 9 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

<u>Request for Production of Documents 10</u>:  Defendant objects to production of Documents 10 which are subject to the Attorney-Client privilege, deliberative process privilege, and constitute Attorney work product.

<u>Request for Production of Document 11</u>:  Defendant objects to production of Document 11 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

<u>Request for Production of Document 13</u>:  Defendant objects to production of Document 13 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

<u>Request for Production of Document 14</u>:  Defendant objects to production of Document 14 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

<u>Request for Production of Document 15</u>:  Defendant objects to production of Document 15 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

<u>Request for Production of Document 16</u>:  Defendant objects to production of Document 16 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

<u>Request for Production of Document 17</u>:  Defendant objects to production of Document 17 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

<u>Request for Production of Document 18</u>:  Defendant objects to production of Document 18 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 19: Defendant objects to production of Document 19 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 20: Defendant objects to production of Document 20 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 21: Defendant objects to production of Document 21 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 22: Defendant objects to production of Document 22 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 23: Defendant objects to production of Document 23 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 24: Defendant objects to production of Document 24 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 25: Defendant objects to production of Document 25 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Request for Production of Document 26: Defendant objects to production of Document 26 which is subject to the Attorney-Client privilege, and constitutes Attorney work product.

Dated this 24th day of January, 2008.

Respectfully submitted,

/s/*Daniel G. Steele*

| | |
|---|---|
| Of Counsel: | Daniel G. Steele |
| David Moran | D.C. Bar No. 962894 |
| Attorney-Advisor | U.S. Department of Justice |
| Division of Indian Affairs | Environment and Natural Resources |
| Office of the Solicitor | Division |
| U.S. Department of the Interior | General Litigation Section |
| 1849 C Street, N.W.   MS 6513 | P.O. Box 663 |
| Telephone: (202) 208-3358 | Washington, D.C.   20044-0482 |
| Fax:       (202) 219-1791 | Tel: (202) 305-0484 |
| | Fax: (202) 305-0506 |
| | For the Defendants |

–7–