```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

_____
                               )
AKIACHAK NATIVE COMMUNITY,     )
et al.,                        )
                               )
          Plaintiffs,          )
                               )
     v.                        )   Civil Action No. 06-969 (RWR)
                               )
DEPARTMENT OF THE INTERIOR,    )
et al.,                        )
                               )
          Defendants.          )
_____)
```

## SCHEDULING ORDER

In light of the parties' January 15, 2008 joint status report and motion for a scheduling order, it is hereby

ORDERED that the joint motion [29] for a scheduling order be, and hereby is, GRANTED. It is further

ORDERED that:

1. Defendants shall file the administrative record by February 11, 2008.

2. Dispositive motions shall be filed no later than forty days from
   a. the date defendants produce the documents required by the court, if plaintiffs' motion to compel is granted in whole or in part; or
   b. the date of the court's order denying the motion to compel.

3. All discovery disputes shall be referred to a Magistrate Judge. Before bringing a discovery dispute to the Magistrate Judge, the parties shall confer in good faith in an effort to resolve the discovery dispute, and parties are warned that failure to do so will result in sanctions. Moreover, if any judicial officer is called upon to resolve a discovery-related

- 2 -

**motion**, the losing party's **attorney** (or the losing party if *pro se*) shall be sanctioned pursuant to Federal Rule of Civil Procedure 37(a)(4).

    4.   **Court dates and any deadline for the close of discovery may be continued only by leave of the undersigned.**  A motion for a continuance of a court date must include alternative dates that have been agreed to by all parties.  Failure to provide such information may result in denial of the motion.

    5.   **Deadlines (other than any deadline for the close of discovery) may be altered, when all parties consent, by the filing of a Consent Notice specifying the altered deadlines and stating all parties' consent.  The altered deadlines shall be effective upon the filing of the Consent Notice; no court Order shall be required.**

    6.   Any motion that does not comply with Local Civil Rule 7(c) or 7(m) may be, *sua sponte*, denied.  Every motion for summary judgment and opposition to such a motion must comply with Local Civil Rule 56.1.  Every statement of undisputed material facts accompanying such a motion and every separate concise statement of genuine disputed issues accompanying such an opposition must be set forth in separately numbered paragraphs.  Every opposition to a motion for summary judgment must contain a response to the statement of undisputed material facts that sets forth each paragraph of the movant's statement and immediately following each such paragraph sets forth the opponent's response to those facts along with specific references to the parts of the record relied upon to support the response.  If an opposition fails to include a separate concise statement of genuine disputed issues, or a response to the statement of undisputed material facts, or specific references to the parts of the record relied upon to support the statement or response, the court may treat as

- 3 -

conceded any facts asserted in the movant's statement of undisputed material facts.

7. The parties and their counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a magistrate judge. If the case settles in whole or in part, plaintiff's counsel shall advise the Court by promptly filing a stipulation.

8. Parties' written communication with the Court is to be by motion, opposition, and reply, rather than by letter. Oral inquiries concerning the status or scheduling of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Linda Romero, (202) 354-3166, rather than to chambers. If Ms. Romero is unavailable, such inquiries shall be directed to the staff person in the Clerk's Office designated as her substitute. In an emergency, however, chambers can be reached at (202) 354-3400.

SIGNED this 6th day of February, 2008.

                                                                              /s/
                                          RICHARD W. ROBERTS
                                          United States District Judge