UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:06-cv-00969 (RWR) |
| DEPARTMENT OF THE INTERIOR, et al. | ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS RESPONSE TO STATE OF ALASKA'S RENEWED MOTION TO STAY PROCEEDINGS**

Defendants, the United States Department of the Interior and the Secretary of the Department of the Interior, Dirk Kempthorne, respond to the State of Alaska's Renewed Motion to Stay Proceedings filed on April 9, 2008.

In accordance with the Court's Order of February 6, 2008, Plaintiffs and Defendants are to file dispositive motions 40 days from the date of resolution of a discovery dispute between the parties. This dispute was resolved on March 11, 2008 when Plaintiffs withdrew their pending Motion to Compel. Thus, dispositive motions are now scheduled to be filed no later than April 21, 2008. However, pending before the Court is the State of Alaska's Motion to Intervene and its renewed Motion to Stay Proceedings in which the State again raises avowed and genuine interests in the litigation and requests that briefing be stayed until such time the Court decides the State's Motion to Intervene.

In support of the relief requested by the State of Alaska, Defendants submit that the lands into trust issue underlying the immediate relief sought by Plaintiffs – that, inter alia, the Court

order Defendants to accept and consider Plaintiffs' request to have lands in Alaska taken into trust or restricted status on their behalf (Consolidated Compl., Prayer for Relief, Part V), undeniably has important implications for the State of Alaska.  The Alaska Native Claims Settlement Act of 1971 ("ANCSA"), 43 U.S.C. §§ 1601 et seq., an Alaska-specific statute which, in part, sought to settle aboriginal land claims "without creating a reservation system or lengthy wardship or trusteeship . . . ." (43 U.S.C. § 1601(b)) assures the State of Alaska an important role in the implementation of the Statute at both at the State and local levels.

Thus, without question, the issues at stake in this suit would affect those governmental responsibilities of the State of Alaska as contemplated by ANCSA.  Accordingly, Defendant agrees with the State's view that it has "direct interests" in this case and that deferral of a briefing schedule until a final decision on the State's Motion to Intervene has been rendered is in the interests of justice and judicial economy.

Dated this 11th day of April, 2008.

Respectfully submitted,

*/s/ Daniel G. Steele*
D.C. Bar No. 962894
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0482
Tel: (202) 305-0484
Fax: (202) 305-0506
Attorney for the Defendants

Of Counsel:
David Moran
Attorney-Advisor
Division of Indian Affairs
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, N.W.   MS 6513
Telephone: (202) 208-3358
Fax:          (202) 219-1791

## CERTIFICATE OF SERVICE

I, Daniel G. Steele, hereby certify on this 11th day of April, 2008 I have caused the foregoing Defendants' Response to State of Alaska's Renewed Motion to Stay Proceedings to be served by electronic filing on the following counsel:

> Richard A. Guest, Esquire
> 1712 N Street, N.W.
> Washington, D.C.  20036-2976
>
> Andrew Harrington, Esquire
> Alaska Legal Services Corporation
> 1648 South Cushman, Suite 300
> Fairbanks, AK 99701
>
> Heather Kendall Miller, Esquire
> Native American Rights Fund
> 420 L Street, Suite 505
> Anchorage, Alaska  99501

                                                                                         /s/Daniel G. Steele
                                                                                         Daniel G. Steele