UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 06-0969 (RWR) ) |
| DEPARTMENT OF THE INTERIOR, et al. | ) PARTIAL OPPOSITION TO ) DEFENDANTS' MOTION FOR FIRST ) EXTENSION OF TIME TO FILE |
| Defendants. | ) DISPOSITIVE MOTION AND BRIEF ) |

Plaintiffs oppose in part defendants' motion for an extension of time.

Plaintiffs do not want to waive any argument that defendants may have waived some defenses by failing to file by the dispositive motions deadline. Plaintiffs, although generally willing to stipulate to extensions, want to avoid inadvertent waiver of a valid potential argument that defendants have waived one or more of their affirmative defenses by not meeting the deadline for filing dispositive motions based thereupon. True subject-matter jurisdiction arguments can be raised at any time, Rule 12(h)(3), and plaintiffs' own motion for summary judgment allows defendants to argue that summary judgment on the merits should be entered in their favor,[1] but some of defendants' affirmative defenses may be waivable if not timely raised.[2] Without knowing more about the content

---

[1] *Ferag AH v. Grapha-Holding AG*, 905 F.Supp. 1, 7 (D.D.C. 1995).

[2] *E.g.*, the limitations defense, see *Smith v. District of Columbia*, 430 F.3d 450 (D.C.Cir. 2005) (Employment discrimination claimant missed 90-day deadline after EEOC "right-to-sue" letter; defendant's motion for summary judgment based on that untimeliness was itself untimely, but district court nonetheless granted summary judgment for defendant,

of defendants' motion, plaintiffs feel obliged to err on the side of caution and object.

  The "good cause" required by Rule 6 is not made out in the recitations of counsel. Although sympathetic with the pressures imposed by other cases, and equally sympathetic with the family obligations mentioned therein, there is no indication that these matters were in any way unforeseen or unforeseeable at the time defendants stipulated that dispositive motions would be due 40 days after resolution of the discovery dispute.[3] Although it is understandable that counsel needs to spend time on the Oneida land-into-trust request, it must be recalled that plaintiffs seek only recognition of their right to submit a request like that currently being processed for the Oneida tribe. It has been now eleven years since the Interior Department internally concluded that it does in fact have the authority to consider such petitions from Native Alaskans and their villages,[4] and seven years since the Department formally withdrew its prior opinion to the contrary,[5] at both junctures deciding that it should nonetheless perpetuate the "Alaska ban" in its regulations, a procrastination decision plaintiffs claim is contrary to law. In those years, numerous children have been born into Alaska Native villages, including

---

despite absence of motion to accept late filing; Court of Appeals reversed, holding district court had abused its discretion, and remanded for trial on discrimination claim.)

[3] As one District Court put it, "All of these are valid reasons and the Court has no doubt that counsel has been scrupulously honest in its dealings with the Court. However, sincerity is not a substitute for responsibility." *Butler v. Donovan*, 103 F.R.D. 456, 457 (D.D.C. 1984).

[4] AR 814, 887.

[5] AR 619.

*Akiachak Native Community et al. v. Dept of Interior et al.*, 1:06-cv-969 RWR
Plaintiffs' Opp to Defendants' Motion for Ext to File Dispositive Motions, page 2

those of the plaintiffs, subjected to the heightened risks of Fetal Alcohol Spectrum disorder, domestic violence, and teen suicide, all linked to the struggles of plaintiffs and others to control the alcohol too often flooding their communities,[6] a struggle of which this lawsuit is a part.[7] Further delay is unwarranted.

<u>Plaintiffs request that any extended deadline for jurisdictional motions be chosen to avoid interfering with defendants' capacity to respond timely to plaintiffs' summary judgment motion.</u>  Under LCvR 7(b), defendants' response to plaintiffs' dispositive motion will be due Friday May 2.  If the Court sets a date of Monday May 5, defendants may not be able to comply with both deadlines.  Plaintiffs respectfully request that the Court set the extended deadline for defendants' jurisdictional motion further away from the May 2 date (e.g., May 19), to avoid the necessity of another motion for extension for one or the other or both.  The District Court has wide discretion in deciding on defendants' motion[8] and it is appropriate for that discretion to be exercised here.[9]

---

[6] See Draft Interim Report of the Alaska Rural Justice and Law Enforcement Commission (2005), pages 9-11 ("[M]ost difficult social problems in the Native community – from high rates of suicide to domestic violence and child abuse – can be traced in large part to alcohol," quoting *Status of Alaska Natives Report 2004, Volume I*. (University of Alaska Anchorage, May 2004, 3-24).  The ARJLEC report is available at: http://www.akjusticecommission.com/uploaded_documents/Draft%20Interim%20Report-2%20non%20-redline%20version.doc

[7] See consolidated complaint (Docket 15), paragraphs 26-27, 31-36.

[8] *Wilson v. Prudential Fin*., 218 F.R.D. 1, 3 (D.D.C. 2003).

[9] See *Williams v. Johanns*, 2007 U.S. Dist. Lexis 60039 at 11 (D.D.C. 2007) (warning that no further extensions will be allowed).

*Akiachak Native Community et al. v. Dept of Interior et al*., 1:06-cv-969 RWR
Plaintiffs' Opp to Defendants' Motion for Ext to File Dispositive Motions, page 3

/s/ Heather Kendall Miller
Alaska Bar No. 9211084
NATIVE AMERICAN RIGHTS FUND
420 L Str. Suite 505
Anchorage, Alaska 99517
Telephone: (907) 276-0680
Facsimile: (907) 276-2466
Email: kendall@narf.org

/s/ Andrew Harrington
Alaska Bar No. 9106026
Denise Bakewell, California Bar No. 208660
ALASKA LEGAL SERVICES CORPORATION
1648 South Cushman, Suite 300
Fairbanks, Alaska 99701
Telephone 907-452-5181
Fax 907-456-6359
Email aharrington@alsc-law.org

/s/ Richard A. Guest
D.C. Bar No. 477572
NATIVE AMERICAN RIGHTS FUND
1712 N/ Street, N.W.
Washington, D.C. 20036
(202) 785-4166

Attorneys for Plaintiffs