UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY <u>et al.</u>,<br>  Plaintiffs<br>    v.<br>DEPARTMENT OF THE INTERIOR, <u>et al.</u>.,<br>  Defendants | No. 1:06-cv-00969 (RWR) |

**MOTION FOR RULING ON ALASKA'S MOTION TO INTERVENE, OR IN THE ALTERNATIVE, MOTION FOR EXPEDITED CONSIDERATION**

The State of Alaska respectfully requests that the Court rule on Alaska's motion to intervene, or in the alternative, expedite consideration of the State's intervention motion. The State conferred with counsel for the parties before filing this motion. The Defendants do not oppose the State's motion; Plaintiffs take no position regarding the motion.

**I.     FACTS**

Alaska filed its motion to intervene on November 27, 2007 [Dkt. 18]. The intervention motion became ripe for consideration on December 17, 2007 [Dkt. 24]. Ten days after its motion to intervene became ripe for consideration, Alaska filed a motion to stay proceedings pending resolution of its intervention motion [Dkt. 25]. The motion to stay has been ripe since January 14, 2008 [Dkt. 27]. During the months of January, February and March, the parties and Court engaged in case planning and scheduling activities, including development of the administrative record and referral of a dispute

concerning documents on the Defendants' privilege log to a magistrate judge. Hearing nothing on its motion to intervene, and fearing negative repercussions due to its inability to actively participate in the case, the State filed a renewed motion to stay proceedings on April 9, 2008 [Dkt. 41]. On April 14, 2008, the district court denied the renewed motion as "duplicative." Order, Apr. 14, 2008. Plaintiffs filed their motion for summary judgment on April 21, 2008 [Dkt. 46]. Being concerned that its opportunity to be heard regarding Plaintiffs' motion for summary judgment was about to come and go, the State, acting in good faith on June 6, 2008, then contacted the district court, per the district court's instructions,[1] in an attempt to ascertain the status of its Motion to Intervene. Unfortunately, the State was unable to obtain any additional information or guidance over the phone. With limited options remaining to mitigate the jeopardy of its situation, the State filed a motion for permission to file an opposition to Plaintiffs' summary judgment motion and a cross-motion for summary judgment on June 13, 2008 [Dkt. 54], which is the date that Defendants' response to Plaintiffs' summary judgment motion was due. The State also attempted to notice an appeal to the Circuit Court of Appeals for the District of Columbia of this Court's presumptive denial of the State's intervention motion.[2] The

---

[1] *See generally* Docket 14.

[2] When the district court fails to rule on a motion to intervene, appeal becomes available if the applicant has participated in such a way as to become a *de facto* party, or if refusal to act has become an operative denial of the application. This is particularly true where the district court's delay in ruling or failure to rule may, as a practical matter, impair the assertion of a non-party's interest in the subject matter of the suit. See 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3902.1 (2008); *In re S.E.C.*, 253 Fed. Appx. 752 (10th Cir.

Motion for Ruling on Alaska's Motion to Intervene, or in the Alternative,
Motion For Expedited Consideration
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969 (RWR)   Page 2 of 5

Deputy Clerk of Court telephoned counsel for the State on June 17, 2008, and advised that the notice of appeal would not be accepted.

## II.     ARGUMENT

Alaska's motion to intervene has been ripe for decision for over six months. During those six months, the parties have conducted discovery, the agency record has been certified, and summary judgment briefing is underway. Alaska has not been able to participate as a party,[3] and therefore has been denied the opportunity to make dispositive motions[4] or challenge the completeness of the record.[5] Now that the legal issues are being briefed, and the State's interests have become even more apparent, the State faces limited options for protecting its interests as a sovereign and as a settling party in the

---

2007) (*citing Americans United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990)); *see also Public Citizen Health Research Group v. Commissioner, Food & Drug Admin.*, 740 F.2d 21, 32 (D.C. Cir. 1984) (when delay is lengthy, or when exigent circumstances render it equivalent to a final denial, the circuit court can undertake review as though the request for relief had been denied); and *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 526 (7th Cir. 1996) ("A showing of unjustifiable delay coupled with irreparable injury if an immediate appeal is not allowed is enough to make a constructive denial appealable, if a formal denial would be.").

[3] On June 13, 2008, Alaska filed a motion for leave to file its cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment, pending resolution of the State's motion to intervene.

[4] Defendants waived their right to file dispositive motions under Federal Rule of Civil Procedure 12 [Dkt. 50].

[5] The challenged regulation, 25 C.F.R. Part 151, was originally promulgated in 1980, and included the prohibition against taking land into trust in Alaska. The administrative record contains very little regarding development of the regulation.

Motion for Ruling on Alaska's Motion to Intervene, or in the Alternative,
Motion For Expedited Consideration
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969 (RWR)     Page 3 of 5

Alaska Native Claims Settlement Act (ANCSA).[6] The State therefore requests that the Court rule on its intervention motion, or in the alternative, expedite consideration of that motion.

### III.   CONCLUSION

For the reasons stated above, and to prevent further prejudice to the State's ability to protect its interests, the State requests that the Court rule on the State's motion to intervene, or in the alternative, expedite its consideration of the State's intervention motion.

DATED this 20th day of June, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

/s/ J. Anne Nelson
J. Anne Nelson
Assistant Attorney General
Alaska Bar No. 0705023

### CERTIFICATE OF SERVICE

I certify that on this date I caused to be served by first class mail and also by email **Motion for Ruling on Alaska's Motion to Intervene, or in the Alternative, Motion for Expedited Consideration** and **[Proposed] Order** on the following:

Richard A. Guest
Native American Rights Fund
1712 N Street, NW
Washington, DC 20036-2976

Heather Kendall Miller
Native American Rights Fund
801 B Street, Suite 401
Anchorage, Alaska 99501

---

[6] 43 U.S.C. § 1601 *et seq.*

Motion for Ruling on Alaska's Motion to Intervene, or in the Alternative,
Motion For Expedited Consideration
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969 (RWR)              Page 4 of 5

| | |
|---|---|
| Andrew R. Harrington<br>Alaska Legal Services Corporation<br>1648 S. Cushman, Ste. 300<br>Fairbanks, Alaska 99701 | Denise L. Bakewell<br>Alaska Legal Services Corporation<br>1648 S. Cushman, Ste. 300<br>Fairbanks, Alaska 99701 |

Daniel G. Steele
United States Department of Justice
P.O. Box 663
Washington, DC 20044


/s/ J. Anne Nelson    6/20/2008
J. Anne Nelson
Assistant Attorney General
Alaska Bar No. 0705023

Motion for Ruling on Alaska's Motion to Intervene, or in the Alternative,
Motion For Expedited Consideration
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969 (RWR)                Page 5 of 5