UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY et al.,<br><br>    Plaintiffs<br>        v.<br>DEPARTMENT OF THE INTERIOR, et al.,<br><br>    Defendants. | No. 1:06-cv-00969 (RWR) |

**STATE OF ALASKA'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs oppose Alaska's motion for leave to file because the Court has not yet ruled on Alaska's motion to intervene and because the State has not sought legislative approval to intervene. Neither reason supports denial of the motion and it should be granted.

The fact that the motion for intervention has yet to be decided begs the question of whether the State should be allowed to lodge its cross motion and opposition. Briefing on the merits of this case is well underway and the State continues to seek to intervene and participate fully. Plaintiffs suffer no prejudice from the lodging of Alaska's pleading, particularly in light of the State's non-objection to plaintiffs' request for additional time respond to the pleadings after the motion to intervene is granted. In fact, plaintiffs gain a strategic advantage in having Alaska's arguments in advance, and no party suffers any harm from granting the motion.

As briefed extensively in Alaska's Reply Memorandum in Support of Its Motion to Intervene, [Dkt. No. 24, pp. 10-14], the Attorney General of Alaska has authority to move to intervene and consent to this Court's jurisdiction to decide this case. Rather than repeat that briefing in full, the State incorporates those arguments by reference here. In short, however, in *Lapides v. Board of Regents*, 535 U.S. 613, 622-24 (2002), the Supreme Court held that when a state attorney general voluntarily invokes the federal court's jurisdiction, the state has validly consented to that jurisdiction. The reply memorandum [Dkt. No. 24, pp. 13-14] provides a partial listing of 15 federal cases stretching back more than 20 years in which the State has done just that with no objection from the Alaska State Legislature. The Attorney General of Alaska has broad authority under Alaska Statutes 44.23 to promote, defend and protect the legal interests of the State and, under *Lapides,* will be held to have consented to this Court's jurisdiction.

Alaska seeks in this litigation to protect its sovereign interests and preserve the land claims settlement embodied in the Alaska Native Claims Settlement Act, 43 U.S.C. 1601, *et seq*. The opposition and cross motion for summary judgment filed by the United States on June 13, 2008 [Dkt. No. 57] amply demonstrates that the United States and the State of Alaska have different interests in this litigation and Alaska cannot rely on the United States to protect its interests.

The Court should grant Alaska's Motion for Leave to File Its Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment.

State of Alaska's Reply to Plaintiffs' Opposition to Motion for Leave to File Cross
Motion for Summary Judgment And Opposition to Plaintiffs' Motion for Summary Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969 (RWR)                    Page 2 of 4

DATED this 1st day of July, 2008.

          TALIS J. COLBERG
          ATTORNEY GENERAL

       By: /s/ J. Anne Nelson
          J. Anne Nelson
          Assistant Attorney General
          Alaska Bar No. 0705023
          1031 West 4th Avenue, Suite 200
          Anchorage, Alaska 99501-1994

          /s/ Elizabeth J. Barry
          Elizabeth J. Barry
          Chief Assistant Attorney General
          Alaska Bar No. 8106006
          1031 West 4th Avenue, Suite 200
          Anchorage, Alaska 99501-1994

## CERTIFICATE OF SERVICE

I certify that on this date I caused to be served by first class mail and also by email **STATE OF ALASKA'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** on the following:

| | |
|---|---|
| Richard A. Guest<br>Native American Rights Fund<br>1712 N Street, NW<br>Washington, DC 20036-2976 | Heather Kendall Miller<br>Native American Rights Fund<br>801 B Street, Suite 401<br>Anchorage, Alaska 99501 |
| Andrew R. Harrington<br>Alaska Legal Services Corporation<br>1648 S. Cushman, Ste. 300<br>Fairbanks, Alaska 99701 | Denise L. Bakewell<br>Alaska Legal Services Corporation<br>1648 S. Cushman, Ste. 300<br>Fairbanks, Alaska 99701 |

State of Alaska's Reply to Plaintiffs' Opposition to Motion for Leave to File Cross
Motion for Summary Judgment And Opposition to Plaintiffs' Motion for Summary Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969 (RWR)    Page 3 of 4

Daniel G. Steele
United States Department of Justice
P.O. Box 663
Washington, DC 20044


/s/ J. Anne Nelson    6/20/2008
J. Anne Nelson
Assistant Attorney General
Alaska Bar No. 0705023

State of Alaska's Reply to Plaintiffs' Opposition to Motion for Leave to File Cross
Motion for Summary Judgment And Opposition to Plaintiffs' Motion for Summary Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969 (RWR)         Page 4 of 4