UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| AKIACHAK NATIVE COMMUNITY ) | |
| et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | No. 1:06-cv-00969 (RWR) |
| DEPARTMENT OF THE INTERIOR, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |
| ) | |

**STATE OF ALASKA'S REPLY TO PLAINTIFFS' SUMMARY
JUDGMENT REPLY AND OPPOSITION TO FEDERAL DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT**[1]

**INTRODUCTION**

Plaintiffs have brought a facial challenge to the legality of the

language in 25 C.F.R. § 151.1 stating that the land into trust regulations "do not

cover the acquisition of land in trust status in the State of Alaska, except

acquisitions for the Metlakatla Indian Community of the Annette Island Reserve

or its members." The Plaintiffs' argue primarily that the Secretary is without

authority to maintain this prohibition since withdrawal in 2001 of an Associate

Solicitor's opinion that had concluded that the Alaska Native Claims Settlement

---

[1]    Plaintiffs' responsive pleading to the Defendants' cross-motion for
summary judgment and opposition to Plaintiffs' motion for summary judgment is
styled only as "Plaintiffs' reply memorandum in support of Plaintiffs' motion for
summary judgment." Dkt. No. 62. For ease of reference, and no other purpose,
Plaintiffs' pleading at docket number 62 is referred to herein as "Plaintiffs' reply"
and cited as "Pls.' Reply Mem. at ___."

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                    Page 1 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Act (ANCSA)[2] precluded the Secretary from taking land into trust in Alaska. The federal Defendants argue that the decision whether to apply the land into trust regulations to Alaska remains in the sound discretion of the Secretary. Both arguments overlook the fact that, in enacting ANCSA, Congress instituted a permanent land claims settlement regime that did not contemplate future trust acquisitions in Alaska. The Secretary therefore is without discretion to apply the land into trust regulations in Alaska.

## ARGUMENT

I.  **Repeal of 25 U.S.C. 473a Is Unnecessary to Effectuate Congressional Intent In Enacting ANCSA That Trust Land In Alaska Be Permanently Abolished**

Plaintiffs argue that Congress' failure to repeal 25 U.S.C. § 473a after enacting ANCSA demonstrates that Congress intended for the Secretary to retain the authority to take land into trust in Alaska. This argument, however, overlooks the fact that 25 U.S.C. § 473a serves several purposes unrelated to creation of trust land in Alaska.

Congress enacted the Federal Land Policy and Management Act (FLPMA) in 1976,[3] five years after it enacted ANCSA.[4] FLPMA repealed

---

[2]    43 U.S.C. § 1601 et seq.

[3]    Pub. L. No. 94-579, 90 Stat. 2743, codified as amended at 43 U.S.C. § 1701 et seq.

[4]    Pub. L. No. 92-203, 85 Stat. 699, codified as amended at 43 U.S.C. § 1601 et seq.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary    Page 2 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Section 2 of the May 1, 1936 Act, which provided authority for the Secretary to

designate Indian reservations in Alaska,[5] and the entirety of the Act of May 31,

1938, which authorized the Secretary to withdraw tracts of land less than 640 acres

for schools, hospitals and other purposes "as may be necessary in administering

the affairs of the Indians, Eskimos, and Aleuts of Alaska."[6]  It did not repeal

section 5 of the Indian Reorganization Act (IRA),[7]  which is the land into trust

statute.  Plaintiffs concede that Congress' decision not to repeal section 5 of the

IRA is understandable in light of the nationwide application of the statute.[8]

Plaintiffs' follow-up argument, however, that section *1* of the 1936

Act[9] continues to operate to make 25 U.S.C. § 465 applicable to Alaska, also

misses the mark.  Plaintiffs argue that repeal of 25 U.S.C. § 473a "would have

been the necessary and likely step" [10] if Congress had intended ANCSA to

discontinue trust land in Alaska.  Plaintiffs' argument overlooks the fact that 25

U.S.C. § 473a makes several statutes applicable to Alaska, not just section 5 of the

IRA.  Furthermore, some of the provisions besides section 5 of the IRA that are

---

[5]    Act of May 1, 1936, sec. 2, 49 Stat. 1250.

[6]    Act of May 31, 1938, 52 Stat. 593.

[7]    25 U.S.C. § 465.

[8]    Pls.' Reply Mem. at 2.

[9]    Section 1 is codified at 25 U.S.C. § 473a.

[10]    Pls.' Reply Mem. at 2.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply          Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary          Page 3 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

extended to Alaska by section 473a also are without effect due to Congressional enactment of other statutes, while other provisions remain vital to the interests of Alaska Tribes. For example, section 473a also makes 25 U.S.C. §§ 461 applicable to Alaska. Section 461 prohibits allotment of land on Indian reservations to individual Indians. Like section 465, this provision has nationwide application but, despite being included in the provisions extended to Alaska by section 473a, it does not apply in Alaska because ANCSA revoked all reservations in Alaska.[11] Section 473a also makes 25 U.S.C. §§ 475 and 477 applicable to Alaska, which, respectively, preserves the right of Tribes to bring claims against the United States and authorizes the Secretary to issue charters of incorporation to Tribes. These provisions clearly still pertain to Alaska. Plaintiffs' statement that "repeal of 25 U.S.C. § 473a would have been the necessary and likely step" to make section 465 inapplicable to Alaska ignores the fact that, like 25 U.S.C. § 465, section 473a's scope includes much more than trust land in Alaska. For the same reasons that Congress need not repeal 25 U.S.C. § 465 to discontinue trust land in Alaska, Congress also need not repeal 25 U.S.C. § 473a.

