UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKIACHAK NATIVE COMMUNITY, *et al.* | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DEPARTMENT OF THE INTERIOR, *et al.* | ) ) )  No. 1:06-cv-00969 (RWR) |
| Defendants. | ) ) ) |

PLAINTIFFS' SUR-REPLY IN RESPONSE
TO DEFENDANTS' REPLY IN SUPPORT OF
DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

Heather R. Kendall-Miller
NATIVE AMERICAN RIGHTS FUND
B Street, Suite 400
Anchorage, Alaska 99501

Andrew Harrington
ALASKA LEGAL SERVICES CORPORATION
1648 South Cushman, Suite 300
Fairbanks, Alaska 99701

Richard Guest
NATIVE AMERICAN RIGHTS FUND
1712 N Street, N.W.
Washington, D.C. 20036

INTRODUCTION

Plaintiffs have moved for summary judgment on the claim that the Secretary's retention of 25 C.F.R. 151.1, which does not permit the acquisition of land in trust for Alaska Tribes or individuals, is contrary to law because it violates the privileges and immunities guaranteed by 25 U.S.C. § 476(f) and (g) and the Due Process Clause of the Fifth Amendment to the United States Constitution, and because it is also arbitrary and capricious under the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).  Dkt. No. 46-4.

Defendants have filed a Cross-Motion for Summary Judgment and Opposition (Dkt. No. 57), principally arguing that the Secretary's decision to retain the Alaska bar[1] in 25 C.F.R. 151.1 is entitled to deference because it was supposedly the subject of rule making that deliberately considered ANCSA's policy implications on the Secretary's discretion to take lands into trust, and that this careful deliberation is reflected in the Administrative Record.  As explained in

---

[1]  The reply memo accuses plaintiffs of failing to grasp a "significant predicate" to the litigation, "as evidenced by their references to the Secretarial or regulatory 'prohibition,' 'absolute bar,' or 'Alaska ban'," and "imprecisely referring to the Secretary's declination to exercise his discretionary authority as a 'bar'." Def. Reply at 1, n.1.  But this terminology is that used by the Department in the record.  AR 822 ("The preamble continues on to invite public comment on …, apparently, whether the current *Alaska bar* should continue"); AR 358-359, 64 Fed. Reg. 17577-17578 (Apr. 12, 1999) ("The *regulatory bar* to acquisition of title in trust for Alaska in the original version of these regulations was predicated on an opinion of the Associate Solicitor, Indian Affairs"); AR 891 ("The final regs kept in place the *ban* on taking lands into trust in Alaska for a period of three years during which time the Dept. will consider whether the *ban* on Alaska trust lands should stay in effect … Since the effective date was extended the current regs are in place and those regs preclude acquisition of trust lands in AK") (emphasis added).

*Akiachak Native Community v. Dept. of Interior*                                                           Page 2 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

Plaintiffs' Reply at 2 (Dkt. No. 67), and elaborated further herein, the difficulty with that position is not supported in the Administrative Record or by the applicable law.

Before discussing the Defendants' arguments, we pause to address the key underlying point in this suit. Defendants agree with Plaintiffs that the Secretary has "discretionary power to take lands into trust in the State of Alaska." Def. Reply at 1, Dkt. No. 67. Defendants also agree that "[s]ubsequent laws – the Alaska Native Claims Settlement Act of 1971 ("'ANCSA'"), 43 U.S.C. §§ 1601-1629h and the Federal Land Policy and Management Act ("'FLPMA'"), 43 U.S.C. §§ 1701-1702, have not removed the Secretary's discretionary authority to take Indian lands into trust status in the State of Alaska." Def. Reply at 1-2. The Secretary's concession – also reflected in the withdrawal of the 1978 Fredericks Opinion – that the Secretary does possess discretion under the IRA and other applicable law to take lands into trust for Alaska Tribes cannot be squared with the Secretary's decision in 25 C.F.R. 151.1 to categorically forbid the acquisition of such lands into trust. It is for this fundamental reason that the Alaska exception in 25 C.F.R. § 151.1 must fail.

## ARGUMENT

1. **25 C.F.R. 151.'s Alaska Exception is Not Entitled To Deference Because It Was Not Based On Any Consideration of Relevant Factors And Is Therefore Arbitrary And Capricious And Contrary to Law**.