Furthermore, ANCSA is a statute of specific application: it applies to Tribes and land in Alaska. Its provisions therefore control over general Indian

---

[11]     43 U.S.C. § 1618. ANCSA revoked all reservations in the state except for the Annette Island Reserve, which is the reservation of the Metlakatla Indian Community. The Metlakatlans emigrated to Alaska in the 19th century and therefore have no aboriginal claims in Alaska and are not subject to ANCSA.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                   Page 4 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

law statutes,[12] including 25 U.S.C. §§ 465, 476 and 473a. ANCSA's enactment 37

years after 25 U.S.C. § 465[13] and 35 years after 25 U.S.C. § 473a[14] also must be

considered:

> At the time a statute is enacted, it may have a range of
> plausible meanings. Over time, however, subsequent
> acts can shape or focus those meanings. The classic
> judicial task of reconciling many laws enacted over
> time, and getting them to make sense in combination,
> necessarily assumes that the implications of a statute
> may be altered by the implications of a later statute.
> This is particularly so where the scope of the earlier
> statute is broad but the subsequent statutes more
> specifically address the topic at hand. As we
> recognized recently in *United States v. Estate of
> Romani*,[15] "a specific policy embodied in a later
> federal statute should control our construction of the
> [earlier] statute, even though it ha[s] not been
> expressly amended."[16]

After enacting ANCSA, Congress did not repeal 25 U.S.C. § 465 or § 473a for a

very straightforward reason: it did not have to. ANCSA explicitly revoked all

reservations in Alaska,[17] discontinued individual allotments,[18] and extinguished all

---

[12]    *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974) ("Where there is
no clear intention otherwise, a specific statute will not be controlled or nullified by
a general one, regardless of the priority of enactment.").

[13]    Act of June 18, 1934, c. 576, § 5, 48 Stat. 985.

[14]    Act of May 1, 1936, sec. 1, 49 Stat. 1250.

[15]    523 U.S. 517, 530-531 (1998).

[16]    *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529
U.S. 120, 143 (2000) (internal citation omitted).

[17]    Except for the Annette Island Reserve. 43 U.S.C. § 1618.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                Page 5 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

claims based on any statute relating to Native use and occupancy.[19]  Repeal of

statutes with broader application than ANCSA was not necessary to accomplishing

ANCSA's goals.

Most importantly, however, Plaintiffs' arguments ignore ANCSA's

savings clause, which states:

> To the extent that there is a conflict between any
> provision of this Act and any other Federal laws
> applicable to Alaska, the provisions of this Act shall
> govern.[20]

This savings clause expressly relieves Congress of the duty of repealing any

statute applicable to Alaska that is inconsistent with ANCSA.  ANCSA settled all

Native land claims in Alaska by providing land to state-chartered, Native-owned,

for-profit Native village and regional corporations.[21]  It revoked all reservations in

the State[22] and did not provide land to Tribes.  It repealed the Native Allotment

Act.[23]  It also extinguished all claims based on any statute relating to Native use

---

[18]    43 U.S.C. § 1617.

[19]    3 U.S.C. § 1603(c).

[20]    Pub. L. No. 92-203, § 26, 85 Stat. 715, 43 U.S.C. § 1601n.

[21]    43 U.S.C. §§ 1606, 1607, 1611.

[22]    Except the Annette Island Reserve.  *See supra* n. 11 and
accompanying text.

[23]    *See* 43 U.S.C. §§ 1617(a), 1618.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply
and Opposition to Federal Defendants' Cross-Motion for Summary
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Exhibit 1
Page 6 of 29

and occupancy.[24]  Not only do ANCSA's provisions demonstrate Congress' clear

intent to discontinue trust land in Alaska, but ANCSA's savings clause ensures

that other potentially applicable statutes do not undermine the ANCSA blueprint.

## II.    Rescission of the Fredericks Opinion Does Not Invalidate the Prohibition Against Taking Land into Trust in Alaska

Plaintiffs' case rests entirely on the premise that the 1978 Fredericks

Opinion[25] provided the sole basis for the regulatory prohibition against placing

land in Alaska in trust.[26]  This argument is untenable.  First, Plaintiffs' argument

improperly elevates the legal significance of the Associate Solicitor's opinion over

the will of Congress.  Second, the agency record indicates that the applicability of

the land into trust regulations to Alaska was given thorough consideration and that

the Secretary's ultimate decision to maintain the Alaska prohibition was well

within the agency's discretion.

Contrary to Plaintiffs' assertions, the 2001 memorandum rescinding

the 1978 Fredericks Opinion was not "final as to the validity of the Fredericks

opinion."[27]  In fact, the language in the short memorandum by Solicitor John

---

[24]    43 U.S.C. § 1603(c).

[25]    AR 0001-03.

[26]    Pls.' Reply Mem. at 2.

[27]    Pls.' Reply Mem. at 3.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply
and Opposition to Federal Defendants' Cross-Motion for Summary
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Exhibit 1
Page 7 of 29

Leshy[28] itself highlights the agency's reluctance to reverse its longstanding

position with respect to taking land into trust in Alaska.