Defendants first argue that the Secretary's decision to retain the Alaska exception is entitled to deference because the agency considered "the relevant factors" over the course of "long-running and thorough administrative deliberations," and conducted a "thorough evaluation and analysis," including "exhaustive deliberations," and "lengthy and thorough administrative

*Akiachak Native Community v. Dept. of Interior*   Page 3 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

deliberations," culminating in a "'judgment'" where the "'major issues of policy were ventilated,'"and the agency "'reacted to them.'" Def. Reply at 2, 3, 4, 5 (citations omitted). The thoroughness claimed by the Department in its reply is not consistent with the Secretary's own pronouncements. The Secretary in January 2001, although he had conducted a sufficiently thorough review to determine that the Fredericks opinion should be rescinded, had not conducted a sufficiently thorough review to know what to put in the regulations with respect to the procedures for taking land into trust in Alaska, and projected that it would take another three years to accomplish that. The Department cannot argue that its analysis was thorough when the Department itself has pronounced otherwise.

The Secretary in November 2001 articulated absolutely nothing with respect to the Alaska bar. He identified <u>no</u> factors that were considered, he offered <u>no</u> judgment with respect to the Alaska bar, he mentioned <u>no</u> Alaska policy issues, and he offered <u>no</u> reaction to any Alaska policy issues. Precisely to the contrary, there is <u>no</u> evidence that in the face of the 2001 withdrawal of the Fredericks Opinion, "major issues of policy were ventilated" or evidence as to "why the agency reacted to them as it did," *Republican Nat'l Comm. v. Fed. Election Comm'n*, 76 F.3d 400, 407 (D.C. Cir. 1996). As such, even assuming the agency's considered reasoning "can be reasonably discerned" as Defendants argue,[2] the Secretary's reason for deciding to retain the Alaska bar indefinitely cannot be reasonably discerned.

---

[2] The only matter anywhere in the record that is directly relevant to the Alaska exception is the 1978 Fredericks Opinion. But the Secretary agrees that this Opinion was properly withdrawn on January16, 2001. Def. Reply at 3. Since the withdrawn opinion is a nullity it cannot provide a reasoned justification for the action at issue here.

*Akiachak Native Community v. Dept. of Interior*                                        Page 4 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

While Defendants concede that "the sheer length of the administrative proceedings from 1980, as evidenced in the AR and Interior's deliberations during this twenty-one year period does not lend itself to a lean and discreet process as is usually the case in APA review" (Def. Reply at 5), they nonetheless insist that the Alaska exception is not arbitrary or capricious, but was based on lengthy and thorough deliberations. But close examination of the record documents only proves otherwise.

What the record reflects, primarily, is procrastination. The land-into-trust issue is first raised in the record in a March 30, 1977 memo from Dennis Peterson, Chief of the Division of Tribal Governmental Services, to the Commissioner of Indian Affairs. Highlighting the question of whether Section 5 of the IRA applies to Alaska Native villages, the memo candidly notes "To date the answer has been to stall." The memo urges the conclusion that the Secretary's authority to take land-into-trust has not been extinguished by ANCSA, and should be exercised in Alaska on a case-by-case basis, while noting that a letter written some four months earlier from Under-Secretary Frizzell on an unrelated topic contained a passage that might have implied otherwise. About nine months after the Peterson memorandum, the Deputy Assistant Secretary for Administration sent a memorandum urging reconsideration of the position taken in the Frizzell letter, on December 13, 1977.[3] On July 26, 1978, the Department issued its proposed regulations on taking land into trust, which made no particular mention of ANCSA or Alaska.[4] About two

---

[3] The Record does not contain a copy of this memorandum, but it is referenced in the subsequent Fredericks memo, AR 1.

[4] The Federal Register publication is not included in the record, but is referenced at AR 18. The preamble to the final regulations noted that the Alaska ban had been added, AR 18.