   The Leshy memorandum quotes the language of the April 12, 1999

proposed regulations "acknowledge[ing] that there is a credible legal argument

that ANCSA did not supersede the Secretary's authority to take land into trust in

Alaska."[29]  "Acknowledging a credible legal argument" is not the same as

adopting it.  The Leshy memorandum goes on to conclude that "there is substantial

doubt about the validity of the conclusion reached in the 1978 Opinion."[30]

However, the Leshy memorandum cites only one legal argument to support this

"substantial doubt":  that the Fredericks opinion "gave little weight to the fact that

Congress had not repealed section 5 of the IRA."[31]  The Leshy memorandum

contains no legal analysis of this argument, so it does not consider that section 5 of

the IRA has national application and a repeal to avoid its application in Alaska

might inappropriately affect the other 49 states.  Other attorneys in the Solicitor's

office recognized that the Leshy memorandum "did not address specifically all the

points in the [Fredericks opinion]," and that "rescinding of the Associate

Solicitor's memo does not resolve much.  It simply clears the way for returning to

---

[28]  AR 619-20, also referenced herein as the "Leshy memorandum."

[29]  AR 619.

[30]  *Id.*

[31]  *Id.*

State of Alaska's Reply to Plaintiff's Summary Judgment Reply     Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary   Page 8 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

the uncertain territory (pun intended) that existed before it."[32]  Even Plaintiffs

concede that "repeal of 25 U.S.C. § 465 itself would have been unnecessary and

unlikely" to manifest Congressional intent that there be no trust land in Alaska

post-ANCSA.[33]

       The Leshy memorandum concludes that the Department "decided in

its sound discretion to continue in place the bar against taking Native land in

Alaska into trust" and states that the Fredericks opinion is being rescinded "in

order to clear the record so as not to encumber future discussions over whether the

Secretary can, as a matter of law, and should, as a matter of policy, consider taking

Native land in Alaska into trust."[34]  This language does not demonstrate that the

Department has reversed its position regarding its ability to take land into trust in

Alaska.  If it indicates anything at all beyond the Department's intent to take a

fresh look at the issues evaluated in the Fredericks opinion, it indicates that the

Department lacks sufficient reason to depart from the position it has maintained

for thirty years.  "It is a settled tenet of administrative law that an agency cannot

depart from a long-standing policy without providing sufficient explanation of its

rationale for altering course."[35]

---

[32]    AR 893.

[33]    Pls.' Reply Mem. at 2.

[34]    AR at 620.

[35]    *DSE Inc. v. United States*, 169 F.3d 21, 31 (D.C. Cir. 1999).

State of Alaska's Reply to Plaintiff's Summary Judgment Reply      Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary      Page 9 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Agency opinions that are not the result of a formal adjudication or notice-and-comment rulemaking, such as the Fredericks opinion and the Leshy memorandum, do not receive *Chevron*-style deference:[36]

> Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944), but only to the extent that those interpretations have the power to persuade.[37]

The Leshy memorandum, and indeed the Fredericks opinion itself, do not have the legal weight of a regulation promulgated through formal notice-and-comment procedures. They especially do not have the same legal weight as a regulation developed through formal rulemaking procedures that has been in place for twenty-eight years.[38] Additionally, the Leshy memorandum is particularly short on the kind of legal analysis necessary to provide "the power to persuade" the Court that the Secretary had determined it's 30-year position[39] with respect to its authority under 25 U.S.C. § 465 and ANCSA has been incorrect. It states that the Fredericks opinion did not adequately evaluate Congress' failure to repeal 25 U.S.C. § 465, and concludes that the Fredericks opinion should be rescinded "in

---

[36]    *Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (citing *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984)).

[37]    *Id.* at 587 (internal citation omitted).

[38]    The land into trust regulations were published on September 18, 1980.

[39]    The Fredericks Opinion interpreting the Secretary's authority to take land into trust in Alaska was signed on September 15, 1978.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply          Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary          Page 10 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

order to clear the record so as not to encumber future discussions over whether the

Secretary can, as a matter of law, and should, as a matter of policy, consider taking

Native land in Alaska into trust."[40]  The Leshy memorandum itself demonstrates

that the Department had not changed course on the Alaska land into trust issue, as

it directly states that the Fredericks opinion was being rescinded to facilitate

further examination of the issue.

### III.    The Secretary Completed Action on the 1994 Petition

Plaintiffs' arguments that the Secretary's rulemaking activities

regarding the ability to take land into trust in Alaska are somehow incomplete also

fail.  The Secretary fully considered the 1994 petition to have the prohibition

against taking land into trust in Alaska lifted.  This process resulted in publication

of the final rule on January 16, 2001.[41]  It acknowledged rescission of the

Fredericks opinion but recognized that "the position of the Department has long

been, as a matter of law and policy, that Alaska Native lands ought not to be taken

in trust."[42]  The Alaska prohibition therefore remained in effect.  The final rule

conceded only that after a period of three years, "[i]f the Department determines

that the prohibition on taking lands into trust in Alaska should be lifted, notice and

---

[40]    AR 620.

[41]    AR 585-618.