*Akiachak Native Community v. Dept. of Interior*                                                                 Page 5 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

weeks later on August 8, the Venetie IRA wrote its letter requesting that the ANCSA lands to be conveyed to its corporation be held in trust status. On September 15, 1978, Acting Solicitor Fredericks wrote his definitive opinion, concluding that ANCSA lands could not be taken into trust, including both those ANCSA lands that had formerly been held in trust and those ANCSA lands that had not been. The Department published its final land-into-trust regulation with the Alaska exception in September 1980. The final regulation extended the Alaska ban from ANCSA lands owned by ANCSA corporations, the subject of the Fredericks opinion, to all other lands in Alaska, including tribal fee lands, with little or nothing in the way of a rationale for that expansion. Thus, the record reflects primarily "stalling" for the period after ANCSA until 1978, ended by issuance of the Fredericks opinion, which the Department now agrees was erroneous. The "Alaska ban" grew from a hesitance to maintain trust responsibilities over trust lands that ANCSA had explicitly removed from trust status (the Frizzell letter), to a refusal to take into trust any ANCSA lands at all regardless of whether ANCSA had changed any prior trust status (the Fredericks memo), to a refusal to take into trust any lands in Alaska, ANCSA or non-ANCSA, other than for the Metlakatlans (the regulatory bar).

For the period following 1980, Defendants claim that the Department engaged in "specific consideration of the Secretary's authority to declare Alaskan lands as 'reservations,'" citing AR 14-17. Def. Reply at 2. But that citation does not support the statement because it consists of an internal memorandum within the "Tanana Chiefs Conference," from its Chief Counsel to its then-President, with neither author nor addressee working for the Department of the Interior. It thus does not reflect any consideration of the issue by the Department itself.

*Akiachak Native Community v. Dept. of Interior*                                                                Page 6 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

Defendants also claim that a particular record excerpt illustrates "comprehensive and continuing deliberations … to process a Native Village Petition to have lands put into trust status," citing AR 00028-00118.  But those record excerpts merely show a referral of a petition from one office to the next over the course of several years, with ultimately no resolution or response ever made to the petition.  AR 28-118.  See Aff. By Michael Walleri.

Defendants further cite to a 133-page Solicitor's Memorandum, characterizing it as "Interior's thorough evaluation and analysis of land-into-trust issues, specifically in Alaska" (Def. Reply at 2-3), referring to the 1993 "Sansonetti Memorandum," AR 130-267.  But the Sansonetti Memorandum did not analyze land-into-trust issues.  Rather, the Memorandum addressed two very different issues: first, whether Alaska contained any federally recognized tribes (concluding that it does);  and second, whether ANCSA lands conveyed from an ANCSA Native corporation to an Alaska Native Village falls within 18 U.S.C. § 1151's definition of "Indian country" (concluding that they do not).  (In addressing the latter point the Solicitor cited to the Fredericks Opinion as support for his conclusion that one Alaska Tribe could not unilaterally achieve "Indian country" status by reacquiring of its former reservation in fee lands.  Again, nothing in the 1993 Sansonnetti Opinion addresses the lands into trust issue presented here.

Interestingly, the Department's reassessment of 25 C.F.R. §151.1's Alaska exception and of the Fredericks Opinion came only after Alaska Tribes petitioned the Secretary to change the rule in October 1994 over a year after the Sansonetti Opinion was issued.  The record reflects a consensus within Interior that the Fredericks opinion was wrongly decided, but a lack of will to

*Akiachak Native Community v. Dept. of Interior*　　　　　　　　　　　　　　　　　　　　　　　　Page 7 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

make that declaration public.  The portions of the administrative record relevant to that petition reflect <u>agreement</u> that "25 C.F.R.§ 151.1 arguably exceeds the scope of Secretarial authority, since it conflicts with IRA sections 465 and 473a, which makes section 465 applicable in Alaska" AR00805; *see also* AR 00810 (basic reasoning requires rejection of an implied repeal argument based upon . . . ANCSA [and its amendments]"); AS00811 (e:mail request for a draft paragraph "that would raise and reject an argument that Congress's extension of tax immunity for undeveloped ANCSA lands indicated an assumption that the Secretary no longer had the authority to take land in trust"); AR00814 ("In conclusion, it is my opinion that the Secretary does have under existing law the statutory authority and discretion to take land in trust for Alaska Native tribes and individuals.  However, it is my recommendation that you not attempt to exercise such discretion with respect to any specific proposed trust acquisition until you have first made appropriate amendment to 25 C.F.R. Part 151.").

The record from 1999 shows a complete failure on the part of the Department to offer any rationale for the inconsistency between the Alaska bar and the provisions of 25 U.S.C. §476(f) and (g).  The argument was put forward in the comments submitted on the proposed new regulations.