[42]    AR 590.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                Page 11 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

comment will be provided."[43]  As Plaintiffs correctly note, the final rule was

withdrawn for reasons that had nothing to do with whether or not the Secretary

could take land into trust in Alaska.[44]  The Secretary already had decided that

issue: the ban was to remain in place.  The Department did not promise to lift the

prohibition against taking land into trust in Alaska at some later date.  It stated

only that the prohibition would not be lifted without notice and comment.[45]  In

other words, a new rulemaking effort would be implemented if the Secretary

determined that the land into trust regulation should be revised to include Alaska.

IV.    **The Record Supports the Regulatory Prohibition Against Taking Land into Trust in Alaska**

Plaintiffs' argue that, without the Fredericks opinion, the record is

devoid of any support for the Secretary's decision to maintain the prohibition

against taking land into trust in Alaska.[46]  This argument ignores two critical

points.  First, an agency must provide a 'reasoned analysis' for any departure from

---

[43]    *Id.* (emphasis added).

[44]    AR 748-51.  The Federal Register notice withdrawing the final rule cites issues related to priorities for individual applications for housing or home site purposes, tribal land acquisition areas (TLAAs), standards for evaluating on-reservation vs. off-reservation acquisitions, state and local community comment periods, and the uses of computer technology in evaluating applications.  *Id.* at 750-51.

[45]    AR 590 ("If the Department determines that the prohibition on taking lands into trust in Alaska should be lifted, notice and comment will be provided.").

[46]    Pls.' Reply Mem. at 3-6.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary             Page 12 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

a long-standing interpretation.[47]  Withdrawal of a Solicitor's opinion does not, in

itself, provide adequate justification for the Secretary to depart from its long-

standing position that ANCSA prohibits it from taking land into trust in Alaska,

especially when the agency itself indicates the purpose behind rescinding the

opinion was to "clear[] the way for returning to the uncertain territory . . . that

existed before it.[48] Second, examination of the available record[49] demonstrates that

the agency gave thorough consideration to the 1994 petition[50] and that the

Secretary's decision to maintain the Alaska ban is supported.

　　　　Plaintiffs' arguments that rescission of the Fredericks opinion

mandates inclusion of Alaska in the scope of the land into trust rule ignores the

legal standard to which an agency is held when it changes its interpretation of a

statute.  "The law is clear that great deference is accorded consistent and long-

---

[47]　　*Nat'l Home Equity Mortg. Ass'n v. Office of Thrift Supervision*, 373 F.3d 1355, 1360 (D.C. Cir. 2004).

[48]　　AR 893.

[49]　　Other than the 1978 Fredericks Opinion, AR 001-03, and a copy of the land into trust regulations promulgated in 1980, AR 018-21, the record consists only of information pertaining to the Departments' response to the 1994 petition to bring Alaska tribes within the scope of the land into trust regulations.  The record is devoid of materials from the 1980 rulemaking, which first formalized the Department's position with respect to land into trust in Alaska.  The record before the Court in this case therefore is incomplete.  Because Alaska's status at the time of writing this memorandum is that of a would-be intervenor, Alaska was not permitted to challenge as a party the completeness of the record.

[50]　　AR 272-96.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                    Page 13 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

standing agency interpretations."[51]  Rescission of an agency opinion, which is

entitled to "respect" in so far as it has the "power to persuade," does not in itself

justify departure from a course of action that has been settled agency practice for

nearly 30 years.

Furthermore, Plaintiffs' assertion that the record contains no

justification (other than the Fredericks opinion) for the prohibition against taking

land into trust in Alaska is inaccurate.  The record includes the 133-page formal

legal opinion of Solicitor Thomas L. Sansonetti,[52] which concluded:

> Congress clearly limited Native village exercise
> of sovereign jurisdiction over lands and nonmembers
> in a decisive fashion.  The statutory scheme
> established in ANCSA precludes the treatment of lands
> received under that Act as Indian country.  The
> purposes of ANCSA to develop state chartered
> business entities and to avoid the establishment of any
> permanent reservation system, trusteeship or other
> racially based institutions would be frustrated by a
> determination that enclaves of federal and tribal
> jurisdiction continue to exist.
>
> I understand the significant impact of this
> decision.  To conclude that areas are not Indian
> country greatly limits the powers those Native villages
> may exercise with respect to the establishment of
> courts, police powers and other sovereign attributes
> that attach to jurisdiction over land.  Yet, this opinion
> reflects what we believe is the best reading of the law.
>
> Our decision on this matter is very much based

---

[51] *Aulston v. United States*, 915 F.2d 584, 596 (10th Cir. 1990) (internal
citations omitted).

[52]    AR 130-267.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary              Page 14 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

on what Congress did in ANCSA, and subsequent
amendments and other legislation do not change this
conclusion. As noted in the body of the opinion, the
exercise of Congress' authority over Indian Affairs is
broad. Should the outcome of this opinion be at
variance with what lawmakers believe is the proper
view of Native village jurisdiction, Congress is free to
legislate again in this area to provide certainty.

In summary:

. . . .

4.    ANCSA reflected a new approach in
defining the relationship between Alaska Natives and
the federal government. ANCSA largely controls the
determination whether any territory exists over which
Alaska Native villages might exercise governmental
powers. Congress has left virtually no room under
ANCSA for Native villages in Alaska to exercise
governmental power over lands and nonmembers.