> Congress has only strengthened the protections afforded tribes by amending the IRA to prohibit promulgation of any "regulation" or "decision or determination" that classifies, enhances, or diminishes the privileges and immunities available to the Indian tribe relative to other federally recognized tribes by virtue of their status as Indian tribes." 25 U.S.C. §476(f) and (g).  The current and proposed rule violates this statutory prohibition in numerous ways, but most particularly by denying Alaska's federally recognized tribes an equal status with federally recognized tribes in the continental United States."

*Akiachak Native Community v. Dept. of Interior*                                                                 Page 8 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

AR 407.  The record reflects no response on the part of the Department to this point.  As such, whatever the Department is arguing at this point is after-the-fact.

Thus, there is little factual support in the record for the proposition that Interior's review for the proposition that Interior's review of the land-into-trust issue was as thorough as the Department asserts.  Indeed, the candid assessment in the 1977 memo that "To date the answer has been to stall," AR 9, is a fair characterization of Departmental action since 1994, when the original petition was filed and the IRA amendments were passed.  The Department's memo comes close to acknowledging that procrastination has been a key element in this process, in its observation that this case "does not lend itself to a lean and discrete process as is usually the case in APA review."  Def. Reply at 5.

In short, while the record contains considerable material supporting the 2001 rescission of the Fredericks opinion, it contains nothing supporting the agency's 2001 decision to maintain the Alaska exception.  The numerous record cites attesting to the Department's consideration and acquiescence to petitioners' legal interpretation of relevant law cannot now be used to justify the Secretary's final decision to retain 25 C.F.R. § 151.1's Alaska prohibition.  To the extent that the record reflects a thorough and deliberate hard-look at Secretarial discretion to take land into trust in Alaska, the record only <u>supports</u> Plaintiffs' claim here that continuing the Alaska exception is contrary to law.  And the absence of any coherent reasoning further renders that decision arbitrary and capricious.

Defendants' effort to invent a rationale, contrary to Defendants' opening concession (Def. Reply at 1-2), Defendants' retraction of the Fredericks Opinion and the administrative record, is

*Akiachak Native Community v. Dept. of Interior*                                                                    Page 9 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

nothing more than a *post hoc* rationalization by counsel for an indefensible act. *Securities Industry Assoc. v. Bd. of Governors of the Federal Reserve System*, 468 U.S. 137, 143 (1984) ("post hoc rationalizations by counsel for agency action are entitled to little deference."); *Population Institute v. McPherson*, 797 F.2d 1062, 1072 (D.C. Cir. 1986) (same). That this rationale is reflected in Defendants' inconsistent characterization of the agency action on this issue, as at one and the same time final and on-going. In one section of their memorandum Defendants agree that the Department's issuance of "final rules" occurred on January 16, 2001. Def. Reply at 3 citing AR00585-00619 and 66 Fed. Reg. 3452. Defendants next assert that the withdrawal of the rule in late 2001 constituted the "final" agency action. Def. Reply at 3 citing AR00748-00762 and 66 Fed. Reg. 56608 (Nov. 9, 2001). But then Defendants assert that the rule-making deliberations today are actually still on-going because "Interior's decision was to return to the existing 1980 rules and to postpone final action" – presumably indefinitely. Def. Reply at 10. Although Defendants characterize each of these decision dates as representing reasoned agency decision-making on the Alaska exception that is entitled to deference, in fact none of them offers any explanation of the Alaska factors that Interior supposedly relied on. In short, the Secretary's 2001 decision to retain the Alaska exception is not entitled to deference because it is based on absolutely nothing and is thus both arbitrary and capricious.

**2.    The Secretary's Decision to Retain 25 C.F.R. 151.1's Alaska Exception is Contrary to Law**.

The final decision also fails because it is contrary to law, specifically 25 U.S.C.§§ 476(f) and (g) of the IRA.

*Akiachak Native Community v. Dept. of Interior*                                                                 Page 10 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

The Secretary concedes he has made a distinction among tribes, which, on its face, violates the IRA, and so he offers two justifications. First, the Secretary argues that Congress itself has treated Alaska Native Villages differently from other Tribes by enacting the Alaska Native Claims Settlement Act. But that Act has no relevance whatsoever to the matters at hand, as reflected in the Secretary's own decision to <u>withdraw</u> the 1978 Fredericks Opinion that concluded otherwise. So ANCSA can provide no support for the Secretary's decision to categorically exclude Alaska Tribes from Part 151. And again, the Secretary concedes in his opening that ANCSA did <u>not</u> repeal his express authority under the IRA to take lands into trust for Alaska Tribes.