. . . .

6.    ANCSA does not permit Native villages
to create Indian country in Alaska by unilateral action.
Native village acquisition of former ANCSA land will
not impose federal superintendence over the land that
Congress in ANCSA sought to avoid.[53]

The record also includes a briefing paper prepared for the Secretary in April, 1994

that discusses the issue "Should the Department reconsider or change its present

and long-held position that it will not accept title to land in trust for Alaska Native

tribal governments?"[54] In July, 1997 the Office of the Regional Solicitor in

---

[53]    AR 265-66.

[54]    AR 268-69.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary            Page 15 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Alaska issued a four-page memorandum on the subject "Taking Land in Alaska in Trust for Tribes or Native Individuals."[55] This memorandum discussed the process that might apply in the event the Department "were to reverse its long-standing policy against making such property acquisitions in Alaska."[56] On May 10, 1999 Alaska Regional Office personnel were asked to brief the Special Assistant to the Secretary for Alaska on the topic of discretionary acquisitions in Alaska.[57] The record also includes a 5-page legal memorandum from "Attorney, Branch of Tribal Government and Alaska Division of Indian Affairs" discussing the legal background of the *Venetie* case,[58] which was currently before the Ninth Circuit on a petition for rehearing *en banc*, and reviewing the current status of regulations prohibiting the acquisition by the Secretary of land in trust for Alaska Natives.[59] The record also includes email correspondence from within the Solicitor's office discussing the material in this legal memorandum and suggesting edits to the draft based on current Department policy and potential legal

---

[55]    AR 303-306.

[56]    AR 303.

[57]    AR 371.

[58]    *Alaska v. Native Village of Venetie Tribal Gov't*, 101 F.3d 1286 (9th Cir. 1996), reversed by *Alaska v. Native Village of Venetie Tribal Gov't*, 522 U.S. 520 (1998).

[59]    AR 791-96.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                Page 16 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

implications of certain statements in the memorandum.[60]  The draft memorandum

itself is also in the record,[61] as are memoranda from the office of the Alaska

Regional Solicitor to Solicitor John Leshy and other legal personnel in the

Department providing background and legal analysis of the Secretary's authority

to take land into trust in Alaska, or lack thereof.[62]  The record contains email

discussion by attorneys in the Department regarding the proposed language of the

draft regulation that pertains to the Secretary's decision to continue to exclude

Alaska from the scope of the regulations,[63] as well as a working draft of the

proposed regulation with edits pertaining to the status of the Fredericks opinion

and the Secretary's authority to apply the land into trust regulations to Alaska.[64]

Most importantly, the internal correspondence between Department attorneys from

August 2000 into January 2001[65] documents that the Secretary had decided *not* to

change the regulation based on the 1994 petition "rather than to announce a new or

continued policy cut with extensive justification."[66]

　　　　　Plaintiffs also ignore other support for the Alaska ban in the record.

---

[60]　　AR 797-800; 813-20.

[61]　　AR 801-806.

[62]　　AR 807-12.

[63]　　AR 821-23.

[64]　　AR 834-36.

[65]　　AR 887-90.

[66]　　AR 890.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply　　　　　Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary　　　　Page 17 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

In 1976, the Under Secretary of the Interior stated in a letter to Senator Stevens that the Department's trust responsibilities for former reservation land in Alaska could only be restored by Congress.[67]  A 1980 Solicitor opinion stated "ANCSA's declaration of policy and legislative history demonstrates that Congress intended to remove Alaska Native lands from a tribal or racially defined status...."[68] Finally, the Supreme Court in the *Venetie* decision clearly recognized that Congress "stated explicitly that ANCSA's settlement provisions were intended to avoid a lengthy wardship or trusteeship" and rejected tribal jurisdiction over land.[69]

In addition to the material cited above that demonstrates the extent to which the Department has evaluated the prohibition against taking land into trust in Alaska, the record also includes comments from States, tribes, and other interested parties on the Alaska prohibition.  Plaintiffs' assertion that the record does not substantiate the Secretary's decision to maintain the prohibition against taking land into trust in Alaska is without foundation.

## V.    The Secretary Lacks Discretion to Take Land into Trust in Alaska

Plaintiffs argue that, without the Fredericks opinion, the Secretary

---

[67]     AR 397-98.

[68]     AR 401.

[69]     *Alaska v. Native Vill. Of Venetie Tribal Gov't.,* 522 U.S. 520, 533 (1998).

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                                          Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                              Page 18 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

lacks authority to exclude Alaska from the land into trust regulations. [70]    The federal Defendants argue that "although the Secretary has both the authority and discretion to take lands within the State of Alaska into trust, the Secretary is not legally obligated to do so."[71]   Both arguments fail to acknowledge the extent to which ANCSA circumscribes the Secretary's authority with respect to trust acquisitions in Alaska, and the federal Defendants' argument also fails to address why, after 30 years of recognition by the Department that ANCSA constrained the Secretary's discretion with respect to acquiring trust land in Alaska, the statute would suddenly cease to have this effect.[72]

ANCSA embodies a permanent, comprehensive land claims settlement that does not envision creation of any new trust land[73] or other special status land in the state.  ANCSA revoked all reservations in Alaska except the

---

[70]      Pls.' Reply Mem. at 6-13.