The Secretary's only other rationale is a weak attempt to rewrite the IRA Amendments. The Secretary argues that the IRA Amendments were motivated by a concern involving historical versus non-historical Tribes. But whatever Congress's motivations --- and we do not agree this issue was the sole impetus for the Amendments -- it is the words of the Amendments that control. Here, the Secretary does not deny that the plain words of the Amendments adding 25 U.S.C. §§ 476(f) and (g) forbid the action he has taken.

In sum, in light of the fact that the Record does not support the statements in the Reply, the only path that can be "reasonably discerned" here is that the Secretary has chosen, at some points through affirmative promulgation and at some points through deliberate inertia but at all points through faulty analysis, to promulgate and maintain an individiously discriminatory policy towards federally recognized tribes in Alaska, which does not withstand scrutiny under the APA.

*Akiachak Native Community v. Dept. of Interior*                                                    Page 11 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

**3.    The Final Decision Violates The Due Process Clause Of The Fifth Amendment.**

The final decision is also contrary to law as a violation of due process because it singles out Alaska Tribes for disparate treatment without any justification whatsoever. Here again, *post hoc* explanations cannot save the Secretary's actions, much less a *post hoc* justification that relies on admittedly irrelevant matters such as ANCSA, or withdrawn matters like the 1978 Fredericks Opinion. Again, the absence of any justification whatsoever in the final decision is conclusive.

Finally, the Defendants curiously assert that Congress is responsible for the discriminatory treatment accorded Alaska Tribes in Part 151. But Congress has done nothing of the kind. Very much to the contrary, Congress has affirmatively instructed the Secretary to make the privileges of 25 U.S.C. § 465 available in Alaska. 25 U.S.C. § 473a. Congress has not repealed that provision, as Defendants readily concede. Def. Reply at 1-2. It is thus the Department, not Congress, that promulgated and perpetuates this discrimination against Alaska Tribes.

There is a distinction between whether, an Alaska's Tribe has a "legitimate claim of entitlement to have lands put into trust status," (Reply at 16), and whether such a Tribe has a legitimate claim of entitlement to enjoy the privilege, enjoyed by all other federally recognized tribes, of having their applications accepted and given consideration by the Secretary under § 151's criteria. The Secretary's refusal even to receive and consider an application from an Alaskan Tribe is plainly actionable as a violation of due process under the Fifth Amendment.

**CONCLUSION**

*Akiachak Native Community v. Dept. of Interior*                                                                 Page 12 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

For all of the foregoing reasons, Defendants' cross-motion for summary judgment should be denied and Plaintiffs' motion for summary judgment should be granted.

Respectfully submitted this 4th day of August, 2008.

s/ Heather Kendall Miller
Alaska Bar # 9211084
NATIVE AMERICAN RIGHTS FUND
801 B Street, Suite 401
Anchorage, Alaska 99501
Tel: (907) 276-0680
Fax: (907) 276-2466
Email: kendall@narf.org

s/ Andrew Harrington
Alaska Bar # 9106026
ALASKA LEGAL SERVICES CORPORATION
1648 South Cushman, Suite 300
Fairbanks, Alaska 99701
Tel: (907) 452-5181
Fax: (907) 456-6359
Email: aharrington@alsc-law.org

s/ Richard Guest
D.C. Bar No. 477572
NATIVE AMERICAN RIGHTS FUND
1712 N Street, N.W.
Washington, D.C. 20036
(202) 875-4166

Attorneys for Plaintiffs

*Akiachak Native Community v. Dept. of Interior*              Page 13 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment

Certificate of Service

The undersigned hereby certifies that on the 4th day of August, 2008, a true and correct copy of the Plaintiffs' Sur-Reply in the above-captioned case was served by electronic means upon the following:

Elizabeth Jeanne Barry     elizabeth.barry@alaska.gov

J. Anne Nelson     anne.nelson@alaska.gov, elizabeth.barry@alaska.gov, kimberley.prescott@alaska.gov, nr.ecf@alaska.gov

Daniel G. Steele     daniel.steele@usdoj.gov

Attorney for Defendants

                                          s/Heather Kendall Miller

*Akiachak Native Community v. Dept. of Interior*     Page 14 of 14
Plaintiff's Sur Reply in Response to Defendants' Reply in
Support of Defendant's Cross-Motion for Summary Judgment