[71]      Defs.' Mem. in Support of Cross-Mot. for Summ. J. & Resp. in Opp. to Pls.' Mot. Summ. J. at 17 (hereinafter "Defs.' Summ. J. Mem.").

[72]      In fact, the federal Defendants' reliance on ANCSA as a defense to Plaintiffs' claim that the prohibition against taking land into trust in Alaska violates 25 U.S.C. § 476(f) & (g) reveals the weakness of the federal Defendants' position here that, notwithstanding ANCSA, the Secretary's discretion includes authority to decide whether or not to take land into trust in Alaska.  *See* Defs.' Summ. J. Mem. at 20-21.

[73]      There are three properties in Southeast Alaska that were acquired in the 1940's and 1950's and remain in trust status for the benefit of Native villages. AR 246.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                  Page 19 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Annette Island Reserve and repealed the Native Allotment Act.[74]  ANCSA did not convey any land to Native tribes.  Instead, it conveyed 44 million acres and nearly 1 billion dollars to Native corporations formed pursuant to state law.[75]  Congress' stated intent in codifying the settlement was to avoid "a reservation system or lengthy wardship or trusteeship, and without adding to the categories of property . . . enjoying special tax privileges."[76]  Taking land into trust in Alaska would, by definition, create a trusteeship in direct violation of Congress' intent.  Trust land also is exempt from taxation,[77] which would add to the categories of property enjoying special tax privileges, again, in direct violation of Congress' intent.  ANCSA clearly prohibits the creation of trust land in Alaska, therefore curtailing the Secretary's discretion to take land into trust in Alaska.

Furthermore, tribal regulatory power over land, which is the exact relief sought by at least some of the plaintiffs,[78] is an essential aspect of aboriginal title and sovereignty over land.  ANCSA extinguished aboriginal title in Alaska, as well as all claims based on aboriginal title.  By taking land into trust in Alaska, the Secretary would be impermissibly resurrecting key elements of aboriginal title,

---

[74]      *See* 43 U.S.C. § 1617(a); 43 U.S.C. § 1618.

[75]      *Venetie*, 520 U.S. at 524.

[76]      43 U.S.C. § 1601(b).  *See also* 43 U.S.C. §§ 1605, 1608, 1610.

[77]      25 U.S.C. § 465.

[78]      Plaintiff tribes Chalkyitsik and Akiachak seek regulatory jurisdiction to enforce the village alcohol ban.  Consol. Compl. paras. 27-36.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary              Page 20 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

which Congress completely extinguished in Alaska.  Essential aspects of the

State's sovereignty are challenged when land is placed into trust status, including

the state's ability to tax,[79] and, potentially, the state's ability to manage its fish and

game resources, protect the environment, provide public services, and ensure

public safety.[80]

        Finally, Plaintiffs' claim of entitlement to have land taken into trust

rests on 25 U.S.C. § 465, which provides:

> The Secretary of the Interior is authorized, in his
> discretion, to acquire, through purchase,
> relinquishment, gift, exchange, or assignment, any
> interest in lands, water rights, or surface rights to
> lands, within or without existing reservations,
> including trust or otherwise restricted allotments,
> whether the allottee be living or deceased, *for the*
> *purpose of providing land for Indians*.
>
> . . . .
> Title to any lands or rights acquired pursuant to this
> Act . . . *shall be taken in the name of the United States*
> *in trust for the Indian tribe or individual Indian for*
> *which the land is acquired, and such lands or rights*
> *shall be exempt from State and local taxation*.[81]

---

[79]    The land into trust statute mandates that land held in trust "shall be
exempt from State and local taxation." 25 U.S.C. § 465. Such a special tax status
would violate ANCSA's clear intent to not add to the categories of property
enjoying special tax privileges. 43 U.S.C. § 1601(b).

[80]    There is dispute as to whether merely taking land that is outside of a
reservation into trust under 25 U.S.C. § 465 transforms it into Indian country.
Compare *U.S. v. Roberts,* 185 F.3d 1125 (10th Cir. 1999) with *U.S. v. Stands*, 105
F.3d 1565 (8th Cir. 1997). However, Indian country status is clearly the result
sought by some, if not all, of the plaintiffs.

[81]    25 U.S.C. § 465 (emphasis added).

State of Alaska's Reply to Plaintiff's Summary Judgment Reply        Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary        Page 21 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

The plain language of 25 U.S.C. § 465 conflicts with the settlement language of ANCSA declaring that the settlement should not result in the creation of a "reservation system" or "trusteeship" or add to the categories of property "enjoying special tax privileges."[82]  Moreover, the whole point of section 465 is to create trust land for the benefit of Indians.  This stated purpose to provide land for Indians puts it squarely within the scope of ANCSA's language extinguishing all claims that are based on any statute relating to Native use and occupancy.[83]  Because section 465 was enacted "for the purpose of providing land for Indians," the statute relates to Native use and occupancy of the land.

In drafting ANCSA, Congress recognized that, in addition to occupying land based on claims of aboriginal title, Alaska Natives also possessed land in Alaska pursuant to statutory property rights, including those granted by the IRA:

> Another source of lands held by Alaska Natives *by some means other than the right to possession of aboriginal occupancy* is the Wheeler-Howard Act of 1934 [the IRA], the terms of which were extended to Alaska in 1936.[84]

Not only did Congress recognize that Alaska Natives could assert

---

[82]    43 U.S.C. § 1601(b).

[83]    43 U.S.C. § 1603(c).

[84]    Senate Rep. No. 92-405, 92nd Cong., 1st Sess., at 91 (Oct. 21, 1971) (emphasis added).

State of Alaska's Reply to Plaintiff's Summary Judgment Reply
and Opposition to Federal Defendants' Cross-Motion for Summary
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Exhibit 1
Page 22 of 29

land claims under the IRA, but Congress included specific language in ANCSA[85] to discontinue land acquisition by Alaska Natives under the IRA.[86]

## VI.    The Prohibition Against Taking Land into Trust in Alaska Does Not Violate 25 U.S.C. § 476(f) & (g)

The plain language of 25 U.S.C. § 476 (f) & (g) defeats Plaintiffs' claim that the prohibition against taking land into trust in Alaska violates that statute.    Section 476(f) prohibits regulatory action by "[d]epartments or agencies of the United States" that "classifies, enhances, or diminishes the privileges and immunities available to" any Indian tribe "relative to other federally recognized tribes by virtue of their status as Indian tribes."  Similarly, section 476(g) nullifies any "regulation or administrative decision or determination of a department or agency" existing in 1994 (e.g., when § 476(f) & (g) were enacted) that discriminates between tribes "by virtue of their status as tribes."  The land into trust regulation does not discriminate against Alaska tribes "by virtue of their status as Indian tribes."  The land into trust regulation distinguishes Alaska tribes as participants in a land claims settlement that prohibits creation of trust lands in

---

[85]        43 U.S.C. § 1603(c).

[86]        Senate Report No. 92-405, *supra* n.84, also states:

Some of the factors which the Committee considered in arriving at the present land grant provisions of S. 1830 are as follows: . . . (3) the desire to avoid the granting of huge land enclaves which could result in remote, land locked reservations rather than viable open communities.

Sen. Rep. 92-405, 92nd Cong. 1st Sess. , at 77 (Oct. 21, 1971).

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary            Page 23 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Alaska.  Furthermore, 25 U.S.C. § 476(f) & (g) prohibit *regulatory or administrative* action that discriminates between tribes because of their status as tribes.  The regulatory prohibition against taking land into trust in Alaska simply restates a prohibition arising from statute, the Alaska Native Claims Settlement Act.[87]  Sections 476(f) and (g) do not, and could not, limit Congress' authority to discriminate among tribes through separate statutory settlements, like ANCSA.  Nothing in sections 476(f) and (g) suggests that the Secretary may restore rights to Alaska tribes that have been extinguished by Congress.

The federal Defendants explain that sections 476(f) & (g) were enacted to overrule a Solicitor's opinion[88] that distinguished between "historic" and "created" tribes in the Department's implementation of section 16 of the IRA.[89]  They then, quite correctly, argue that the United States Code is "replete" with special legislation affecting the Secretary's authority with respect to particular tribes or groups of tribes, which do not cause the Secretary to act in violation of sections 476(f) & (g).[90]  Plaintiffs' respond to this argument with logic surprisingly similar to that employed by the State, *supra*, in arguing that repeal of

---

[87]  43 U.S.C. § 1601 *et seq.*

[88]  This statement by the Department is an interesting acknowledgement that Solicitor's opinions do not trump the will of Congress, especially given the import assigned by Plaintiffs to the Fredericks opinion.

[89]  25 U.S.C. 476(a)-(d) authorize tribes to adopt and revoke constitutions and establish the Secretary's authority to approve or revoke them.

[90]  Defs.' Summ. J. Mem. at 20.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply
and Opposition to Federal Defendants' Cross-Motion for Summary
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Exhibit 1
Page 24 of 29

25 U.S.C. 473a is unnecessary to effectuate Congressional intent to permanently abolish trust land in Alaska by enacting ANCSA. Plaintiffs argue that "Congress did not need to amend section 5" to ensure that section 476(f) and (g) applied to it as well.[91] Plaintiffs' arguments on this issue attempt to distract from the fact that the Secretary's authority to discriminate between Alaska tribes and other tribes in implementing the land into trust regulations is statutory in origin.

Plaintiffs also argue that ANCSA does not "classify, enhance or diminish the privileges or immunities" available to Alaska tribes relative to other tribes because ANCSA created corporations.[92] It is true that ANCSA required the Alaska Natives to form state-chartered corporations.[93] ANCSA did this as a substitute for retaining or permitting additional reservations in the state.[94] Land conveyed under ANCSA is owned in fee, it is not trust land. Once the Native corporations develop the land, the tax and special protections accorded it by the statute are removed.[95] Plaintiffs themselves acknowledge that "[t]he sole issue is whether *Congress itself* has taken a particular prerogative away from a tribe. The

---

[91]    Pls.' Reply Mem. at 8.

[92]    Pls.' Reply Mem. at 9.

[93]    43 U.S.C. §§ 1606, 1607.

[94]    *See supra* nn. 72-86 and accompanying text.

[95]    43 U.S.C. § 1636.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                    Page 25 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Secretary cannot."[96]  This is exactly the point the State makes here.  Congress

revoked all reservations in the State of Alaska except the Annette Island Reserve

and repealed the Native Allotment Act.[97]  ANCSA did not convey any land to

Native tribes, and it does not envision creation of trust land in the state.[98]  The

Secretary's decision to exclude Alaska from the land into trust regulations

implements the will of Congress.

### VII.    The Regulatory Prohibition Against Taking Land Into Trust in Alaska Does not Violate the Equal Protection Component of the Fifth Amendment Due Process Clause

As with their other arguments in this case, Plaintiffs' argument that

the prohibition against taking land into trust in Alaska violates their equal

protection rights under the Fifth Amendment fails because it does not consider

constitutional Congressional action that requires the Secretary to distinguish

between Alaska tribes and tribes elsewhere.  Congress exercised its plenary

authority over Indian tribes when it enacted ANCSA and extinguished aboriginal

title, including Tribal rights to jurisdiction over land, in Alaska.  Congress'

authority includes the ability to "enact legislation singling out tribal Indians,

---

[96]    Pls.' Reply Mem. at 9.

[97]    *See* 43 U.S.C. § 1617(a); 43 U.S.C. § 1618.

[98]    43 U.S.C. § 1601(b) ("the settlement should be accomplished . . .without creating a reservation system or lengthy wardship or trusteeship, and without adding to the categories of property and institutions enjoying special tax privileges . . .").

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary          Page 26 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

legislation that might otherwise be constitutionally offensive."[99]  The Secretary, as

part of the Executive Branch, is without authority to contradict congressional

intent.

**VIII.   Regardless of The Prohibition Against Taking Land Into Trust In Alaska, The Regulations Do Not Provide The Remedy Sought By Plaintiff Kavairlook**

Plaintiff Kavairlook seeks to have restricted status restored to her

Native townsite lot, which she re-acquired in fee simple after being induced to

convey it out of restricted status.[100]  The federal Defendants' memorandum

recounts the legal history of the Alaska Native Townsite Act[101] and its repeal by

section 703(a) of the Federal Land Policy and Management Act (FLPMA).[102]

Because ANTA has been repealed, the Secretary is without authority

to issue a new restricted deed under that act.  Furthermore, even if the land into

trust regulation applied to Alaska, it would not provide Ms. Kavairlook the relief

she seeks here.  As the Department acknowledges, it does not have general

authority to place land in restricted status.[103]  The land into trust regulations

---

[99]     *Washington v. Confederated Bands & Tribes of Yakima Indian Nation*, 439 U.S. 463, 500-01 (1979).

[100]     Consol. Compl. ¶ 52.

[101]     Act of May 25, 1926, ch. 379, 44 Stat. 629 (formerly codified at 43 U.S.C. §§ 733-736(1975)).

[102]     Pub. L. No. 94-579, 90 Stat. 2743, 2789-90 (1976).  *See* Defs.' Summ. J. Mem. at 3-4.

[103]     Defs.' Summ. J. Mem. at 6.

State of Alaska's Reply to Plaintiff's Summary Judgment Reply     Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary     Page 27 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

provide a mechanism for taking land into *trust* status, not restricted status.  While

Plaintiff Kavairlook's situation is sympathetic, the appropriate remedy probably

lay in asking the federal court to rescind the conveyance to Mr. Bordonici during

the forfeiture proceedings associated with the drug trafficking and money

laundering case against him.  The Department intimates that it would have the

authority to consider a petition by Ms. Kavairlook to have restricted status restored

to her property.[104]  The source of this authority, however, is not evident.  The legal

authority for issuing restricted townsite deeds in Alaska has been repealed, and the

land into trust regulations, even if they applied in Alaska, do not contemplate

restoration of restricted status.[105]

## CONCLUSION

The parties in this case have advanced numerous arguments

pertaining to the extent of the Secretary's discretion and whether the Secretary has

acted within the scope of that discretion in maintaining the regulatory prohibition

against taking land into trust in Alaska.  The ultimate consideration, however, is

whether Congress, in enacting ANCSA, left the Secretary any discretion at all to

consider taking land into trust in Alaska.  The answer to this question is "no."  The

---

[104]    Defs.' Summ. J. Mem. at 17.

[105]    Plaintiffs' note that the regulations in 25 C.F.R. § 151.2(f)
contemplate land into trust acquisitions when the land is adjacent to or within a
former reservation.  Pls.' Reply Mem. at 7 n.8.  The provision cited however,
clearly references only former reservations in Oklahoma or instances where "there
has been a final judicial determination that a reservation has been disestablished or
diminished."

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary                Page 28 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969

Court should deny Plaintiffs' motion for summary judgment and grant the State's motion.

DATED this 25th day of July, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL


By:     /s/ J. Anne Nelson
        J. Anne Nelson
        Assistant Attorney General
        Alaska Bar No. 0705023

TALIS J. COLBERG
ATTORNEY GENERAL


By:     /s/ Elizabeth J. Barry
        Elizabeth J. Barry
        Assistant Attorney General
        Alaska Bar No. 8106006

State of Alaska's Reply to Plaintiff's Summary Judgment Reply                    Exhibit 1
and Opposition to Federal Defendants' Cross-Motion for Summary             Page 29 of 29
Judgment
*Akiachak Native Community et al. v. Kempthorne*, 1:06-cv-969